FILED

Jofama Coleman,
V-27659, D4-137-U.,
CSATF/SP, Corcoran
State Prison,
Corcoran, California
93212

2010 MAR 31 AM 9:37

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV10-02343 AHM (RNB)

JOFAMA COLEMAN, ) Case NO._____
)
    Petitioner, ) Los Angeles County Superior
) Court No. YA059765; and the
-Vs- ) Court of Appeal, Second Appell-
) ate District No. B202597."
K. CLARK, Warden of CSATF )
at Corcoran State Prison, ) NOTICE OF MOTION AND MOTION TO
) STAY ADJUDICATION OF HABEAS COR-
    Respondent. ) PUS PETITION TO ALLOW PETITIONER
) TO PROPERLY EXHAUST UNEXHAUSTED
                                                  FEDERAL CLAIMS.

TO: THE HONORABLE PRESIDING CHIEF JUDGE AND THE MAGISTRATES OF

THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA)

    COMES NOW, JOFAMA COLEMAN, hereinafter referred to as peti-

tioner, complains of the Respondent, K. CLARK, Warden as above

designated, and for legal cause of action.

    Petitioner, Jofama Coleman, hereby files this motion seek-

ing an Order from this Honorable Court to Stay and hold in Abey-

1

ance--his petition for habeas corpus relief filed in conjunction with this motion. The basis of this request lies with the fact that this Honorable Court should dismiss "without prejudice" a "mixed" petition and allow the petitioner the chance to achieve complete exhaustion purposes (<u>Rhines -v- Weber</u>, 125 S.Ct. 1528, 1533 (2005) discussing holding in <u>Rose -v- Lundy</u>, 455 U.S. 509, 522; see also, <u>Olvera -v- Giurbino</u>, 371 F.3d 569, 573 (9th Cir. 2004).

In The present case, petitioner wishes to present claims to this Honorable Court that do indeed have Substantial merit, but have not yet been properly exhausted within the purview of <u>O'Sullivan -v- Boerckel</u>, 526 U.S. 838, 842 (1999). For example,

1) TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO INVESTIGATE AND ASSERT A CRUCIAL OR POTENTIALLY MERITORIOUS DEFENSE, SURROUNDING THE TIME PETITIONER ARRIVED AT THE BLOCKBUSTER VIDEO STORE.

2) TRIAL COUNSEL FAILED TO CONDUCT AN INVESTIGATION INTO THE PROSECUTIONS WITNESSES ABILITY TO SEE.

3) TRIAL COUNSEL FAILED TO PUT ON DEMONSTRATIVE EVIDENCE DURING TRIAL, OR REQUEST THAT THE JURY BE ALLOWED TO OBSERVE THE SITUATION UNDER THE SAME IDENTIFYING CIRCUMSTANCES AS EACH OF THE WITNESSES.

4) TRIAL COUNSEL FAILED TO FILE A PITCHESS MOTION.

5) TRIAL COUNSEL FAILED TO ATTACK THE CREDIBILITY OF CARLOS LOPEZ AND JESSE ROBLES WITH THE USE OF THEIR PAST ACTS OF CRIMINAL MISCONDUCT.

6) TRIAL COUNSEL FAILED TO OBJECT TO THE PROSECUTION CLAIMING THAT THE BLOCKBUSTER SECURITY TAPE WAS 6 MINUTES SLOW, AND FAILING TO OBJECT TO THE PROSECUTORS FALSE AND MISLEADING STATEMENTS.

7) TRIAL TO INTERVIEW PROSECUTION WITNESSES BEFORE TRIAL FOR ADEQUATE TRIAL PREPARATION.

8) TRIAL COUNSEL FAILED TO SECURE THE SERVICES OF AN INVESTIGATOR FOR FULL AND ADEQUATE INVESTIGATION AND TRIAL PREPARATION.

