1  EDMUND G. BROWN JR.
   Attorney General of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  PAMELA C. HAMANAKA
   Senior Assistant Attorney General
4  JASON C. TRAN
   Deputy Attorney General
5  DAVID E. MADEO
   Deputy Attorney General
6  State Bar No. 180106
    300 South Spring Street, Suite 1702
7   Los Angeles, CA  90013
    Telephone:  (213) 897-4925
8   Fax:  (213) 897-6496
    E-mail:  DocketingLAAWT@doj.ca.gov
9  *Attorneys for Respondent*

10

11                    **UNITED STATES DISTRICT COURT**

12                   **CENTRAL DISTRICT OF CALIFORNIA**

13

| **JOFAMA COLEMAN,** | CV 10-2343-AHM (RNB) |
|---|---|
| Petitioner, | **OPPOSITION TO PETITIONER'S REQUEST FOR STAY AND ABEYANCE** |
| **v.** | |
| **K. CLARK, Warden,** | The Hon. Robert N. Block |
| Respondent. | U.S. Magistrate Judge |

20       Pursuant to this Court's Order Re Further Proceedings filed April 5, 2010,

21  Respondent, Kathleen Allison,[1] Acting Warden of the California Substance Abuse

22  Treatment Facility and State Prison in Corcoran, California, hereby files this

23  Opposition to Petitioner's "Motion to Stay Adjudication of Habeas Corpus Petition

24  to Allow Petitioner to Properly Exhaust Unexhausted Federal Claims" ("Motion")

25  _____

26       [1] Respondent notes that Kathleen Allison is the Acting Warden of the
    California Substance Abuse Treatment Facility and State Prison in Corcoran,
27  California, where Petitioner is in custody.  Substitution of the proper custodian's
    name is authorized under Federal Rule of Civil Procedure 25(d).
28

                                    1

on the ground that the unexhausted claims do not relate back to the exhausted claims in the Petition.  Therefore, a stay would be futile.

WHEREFORE, Respondent respectfully submits that Petitioner's stay and abeyance motion be denied.

Dated:  May 4, 2010                          Respectfully submitted,

                                             EDMUND G. BROWN JR.
                                             Attorney General of California
                                             DANE R. GILLETTE
                                             Chief Assistant Attorney General
                                             PAMELA C. HAMANAKA
                                             Senior Assistant Attorney General
                                             JASON C. TRAN
                                             Deputy Attorney General


                                             **/s/ David E. Madeo**
                                             DAVID E. MADEO
                                             Deputy Attorney General
                                             *Attorneys for Respondent*

1  |  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  |  **PROCEDURAL HISTORY**

3    On March 31, 2010, Petitioner filed the instant Petition for Writ of Habeas

4  Corpus ("Petition"), alleging six claims:  (1) false evidence was introduced at trial

5  during an eyewitness's testimony; (2) Petitioner received ineffective assistance of

6  counsel when counsel failed to adequately investigate the eyewitness's testimony;

7  (3) the jury received prejudicial information during deliberations about Petitioner's

8  prior criminal history that had not been presented at trial; (4) the prosecutor

9  committed misconduct by placing inadmissible evidence about Petitioner's criminal

10  history before the jury; (5) the jury's inadvertent receipt of Petitioner's criminal

11  history constitutes jury misconduct; and (6) Petitioner received ineffective

12  assistance of counsel when counsel failed to object to the introduction of

13  Petitioner's criminal history.  (*See* Pet. at 5-6A, Attach. at 1-55.)

14    Concurrently with the Petition, Petitioner filed the Motion, requesting that a

15  stay of this proceeding be granted so that he could exhaust in the state courts nine

16  additional claims of ineffective assistance of counsel.  On April 5, 2010, this Court

17  ordered that Respondent "shall serve and file either opposition or a statement of

18  non-opposition to Petitioner's Motion to Stay" within thirty days.  For the reasons

19  set forth below, Petitioner's request for stay should be denied.

