I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
~along w/L.R 15-1 & 15-2~
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~ALL COUNSEL~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 5/7/2010

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY - 7 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOFAMA COLEMAN,<br><br>          Petitioner,<br><br>      vs.<br><br>KATHLEEN ALLISON, Acting Warden,<br><br>          Respondent. | Case No. CV 10-2343-AHM (RNB)<br><br>ORDER CONDITIONALLY GRANTING PETITIONER'S MOTION TO STAY ADJUDICATION OF HABEAS CORPUS PETITION |

Based on its review of respondent's opposition to petitioner's "Motion to Stay Adjudication of Habeas Corpus Petition to Allow Petitioner to Properly Exhaust Unexhausted Federal Claims," the Court has decided to relieve petitioner of the responsibility of filing a reply.

Even if the Court were inclined to concur with respondent that, for statute of limitations purposes, the nine additional ineffective assistance of trial counsel claims that petitioner indicated in his Motion he wants to raise herein do not relate back to the exhausted claims alleged in the Petition, it would not follow that a stay would be futile.

---

[1]    Kathleen Allison is substituted in as the respondent per Fed. R. Civ. P. 25(d). The clerk is directed to make the appropriate correction on the docket sheet.

Respondent does not contend that any of petitioner's unexhausted ineffective assistance of counsel claims currently is time barred. According to respondent, the one-year limitation period did not commence running until June 30, 2009. Consequently, when petitioner filed the first of his two pending California Supreme Court habeas petitions on February 1, 2010, five months of the limitation period still remained.

Respondent concedes that "the period of limitations appears to be tolled presently." Accordingly, unless the California Supreme Court expressly denies both pending habeas petitions for untimeliness, petitioner will have five months from the denial of those petitions to amend his pending federal habeas petition to add any of the newly exhausted claims that currently are pending before the California Supreme Court.

While it is conceivable that, by the time petitioner seeks leave to amend his pending federal habeas petition, the limitations period **may** have run with respect to one or more of the claims that petitioner seeks leave to add, it cannot be said at this time with certainty that a stay would be futile. Nor does it make any difference that petitioner's currently pending California Supreme Court habeas petitions do not include all nine of the ineffective assistance of counsel claims that petitioner indicated in his stay-and-abeyance motion he wants to raise herein. Since the limitation period still has nearly two months to run, petitioner still has time to either add those claims to one of his pending California Supreme Court habeas petitions or file a new California Supreme Court habeas petition that includes those claims.

Accordingly, the Court has decided to exercise its discretion under Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007) with respect to petitioner's stay-and-abeyance motion, by granting it on the following conditions:

1.    Within fourteen (14) days of the service date of this Order, if petitioner has not already done so, he shall present all of the

2

unexhausted claims that he wants to raise herein to the California Supreme Court, either by adding those claims to one of his pending California Supreme Court habeas petitions or by filing a new California Supreme Court habeas petition that includes those claims.

2.    Within twenty-one (21) days of the service date of this Order, petitioner shall file a notice with the Court advising that he has complied with the foregoing condition.

3.    Assuming petitioner does not obtain habeas relief from the California Supreme Court, the Petition shall be held in abeyance until thirty (30) days after the California Supreme Court issues its order(s) denying petitioner's habeas petition(s).  Within that period of time, petitioner shall file a motion to amend his federal habeas petition to add his newly exhausted claims.  The motion to amend shall be made in strict compliance with Local Rules 15-1 and 15-2 (copies of which the clerk is directed to send petitioner concurrently with the service of this Order).

4.    The Court's granting of petitioner's stay-and-abeyance motion is without prejudice to respondent opposing petitioner's motion to amend on the ground that one or more of the claims that petitioner is seeking to add is time barred.

DATED:  May 6, 2010

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

3