9) TRIAL COUNSEL FAILED TO SECURE THE SERVICES OF A "Psychologist," REGARDING THE PSYCHOLOGICAL FACTORS THAT GENERALLY

affect the accuracy of eyewitness identifications.

Petitioner contends that the list goes on concerning his ineffective assistance of trial counsel, including errors on the part of the trial judge and the prosecutor.

Cooper -v- Fitzharris, 586 F.2d 1325 (9th Cir. 1978), held that effective assistance of counsel means assistance within range of competence demanded of attorneys in criminal cases (Id.) at 1329). Cooper held that to fall below this standard defense counsel's errors or omissions must reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent criminal defense attorneys. (Id., at 1330.) It is well recognized that counsel cannot render effective assistance without having made an adequate investigation. W. Schwarzer Dealing with Incompetent counsel - The Trial Judge's Role, 93 Harv. L. Rev. 633 (1979) The Supreme Court enunciated this principle in the case of Powell -v- Alabama, 287 U.S. 45, 57-58 (1932)

However, the minimum investigation required is the pursuant of all obvious defenses. The Fourth Circuit imposed this requirement when it stated, Counsel must conduct appropriate investigation, both factual and legal, to determine if matters of defense can be developed, and to allow himself enough time for reflection and preparation for trial. In any case presenting an ineffective assistance claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances (Strickland, supra, 446 U.S. at p. 688.) The federal constitution gurantees a criminal defendant the right to effective assistance of counsel. The same standard applies whether

counsel is appointed or retained (<u>Cuyley -v- Sullivan</u>, 446 U.S. 335, 342-345 (1980); <u>People -v- Frierson</u>, 25 Cal.3d 142, 160-162 (1979) <u>McMann -v- Richardson,</u> 397 U.S. 759, 771 fn. 14 (1970).

As the Ninth Circuit has expressed, the Sixth Amendment right to counsel is meaningless if counsel is incompetent (see <u>United States -v- Tucker,</u> 716 F. 3d 576, 579 (9th Cir. 1983).

This motion is based on this Notice of Motion and on the discretion of the Court to hold petitioner's current petition in abeyance to allow petitioner to accomplish said exhaustion with the State Courts.

THEREFORE, Petitioner respectfully request this Court grant this motion and allow petitioner to exhaust lower court remedies.

DATED: March, 25. (2010)

Respectfully Submitted,

/s/ *Jofama Coleman*
Jofama Coleman,

Petitioner.

4

Jofama Coleman
PLAINTIFF/PETITIONER

VS

Ken Clark, Warden
DEFENDANT/RESPONDANT

CASE NO _____

PROOF OF SERVICE BY MAIL

I the undersigned, hereby declare:

(1) I am a citizen of the United States; (2) I am over the age of 18 years. I am a residence of Kings County, in California.

My mailing address is Post Office Box 5242 Corcoran, California 93212-5242.

On March 25, 2010, I served a true copy or original copy of the following; NOTICE OF MOTION AND MOTION TO STAY ADJUDICATION OF HABEAS CORPUS PETITION TO ALLOW PETITIONER TO PROPERLY EXHAUST UNEXHAUSTED FEDERAL CLAIMS.

by placing said document(s) in a sealed postage paid envelope into the CSATF/State Prison at Corcoran mail box for delivery to the United States Post Office at Corcoran, California, addressed as followed;

Jofama Coleman
C.D.C.R # V.27659
CSATF/State Prison @ Corcoran
P.O. Box 5242
Corcoran, Ca. 93212

by placing said document(s) in a sealed Interdepartmental envelope into the California CSATF Facility Legal Mailbox for inner-institutional delivery to the below listed person(s) at the following addresses;

Clerk of the United States District Court for the Central Dis. Of California; ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, Ca. 90012

And that this declaration was executed under the penalty of perjury at Corcoran, California 93212-5242, on March 25, 2010

Jofama Coleman
PRINTED NAME (DECLARANT)

Johama Coleman
SIGNATURE (DECLARANT)