20

21  |  **ARGUMENT**

22  |  **I.    PURSUANT TO *KING V. RYAN*, A FULLY EXHAUSTED PETITION MAY BE STAYED ABSENT A SHOWING OF GOOD CAUSE**

23

24    In *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), the Ninth Circuit held that the

25  three-step procedure set forth in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002),

26  *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1183, 1149 (9th Cir.

27  2007), "remains available after *Rhines* and . . . that its availability is not premised

28  upon a showing of good cause."  *King v. Ryan*, 564 F.3d at 1140.  "Pursuant to the

1

1  *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted

2  claims; (2) the court stays and holds in abeyance the amended, fully exhausted

3  petition, allowing the petitioner the opportunity to proceed to state court to exhaust

4  the deleted claims; and (3) the petitioner later amends his petition and re-attaches

5  the newly-exhausted claims to the original petition." *Id*. at 1135.  That being said, a

6  petitioner "will be able to amend his unexhausted claims back into his federal

7  petition once he has exhausted them only if those claims are determined to be

8  timely." *Id*. at 1140-41.  A petitioner may amend his pending petition to add a new

9  claim "only if the new claim shares a 'common core of operative facts' with the

10  claim in the pending petition." *Id*. at 1141 (citing *Mayle v. Felix*, 545 U.S. 644,

11  659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005)).

12      As the Ninth Circuit explained in *King*, relation back cannot be based on the

13  mere fact that the petitioner attempted to include his newly exhausted claims in the

14  original petition.  *King v. Ryan*, 564 F.3d at 1142 (squarely rejecting argument that

15  "*Mayle* is satisfied so long as his new claims related to any of the claims that

16  appeared (properly or not) in the original petition").  Rather, "[t]he only sensible

17  interpretation of *Mayle* is that it requires new claims to relate back to claims

18  properly contained in the original petition – that is, those claims that were

19  exhausted at the time of filing." *Id*.  In other words, "*Mayle* requires a comparison

20  of a petitioner's new claims to the properly exhausted claims left pending in federal

21  court, not to any earlier version of the complaint containing claims subsequently

22  dismissed for failure to exhaust." *Id*.

23  **II.    THE INSTANT STAY AND ABEYANCE MOTION SHOULD BE DENIED BECAUSE THE ADDITIONAL CLAIMS DO NOT RELATE BACK TO THE**

24  **GROUNDS IN THE PETITION**

25      As set forth below, the additional claims in the Motion do not relate back to

26  the properly exhausted claims in the Petition.  Therefore, Petitioner's stay and

27  abeyance motion should be denied.

28

1    Under the AEDPA, a state prisoner ordinarily has one year from the date his
2    conviction becomes final to file a federal habeas corpus petition.  28 U.S.C. §
3    2244(d)(1)(A).  Petitioner was convicted of first degree murder, in violation of
4    California Penal Code section 187(a).  (1CT at 186-87.)[2]  Petitioner was sentenced
5    to twenty-five years to life in state prison.  (2CT at 302, 304.)  The California Court
6    of Appeal affirmed the judgment, and, on April 1, 2009, the California Supreme
7    Court denied review.  (LD D, K.)[3]  There is no indication in the record that
8    Petitioner filed a petition for writ of certiorari in the Supreme Court of the United
9    States.  Accordingly, Petitioner's judgment became final ninety days later, on June
10    30, 2009.  Therefore, absent tolling, the last date for Petitioner to file his federal
11    petition is June 30, 2010, one year after the judgment became final.  28 U.S.C. §
12    2244(d)(1)(A); *see Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

13    The period of limitation is tolled while a properly filed state post-conviction
14    petition is pending.  28 U.S.C. § 2244(d)(2).  However, the petitioner has the
15    burden of demonstrating that the limitation period was sufficiently tolled.  *Smith v.*
16    *Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

17    Petitioner filed a habeas petition in the California Court of Appeal on August
18    15, 2008.  (LD F.)  That habeas petition was consolidated with Petitioner's direct
19    appeal and denied on December 30, 2008.  (LD I.)  The claims presented in that
20    petition were presented to the California Supreme Court in Petitioner's second
21    petition for review, which was denied on April 1, 2009.  (LD L, M, N.)

22    On February 1, 2010, Petitioner filed a habeas petition in the California
23    Supreme Court, alleging one claim that the trial court erred in denying Petitioner's
24    discovery motion.  (LD O.)  That petition remains pending.  (*See* LD P.)

25    _____

26    [2] Copies of the Clerk's Transcript, prepared in connection with Petitioner's direct appeal, will be lodged concurrently with this Opposition under separate cover.
27    [3] "LD" refers to Lodged Documents filed concurrently with this Opposition under separate cover.

28

On March 29, 2010, Petitioner filed a second habeas petition in the California Supreme Court, alleging seven ineffective assistance of counsel claims and one prosecutorial misconduct claim.  (LD Q.)  That petition remains pending.  (*See* LD R.)

Thus, the period of limitation appears to be tolled presently, as the California Supreme Court considers Petitioner's state habeas petitions.  Further, depending upon whether Petitioner is entitled to interval, or "gap," tolling, and depending upon how the California Supreme Court rules on the pending state habeas petitions (e.g., if it rules on the merits or a procedural ground), Petitioner's limitation period may run out on his claims in the Motion.

However, Petitioner is not entitled to relation back because the additional claims in the Motion do not share a common core of operative facts with the exhausted claims in the Petition.  Under Federal Rule of Civil Procedure 15(c), a claim set forth in an amended habeas petition "relates back" to the date of filing of the original petition if the claims in the amended petition and the claims in the original petition share a "common core of operative facts" uniting the original and newly asserted claims.  An amended habeas petition does not relate back, and thus escape AEDPA's one-year time limit, if it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading.  *Mayle v. Felix*, 545 U.S. at 650.

Courts interpreting Rule 15(c) following *Mayle* have made it clear that claims do not share a "common core of operative facts" merely because they both allege the same legal theory of constitutional violation.  *United States v. Ciampi*, 419 F.3d 20, 24 (2d Cir. 2005) (ineffective assistance of counsel); *Laurore v. Spencer*, 396 F. Supp. 2d 59, 62-64 (D. Mass. 2005) (instructional error).  For example, in *Ciampi*, the Second Circuit rejected petitioner's argument that his new claim shared a "common core of operative facts" because both claims alleged ineffective assistance of counsel:

As the Supreme Court recently made crystal clear, *see Mayle*, 125 S. Ct. at 2570, a petitioner does not satisfy the Rule 15 "relation back" standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.  *See, e.g.*, *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000); [*United States v.*] *Duffus*, 174 F.3d [333,] 337 [(3d Cir. 1999)].

*United States v. Ciampi*, 419 F.3d at 24.

*Laurore v. Spencer*, 396 F. Supp. 2d 59, is also instructive.  In *Laurore*, a state prisoner filed a habeas petition, and later sought to add three new claims by amendment and to stay the proceedings pending his exhaustion of the new claims in state court.  *Laurore v. Spencer*, 396 F. Supp. 2d at 61-62.  The court set forth the three new claims as follows:

Laurore requests permission to exhaust three new claims so that he may add them to his petition.  First, he claims that the trial court erred in refusing to give an instruction on manslaughter over defense counsel's objection.   Second, he asserts that the trial court should have instructed the jury on the meaning of malice because his "mental impairment precluded the specific intent to commit murder."  Finally, he claims that he was "denied the assistance of counsel on direct appeal."

*Id*. at 63 (citations omitted).

As an initial matter, the court held that "Laurore's third new claim is easily dismissed" because "[a]t no point in his original or amended petitions did he assert any argument even remotely related to his appeal or his appellate counsel." *Laurore v. Spencer*, 396 F. Supp. 2d at 63.  The court then turned to Laurore's two new instructional error claims and held that despite the fact that the timely petition included two claims of instructional error, the two new claims did not relate back as

5

they were of "a distinctly different legal nature than the claim in the original petition":

> At first glance, it appears that these claims might relate to the third and fourth grounds for relief asserted in Laurore's amended petition, in that they all deal with allegedly defective jury instructions. Previously, Laurore has asserted that the trial court's jury instructions on the voluntariness of Laurore's statements to police were constitutionally defective because the court failed to instruct the jury that voluntariness must be proved beyond a reasonable doubt. Laurore's brief in his appeal to the Supreme Judicial Court suggests that this claim is based on his alleged mental impairment at the time of his interrogation by the police. In this respect, the new claims concerning jury instructions as to Laurore's inability to form the requisite intent required for the charged crimes might be sufficiently similar to allow relation back, in that all three claims rely on an alleged mental deficiency and the trial court's failure to present this issue to the jury.

> *Upon closer examination, however, this reasoning cannot prevail. Although all the claims relate to alleged defects in the jury instructions, the new claims are of a distinctly different legal nature than the claim in the original petition.* The new claims presumably rely on the Fourteenth Amendment and due process protections while the original claim is based on Laurore's Fifth Amendment privilege against self-incrimination. Therefore, the claims are not sufficiently similar in type.

*Id*. (emphasis added, citations omitted).

The court then found that the new claims could not be said to be an elaboration on any of the petitioner's timely claims:

> Further, Laurore's new claims cannot be seen as an attempt simply to "elaborate upon his earlier claims." [*United States v.*] *Hicks*[, 283 F.3d

380,] 388 [(D.C. Cir. 2002)].  As mentioned above, Laurore originally claimed that the jury should have been instructed to consider whether his interrogation was voluntary beyond a reasonable doubt.  The later claims – those involving the instructions on the capacity to form intent at the time of the murder – cannot be considered the logical outgrowth of the claim that an erroneous standard of proof was explained to the jury.  *See id*. ("[W]hile amendments that expand upon or clarify facts previously alleged will typically relate back, those that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously.").   An examination of Laurore's mental state at the time the crimes were committed is simply not the same as an examination of his mental state at the time of his interrogation.

Therefore, because Laurore's new claims are not sufficiently related in time and type to the claims in his amended petition, he may not further amend the petition to include these new claims.

*Laurore v. Spencer*, 396 F. Supp. 2d at 63-64.

In the instant case, Petitioner's Motion alleges nine claims of ineffective assistance, claiming that trial counsel:  (1) failed to "investigate and assert a crucial or potentially meritorious defense, surrounding the time Petitioner arrived at the Blockbuster video store"; (2) failed to investigate the witness's ability to see; (3) failed to "put on demonstrative evidence during trial, or request that the jury be allowed to observe the situation under the same identifying circumstances as each of the witnesses"; (4) failed to file a *Pitchess* motion; (5) failed to attack the credibility of Carlos Lopez and Jesse Robles with the use of their past criminal conduct; (6) failed to object to "the prosecution claiming that the Blockbuster security tape was six minutes slow," and to the prosecutor's false and misleading statements; (7) failed to "interview prosecution witnesses before trial for adequate trial preparation"; (8) failed to "secure the services of an investigator for full and

7

1  adequate investigation and trial preparation"; and (9) failed to secure the services of

2  a psychologist concerning the accuracy of eyewitness identifications. (Motion at 2-

3  3.)

4       Four of the six exhausted claims in the Petition (Claims Three through Six) are

5  based on totally separate facts, as they concern the jury's inadvertent receipt of

6  Petitioner's prior criminal history during deliberations: Claim Three, receipt of

7  prejudicial information by the jury; Claim Four, prosecutorial misconduct; Claim

8  Five, jury misconduct; and Claim Six, ineffective assistance of counsel for failing

9  to object to the receipt of information. (*See* Pet. at 6-6A, Attach. at 1-55.) Thus,

10  none of Petitioner's nine new ineffective assistance of counsel claims "relate back"

11  to any of these four original claims in the Petition.

12       Claim One in the Petition alleges that false evidence was introduced at trial

13  when an eyewitness testified that she saw Petitioner as the driver during the

14  commission of the crime even though there were "big vehicles . . . blocking her

15  view." (*See* Pet. at 5, Attach. at 1-55.) Claim Two in the Petition alleges that

16  Petitioner received ineffective assistance of counsel when counsel failed to

17  adequately investigate this testimony and present evidence that it would have been

18  impossible for this witness to see the driver. (*See* Pet. at 5, Attach. at 1-55.)

19       Out of the nine new ineffective assistance of counsel claims identified in the

20  Motion, seven of the claims concern entirely distinct operative facts from Claims

21  One and Two in the Petition and in no way relate back to either claim. (*See* Motion

22  at 2.) The remaining two new ineffective assistance of counsel claims – failure to

23  conduct an investigation into the prosecution witness's ability to see, and failure to

24  put on demonstrative evidence during trial – are only vaguely relatable to Claims

25  One and Two of the Petition. It is unclear whether Petitioner's failure-to-

26  investigate claim is the same claim as Claim Two, in which case it would likely be

27  procedurally defaulted, or concerns a different aspect of the witness's testimony, in

28  which case it fails to relate back to the specific subject of Claims One or Two.

1  Petitioner's failure-to-put-on-evidence claim also does not relate back directly to

2  either claim in the Petition.

3       Thus, each new ineffective assistance of counsel claim in the Motion is based

4  upon different facts and raises different legal theories from the exhausted claims in

5  the Petition. *See Hebner v. McGrath*, 543 F.3d 1133, 1137-39 (9th Cir. 2008)

6  (admission of propensity evidence claim and claim regarding instructions given to

7  jury regarding that same propensity evidence did not share a common core of

8  operative facts because instructional claim "was 'separated in time and type'" from

9  admission of evidence claim: "[H]ere, there are two discreet occurrences . . . the

10 admission of evidence during trial and the instructions charged to the jury after the

11 close of evidence.  The two claims depend upon separate transactions and do not

12 share a common core of operative fact").

13      Accordingly, the additional new ineffective assistance of counsel claims in the

14 Motion do not relate back to the exhausted claims in the Petition.  Therefore, while

15 the procedure set forth in *Kelly* is available absent a showing of good cause, in the

16 instant case the stay and abeyance application should be denied because, to the

17 extent that the one-year statute of limitations may have expired by the time

18 Petitioner seeks to amend, the additional claims in the Motion cannot be amended

19 back into the Petition after they are exhausted.

20      / / /

21      / / /

22      / / /

23      / / /

24      / / /

25      / / /

26      / / /

27      / / /

28      / / /

1

## CONCLUSION

2        For the foregoing reasons, Respondent respectfully requests that Petitioner's

3  stay and abeyance motion be denied.

4  Dated:  May 4, 2010                   Respectfully submitted,

5                                   EDMUND G. BROWN JR.
Attorney General of California

6                                   DANE R. GILLETTE
Chief Assistant Attorney General

7                                   PAMELA C. HAMANAKA
Senior Assistant Attorney General

8                                   JASON C. TRAN
Deputy Attorney General

9

10

11                               **/s/ David E. Madeo**
DAVID E. MADEO

12                               Deputy Attorney General
*Attorneys for Respondent*

13  LA2010501376

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **Jofama Coleman v.**        No.   **CV 10-2343-AHM (RNB)**
             **K. Clark, Warden**

I hereby certify that on <u>May 4, 2010,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION TO PETITIONER'S REQUEST FOR STAY AND ABEYANCE**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>May 4, 2010,</u> I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Jofama Coleman**
**CDC # V-27659**
**California Substance Abuse Treatment Facility**
**and State Prison**
**P.O. Box 5242**
**Corcoran, CA 93212**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>May 4, 2010</u>, at Los Angeles, California.

_____            _____
    Bernard M. Santos                              Signature
        Declarant

50624642.doc