Jofama  Coleman
NAME

V. 27659
PRISON IDENTIFICATION/BOOKING NO.

CSATF/ State Prison @ Corcoran;
P.O. Box 5242; Corcoran, CA. 93212
ADDRESS OR PLACE OF CONFINEMENT

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

OCT 12 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Jofama Reo Coleman
FULL NAME (Include name under which you were convicted)
                                              Petitioner,

v.

Kathleen Allison, warden
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER
                                              Respondent.

CASE NUMBER:

CV  10-2343-AHM (RNB)
To be supplied by the Clerk of the United States District Court

XX _____ AMENDED

PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION L.A County, Superior Ct.
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV  10-2343-AHM (RNB)
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

6. When you have completed the form, send the original and two copies to the following address:
    Clerk of the United States District Court for the Central District of California
    United States Courthouse
    ATTN: Intake/Docket Section
    312 North Spring Street
    Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING: *(Check appropriate number)*

This petition concerns:
1. **XX** a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

### PETITION

1. Venue
   a. Place of detention  **CSATF/State Prison @ Corcoran ; P.O. Box 5242**
   b. Place of conviction and sentence **Torrance Superior Court in Los Angeles**

2. Conviction on which the petition is based *(a separate petition must be filed for each conviction being attached)*.
   a. Nature of offenses involved *(include all counts)*: **187(a), First degree Murder**



   b. Penal or other code section or sections: **187(a)**



   c. Case number: **YA059765**
   d. Date of conviction: **April, 26, 2006**
   e. Date of sentence: **August, 16, 2007**
   f. Length of sentence on each count: **25 years to Life**

   g. Plea *(check one)*:
      **XX** Not guilty
      ☐ Guilty
      ☐ Nolo contendere

   h. Kind of trial *(check one)*:
      **XX** Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   **XX** Yes ☐ No
   If so, give the following information for your appeal *(and attach a copy of the Court of Appeal decision if available)*:
   a. Case number: **B202597**
   b. Grounds raised *(list each)*: **Jury Misconduct, Due to improper exposure of the**
   (1) **jury to petitioner's prior criminal history.**

evidence of prior arrest and criminal history was inadmissible evidence because it was more prejudicial than probative.

(3) Prosecution Misconduct

(4) Ineffective Assistance of Counsel

(5) Denied Constitutional Right to Fair and Impartial Jury.

(6) Violation of Constitutional Right to Due Process of Law.

c. Date of decision: December, 30, 2008

d. Result: Affirmed.

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☒ Yes  ☐ No

If so give the following information (and attach copies of the Petition for Review and the Supreme Court ruling if available):

a. Case number: S170438 (consolidated with petition)

b. Grounds raised (list each):

(1) Jury Misconduct

(2) Prosecution Misconduct

(3) Denied Constitutional Right to Fair and Impartial Jury.

(4) Denied Constitutional Right to Due Process of Law.

(5) Ineffective Assistance of Counsel.

(6) Introduction of "False Evidence", violating Due Process Right.

c. Date of decision: April, 1. 2009

d. Result: Petition for Review was denied

5. If you did not appeal:

a. State your reasons  N/A

b. Did you seek permission to file a late appeal?  ☐ Yes  ☐ No  N/A

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☒ Yes  ☐ No

If so, give the following information for each such petition (use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available):

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254.

CV-69 (04/05)                                                                Page 3 of 10

a. (1) Name of court: Court of Appeal, 2nd Appellant Dist., Division 7

(2) Case number: B210118 (was consolidated with direct Appeal)

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): August, 15.2008

(4) Grounds raised (list each):

(a) Violation of Constitutional Right to Due Process of Law

(b) Violation of Constitutional Right to Fair Trial

(c) Ineffective Assistance of Counsel

(d) Introduction of False Evidence, violating Due Process.

(e) _____

(f) _____

(5) Date of decision: December, 30. 2008

(6) Result: Petition summarily denied

(7) Was an evidentiary hearing held?  ☐ Yes  ☒ No

b. (1) Name of court: California Supreme Court, San Francisco

(2) Case number: S179973

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): Feburary, 1. 2010

(4) Grounds raised (list each):

(a) Trial Court errored in denying Post-conviction discovery

(b) _____

(c) _____

(d) Violation of Constitutional Right to Due Process, by

(e) not permitting        disclosure of Evidence.

(f) _____

(5) Date of decision: September, 15. 2010

(6) Result: denied

(7) Was an evidentiary hearing held?  ☐ Yes  ☒ No

c. (1) Name of court: California Supreme Court, San Francisco

(2) Case number: S181403

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): March, 29. 2010

(4) Grounds raised (list each):

(a) Ineffective Assistance of counsel

(b) Prosecution Misconduct

(c) _Petitioner was entitled to bifurcation of trial._

(d) _____

(e) _____

(f) _____

(5) Date of decision: _September, 15, 2010_

(6) Result _Denied_

(7) Was an evidentiary hearing held?    ☐ Yes    ☒ No

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

CAUTION:    *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

a. Ground one: _Petitioner was denied his Const. Right to Due Process due to the denial of Post Conviction Discovery, by trial Court._

(1) Supporting FACTS: _____
_____(SEE PETITION ENCLOSED DUE TO_____
_____LIMITED SPACE)_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☒ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☒ Yes    ☐ No

b. Ground two: _Ineffective Assistance of Counsel, for failing to investigate and assert a crucial or potentially meritorious defense_

(1) Supporting FACTS: _TRIAL COUNSEL FAILED TO DISCOVER WHAT TIME PETITIONER ARRIVED AT THE VIDEO STORE HE HAD GONE, failed to discover whome petitioner was with, failed to call an expert Psychologist, failed to put on demonstrative evidence, (see enclosed writ)._

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☒ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?     ☒ Yes     ☐ No

c.  Ground three:  **Prosecution Misconduct**

(1) Supporting FACTS:  The prosecution made false and/or misleading statements during trial and closing arguements, and failed to correct the false and/or misleading statements, (see writ enclosed).

(2) Did you raise this claim on direct appeal to the California Court of Appeal?     ☐ Yes     ☒ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?     ☐ Yes     ☒ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?     ☒ Yes     ☐ No

d.  Ground four:  "Cumulative" effect of the Errors denied Petitioner of Right to Due Process and a Fair Trial.

(1) Supporting FACTS:

(SEE ENCLOSED WRIT)

(2) Did you raise this claim on direct appeal to the California Court of Appeal?     ☐ Yes     ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?     ☐ Yes     ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?     ☐ Yes     ☐ No

e.  Ground five:  ~~claim~~ Ineffective Assistance of Counsel

(1) Supporting FACTS:  Counsel failed to adequately investigate the facts and law to motion the court to exclude M. Renteria's and C. Lopez's in court identification, as will as Segundo's. (SEE ENCLOSED WRIT)

(2) Did you raise this claim on direct appeal to the California Court of Appeal?     ☐ Yes     ☒ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?     ☐ Yes     ☒ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?     ☒ Yes     ☐ No

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____
_____
_____

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes    ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: United States Dist. Court, Central Dist. California.

(2) Case number: CV-10-2343-AHM (RNB)

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: March, 31, 2010

(4) Grounds raised *(list each)*:

(a) Ineffective Assistance of Counsel

(b) Prosecution Misconduct

(c) Due Process Violation

(d) Introduction of False Evidence

(e) Violation of Right to Fair Trial

(f) Violation of Right to Fair and Impartial Jury.

(5) Date of decision: Motion For Stay Granted, Petitioner now Returning

(6) Result _____
N/A

(7) Was an evidentiary hearing held?    ☐ Yes   ☐ No   N/A

b. (1) Name of court: N/A

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____ N/A _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?    ☐ Yes    ☑ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?    ☑ Yes    ☐ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _U.S. District Court, Central Dist of California_

(2) Case number: _CV-10-2343-AHM (RNB)_

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _March, 31. 2010_

(4) Grounds raised *(list each)*:

(a) _Ineffective Assistance of Counsel_

(b) _Prosecution Misconduct_

(c). _Due Process Violation_

(d) _Introduction of False Evidence_

(e) _Violation of Right to Fair Trial_

(f) _Violation of Right to Fair and Impartial Jury._

11. Are you presently represented by counsel?    ☐ Yes    ☑ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _October 7-10_          *Jafama Coleman*
                Date                    *Jafama Coleman*
                                        *Signature of Petitioner*

Jofama Coleman,
CDC No. V-27659,
D-4-137-U.,
CSATF/State Prison
at Corcoran,
P.O. Box-5242
Corcoran, California

93212

IN AND FOR THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOFAMA COLEMAN,<br><br>       Petitioner,<br><br>       -v-<br><br>KATHLEEN ALLISON,<br>Warden of CSATF, at<br>Corcoran State Prison,<br><br>       Respondent. | Related Case No. CV-10-2343 AHM(RNB)."<br><br>AMENDED PETITION FOR WRIT OF HABEAS CORPUS. |

TO: THE HONORABLE MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT, IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA:)

    COMES NOW, JOFAMA COLEMAN, hereinafter referred to as petitioner complains of Respondent, KATHLEEN ALLISON, Warden as above designated, and for legal cause of action.

    Petitioner is confined and restrained of his liberty in violation of his constitutional rights, which will hereinafter be set forth.

    This amended petition for writ of habeas corpus is brought

1  by petitioner following the September 15, 2010 denial of his pe-

2  titions' by the Supreme Court (Case numbers: S179973 and S181403)

3  and after this court granted petitioner's motion to stay adjudi-

4  cation of habeas corpus in case No. CV-10-2343 AHM (RNB). Howe-

5  ver, petitioner now returns to this Court to amend his petition.

6      This petition concerns Constitutional violations, in which

7  currently goes uncorrected. Petitioner's 5th, 6th, and 14th Ame-

8  ndment's to the U.S. Constitution were violated, in which will

9  be set forth in the points and authorities herein.

10                     STATEMENT OF FACTS

11     On May 10, 2003, Jose Robles was shot and killed around

12  9:00 p.m. (at night), on 101 St Street in Los Angeles a few ho-

13  uses west of his home (2 RT. 937, 938, 945).

14     Four witnesses identified petitioner as the driver envolved

15  in the crime (5 RT. 2760-2761). Petitioner was convicted based

16  solely on eyewitness testimony--afterwhich, petitioner was repr-

17  esented on Appeal by Patricia Ihara (attorney). After being den-

18  ied on appeal, and after the filing of a petition for Review in

19  which was ultimately denied; Appellate counsel sent petitioner

20  the trial transcripts and the investigation file of trial coun-

21  sel, which consisted of police reports, police notes, and pho-

22  tos. The file was sent by appellate counsel through priority

23  mail on or about February 12, 2009 (See Exhibit "Y", letter from

24  appellate counsel).

25     Once petitioner received the above record, petitioner began

26  his own investigation. However, it was discovered that several

27  prosecution witness interviews were recorded, and that the reco-

28

p. 2

1  rdings were not apart of the record petitioner had received. Nor

2  was any of the recordings ~~that were~~ introduced during trial. Ho-

3  wever, it was and is believed that trial counsel did not have

4  any of the recordings. to carry-out an effective investigation

5  in preparation for the filing of a petition, however, petitioner

6  sought to obtain discovery (See Exhibit's: "V, W, & X, 1-3), the

7  request was sent to trial counsel on or about January 13th,

8  2009.

9      Several times following petitioners' request, the petitio-

10  ner attempted to contact trial counsel by phone, but was not su-

11  ccessful in any of his attempts (See Exhibit "Z"). Petitioner

12  also sought to obtain the needed discovery from the district

13  attorney's office, but never received a response. The discovery

14  request was excuted by mail on January 13th, 2010 (See Exhibit

15  W & X  attached hereto).  After being unable to obtain the nee-

16  ded and relevant discovery for adequate investigation and prep-

17  aration for the filing of a petition for writ of habeas corpus,

18  petitioner motioned the trial court for an order of discovery,

19  which was executed December 1, 2009 (see Exhibit AA,  motion

20  requesting order of discovery). Shortly after December 23, 2009,

21  petitioner received notice that the motion requesting discovery

22  was denied (see Exhibit BB attached hereto). The court took the

23  position that petitioner did not make a request for discovery

24  to defense counsel or the prosecutor (Exhibit BB), however, pe-

25  titioner did in fact seek a request to defense counsel and the

26  prosecutor as well as the prosecution's office (See Exhibit V,

27  W, X, 1-3) The court also took the position that petitioner pr-

28

p.3

1  esented no authotity or reason for it's court to compel such dis-
2  covery, however, petitioner did in fact present authority and
3  reason for the court to compel such discovery (See Exhibit AA,
4  (motion to trial court seeking discovery)).

5      After being unable to obtain the needed discovery for effe-
6  ctive preparation and representation, petitioner filed a petiti-
7  on for writ of habeas corpus challenging the trial court's deni-
8  al for post-conviction discovery, (Petition filed February 1,
9  2010), see Supreme Court case number S179973.

10     On June 7, 2010, petitioner filed a letter brief to consol-
11  idate additional points and authorities in support of relief
12  (see Exhibit CC attached hereto.) The petition was denied Septe-
13  mber 15, 2010 (See Exhibit DD). Thus, petitioner now seeks rel-
14  ief through this court. Due to an ongoing investigation, review-
15  ing the police reports, trial transcripts, and seeking to obta-
16  ine post conviction discovery, petitioner filed his case when
17  it was filed. The investigation is presently incomplete due to
18  being unable to obtain post-conviction discovery, which is why
19  this court's intervention is necessary.

20     While conducting an "ongoing investigation," petitioner was
21  able to obtain a copy of the Block-buster Surveillence Security
22  Tape that was in evidence, the Superior court granted appellate
23  counsel's motion seeking the tape, (February 20, 2009)(See Exhi-
24  bit J 1). While continuing the investigation, petitioner had the
25  video tape sent to an expert in order to discover what time pet-
26  itioner arrived at the video store. On April 20, 2009, the video
27  expert demultiplexed the security tape and discovered that peti-
28

p.4

1  tioner had arrived at 9:25 p.m. (See Exhibit K-1). The D.V.D's

2  were then sent to appellate counsel who then sent them to petiti-

3  oner through confidential legal mail (See Exhibit Y-2). Petitio-

4  ner continued to investigate this matter by personally viewing

5  the D.V.D's that were demultiplexed by the expert, for the purp=

6  ose of putting together a declaration stating who was with peti-

7  tioner and the exact time of arrival, which was on July 17, 2009

8  (See Exhibit L.)

9       Petitioner then had to investigate and research the laws

10  applicable to his discovered facts. Facts in which were discove-

11  red "after" the close reading of the trial transcripts, police

12  notes, and police reports, in which were not received/obtained

13  until after appellate counsel sent them to petitioner (after co-

14  unsel was no-longer representing petitioner), shortly after Feb-

15  ruary 12, 2009 (See Exhibit "Y"). Facts in which includes infor-

16  mation in the police reports, such as the windows of the suspe-

17  cts van were "continuously described as being tinted," as well

18  as additional facts that are included in this petition.

19       After conducting an ongoing investigation (which is still

20  incomplete), and after researching and investigating the laws

21  applicable to the discovered facts, petitioner filed a state pe-

22  tition in the California Supreme Court on March 29, 2010, which

23  was ultimately denied on September 15, 2010.

24       However, petitioner challenges validity of his prior arrest

25  and criminal history,petitioner was entitled to bifurcation of

26  trial,which would have prevented the jury from being given bad

27  character evidence unless it first found him guilty of charged

28  offense.This caused prejudice to petitioner at his jury trial.

p. 5

1    Unitary procedure in which jury may be either permitted to read

2  information about prior bad acts or be advised of such prior bad

3  acts before it finds petitioner guilty of charged offense, though

4  previously accepted in California, needlessly exposed petitioner to

5  serious potential prejudice by revealing his prior criminality with-

6  out advancing any legitimate state interest. West's Ann.Const. Art.

7  1, §§ 15, 16.

8    In murder prosecution wherein petitioner challenges validity of

9  evidence of police information about petitioner's arrest on April 6,

10  2003. It states that petitioner was charged with (1) receiving known

11  stolen property valued over $400; (2) two counts of carrying a loaded

12  firearm; and (3) carrying a concealed weapon in a vehicle with a

13  prior felony conviction. This evidence was, for most part, inadmiss-

14  ible and gave prosecutor opportunity to brand petitioner "a profess-

15  ional crook." West's Ann.Const. Art. 1, §§ 15, 16.

16    In murder prosecution wherein petitioner challenges validity of

17  evidence of petitioner's prior arrest and criminal history having

18  been inadvertently given to the jury before it found him guilty of

19  charged offense, the trial court should have given petitioner a bif-

20  urcated proceedings, since proof of prior bad acts was unrelated to

21  substantive issue of guilt and affected only penalty imposed, yet,

22  before reaching verdict on murder, jury was permitted to read detai-

23  led evidence of petitioner having suffered five previous bad acts

24  including one felony conviction, three of them involving a firearm,

25  while at the same token, the substantive offense involved use of a

26  firearm because the victim was shot and killed; unitary procedure

27  was unnecessarily prejudicial and deprived petitioner of due process

28

p. 6

rights to fair trial secured by California Constitution. West's Ann. Const. Art. 1, § 15.

In murder prosecution wherein petitioner challenges validity of the improper exposure of the Jury to petitioner's prior criminal history and arrest record, and the trial court failed/or refused to bifurcate proceedings, and the limiting instructions, such as were given, did not eliminate risk of prejudice. West's Ann.Const. Art. 1, § 15.

Bifurcated procedure for determining guilt and separate issue of enhanced punishment, whereby same jury determines both issues separately, is considered fairest, most desirable procedure, because it combines efficiency, adequate notice to petitioner and due regard for right to jury trial with lack of prejudice to petitioner. West's Ann.Const. Art. 1, §§ 15, 16.

Under bifurcated procedure whereby same jury determines issues of guilt and enhanced punishment separately, prior bad acts and/or prior convictions are alleged in latter part of information, which is not read to jury unless it first finds petitioner guilty of charged offense, then jury is read allegations of prior bad acts, prior convictions, or other wise evidence thereon is presented and jury determines validity of such prior bad acts. West's Ann.Const. Art. 1, §§ 15, 16.

Bifurcated trial whereby same jury determines issues of guilt and enhancement of punishment separately would carry out intent of legislature to impose greater penalties upon recidivists who have failed to respond to prior conviction or prior bad acts without subjecting those challenging their recidivist status to unnecessary

p.7

1    prejudice. West's Ann.Const. Art. 1, §§ 15, 16.

2        Statutory scheme providing for charging, trying and finding of

3    previous felony arrests, convictions, prior prison term(s) does not

4    mandate unitary procedure in which jury may be supplied with docume-

5    ntation of prior bad acts or informed of prior bad acts, including

6    prior convictions, before they determine guilt, nor is judicial con-

7    venienience or economy promoted thereby. West's Ann. Pen. Code, §§

8    969, 1025, 1093, 1158.

9        Detailed procedure for charging, trying and finding of previous

10   felony convictions established by statutes serves to provide safegu-

11   ard of value to accused against improper increased punishment. See,

12   West's Ann.Pen. Code, §§ 969, 1025, 1093, 1158.

13       Bifurcated procedure whereby same jury determines issues of

14   guilt and enhancement of punishment separately would be at least as

15   economical of court time as unitary practice, since such procedure

16   does not offend any principle of orderly procedure nor tend to delay

17   justice, in fact it might well expedite justice, for if petitioner

18   had been acquitted on substantive charge, there would have been no

19   occasion to take time to present evidence of prior criminal history.

20   West's Ann.Const. Art. 1, §§ 15, 16.

21       Under unitary procedure whereby jury was not only informed, but

22   given documentation of petitioner's prior arrest record as well as

23   his prior conviction before they determined petitioner's guilt of

24   crime charged, petitioner was forced without an opportunity to cho-

25   ose between equally unappealling alternatives of admitting prior

26   arrest record and prior conviction and losing his opportunity to

27   contest their validity or denying them and being faced with certai-

28

                                    p. 8

1  nty that state will attempt to prove them at trial, subjecting him

2  to resulting prejudice.

3      Unitary procedure whereby jury was supplied with documentation

4  of petitioner's prior criminal history as well as his prior convic-

5  tion before determining his guilt on crime charged and it could not,

6  and cannot be reconciled with protections otherwise accorded defend-

7  ants against potential prejudice resulting from supplying the jury

8  with documentation of petitioner's prior criminal activity. West's

9  Ann.Const. Art. 1, §§ 15, 16.

10     Petitioner contends that he was not given an opportunity to

11  either plead guily or not guilty to his prior criminal history and

12  a jury trial thereof should not be waived, petitioner was entitled

13  to bifurcated proceeding wherein jury is not supplied with documen-

14  tation of his prior criminal history, either through allegations in

15  charge, documentation among other exhibits, nor any other form of

16  introduction of evidence of his prior bad acts until the jury has

17  found petitioner guilty. West's Ann. Const. Art. 1,§§ 15, 16.

18     Although there are case laws on the books requiring bifurcated

19  proceeding whenever defendants pleads not guilty of prior conviction

20  and a jury trial thereof is not waived would only be prospective in

21  its operation, application of unitary procedure to petitioner resu-

22  lted in such prejudice that it constituted abuse of discretion and

23  operated to deny due process where, not only was petitioner portra-

24  yed in argument by prosecutor as professional crook, but, in case

25  where his credibility was crucial to his defense, his credibility

26  was impeached (without him having testified in his own behalf) by

27  evidence of prior arrest record, and prior conviction which would

28

p. 9

1  otherwise have been excluded on grounds of being not relevant to de-

2  termination of credibility. West's Ann.Const. Art. 1, §§ 15, 16;

3  U.S.C.A. Const. Amends. 5, 14.

4      Petitioner contends that after the verdict, but before the sen-

5  tencing hearing, in a letter responding to the court's post-verdict

6  follow-up letter to the jurors, Juror No. 5 informed the court that

7  several jurors had looked at an exhibit that contained information

8  about petitioner's prior arrest during deliberations. She was not

9  sure this was proper. (3AugRT H4-5; 4AugRT L7-8;2CT 229.) Exhibit

10 No. 3, is an 8 1/2 x 11 inches sheet of paper with petitioner's boo-

11 king photo on the right half of the page and police information

12 about an arrest on the left half of the page. (Att. 1.) The page was

13 folded in half with the booking photo on the front and the arrest

14 information on the back. The booking photo was admitted into evide-

15 nce; the parties had agreed the arrest information would be removed.

16 However, the entire page was sent in to the jury room. (AugRT L-10.)

17      The trial court held individual hearings with eleven jurors to

18 inquire about their exposure to the arrest information and whether

19 it had been discussed. (2CT 200-206, 4AugRT L1-P5.) One juror had

20 pointed out the arrest information to other jurors. (4AugRT L12,M18-

21 19.) One juror heard another juror comment that it should not be

22 considered. (4AugRT L12, N12.) Several jurors saw the arrest record

23 and understood it meant that petitioner had a prior criminal history.

24 (4AugRT L12, 16, 18, N3, 6-9, 11-12.) The foreperson did not remem-

25 ber either seeing the arrest information or any discussion about it.

26 No one had brought it to his attention. (4AugRT O8-1O.)

27      In addition to the charge of first degree murder, the document-

28

P.10

1  ation received in the jury room contained information alleging that

2  petitioner had suffered (1) receiving known stolen property valued

3  over $400; (2) two counts of carrying a loaded firearm; and (3) car-

4  rying a concealed weapon in a vehicle with a prior felony conviction.

5       Petitioner, who pled not guilty and was not given an opportun-

6  ity to either admit or deny the allegations of the prior arrest rec-

7  ord nor the prior conviction, and was not advised by his defense co-

8  unsel, the prosecutor, or the court that he could bifurcate the

9  trial on the issues of guilt and the validity of his prior criminal

10 history on the ground that it would be "highly prejudicial to let

11 the same jury determine the truthfulness of the prior history...at

12 the same trial." (Italics added.) The trial counsel did not file any

13 motion for a separate trial on the prior criminal history because

14 the parties had agreed the arrest information would be removed from

15 the "vast array" of exhibits.

16      Pursuant to this erroneous conduct, the entire ducumentation

17 containing the complete information, including the allegation of the

18 one prior conviction, was supplied to the jury at the commencement

19 of the trial. The prosecutor then proceeded to present all the evid-

20 ence relating mainly to petitioner's guilt on the substantive offe-

21 nse but not the prior criminal acts before any verdicts were taken.

22 Documentation containing information evidence datailed the nature of

23 each of the prior bad acts.

24      The jury found petitioner guilty of first degree murder without

25 making any findings concerning his prior criminal history.

26      Petitioner contends that the court erroneously failed/refused

27 to (1) to bifurcate the proceedings; (2) failed to give petitioner

28                          p.11

a choice whether to admit or deny the prior criminal history; (3)

failed to give petitioner a choice whether to choose a jury trial or

court trial on the prior criminal history; (4) failed to inform pet-

itioner that uncharged offenses would be used in a unitary trial

against him; (5) failed to inform petitioner that he would more

likely be found guilty than not by the prior bad acts being given to

the jury before it finds him guilty on the substantive offense; (6)

failed to inform petitioner that he would be prejudiced in the

initial determination of the issue of guilt by his prior criminal

history being given to the jury before it finds him guilty on the

substantive offense; (7) the trial court failed to acknowledge that

evidence of petitioner's prior arrest and criminal history was inad-

missible because it was more prejudicial than probative;: (8) the

trial court failed to acknowledge that the error was prosecutorial

misconduct; (9) the trial court failed to acknowledge that the error

was a denial of petitioner's constitutional right to an impartial

jury and to due process of law; (10) the trial court erroneously

found no juror misconduct or indication of actual bias or prejudice

due to the forwarding of that particular exhibit with criminal his-

tory in its unedited form. Therefore, the trial judge was obviously

intending to not only cause prejudice to petitioner in the initial

determination of the issue of guilt, but intended to obtain a convi-

ction; (11) the trial court failed/refused to declare a mistrial af-

ter allowing petitioner's jury to be prejudiced against him; and

(12) the trial court erroneously failed to grant petitioner's new

trial motion.

The judgment must be reversed. Under the circumstances of this

p. 12

1  case petitioner was entitled to a bifurcation of the trial which

2  would have prevented the jury given documented information of the

3  prior arrest record and the prior conviction(s) unless it first found

4  petitioner guilty of the charged offense. The unitary procedure,

5  though heretobefore accepted in this state, needlessly exposed peti-

6  tioner to serious potential prejudice by revealing his prior crimi-

7  nality without advancing any legitimate state interest. Not inform-

8  ing petitioner of the right to a bifurcated proceeding, not giving

9  him a bifurcated proceeding on its own motion since his attorney was

10  obviously acting as a District Attorney while faking as an attorney

11  also prejudiced petitioner by permitting of his credibility without

12  him having testified by evidence that he suffered a prior conviction

13  and prior arrest record, which evidence was, for the most part, [119

14  Cal.App.3d. 650] inadmissible under Beagle standards, and gave the

15  prosecutor the opportunity to brand petitioner "a professional crook.

16      The court, however, improperly denied the motion for new trial.

17      The court should have given petitioner a bifurcated proceedings.

18  The admission of any evidence that involves crimes other than those

19  for which a defendant is being tried has a 'highly inflammatory and

20  prejudicial effect' on the trier of fact. (Fn. omitted.)"(People -v-

21  Thompson (1980) 27 Cal.3d. 303, 314, 165 Cal.Rptr. 289, 611 P.2d.

22  883.) The issue of guilt "and the proof of prior arrest record and

23  prior conviction(s) are clearly severable." (People -v- Morton

24  (1953) 41 Cal.2d. 536, 543, 261 P.2d. 523.) The latter is unrelated

25  to the substantive issue of guilt and affects only the penalty imp-

26  osed. (Ibid.) Yet, prior to reaching a verdict on the murder, the

27  jury was permitted to receive and read documentation information

28                              p. 13

1  in which was detailed evidence of petitioner having suffered a prior

2  criminal history including one prior conviction, three of the prior

3  incidences involved a firearm  while at the same token, a firearm

4  was used in the case for which he was on trial. This unitary proce-

5  dure was unnecessarily prejudicial and, under the circumstances of

6  this case, deprived petitioner of his due process rights to a fair

7  trial secured by the California Constitution (art. I, § 15).

8      Limiting instructions, such as were given here, do not elimin-

9  ate the risk of prejudice. "The naive assumption that prejudicial

10  effects can be ovecome by instructions to the jury, (citation) all

11  practicing lawyers know to be unmitigated fiction." (Krulewitch -v-

12  United States (1949) 336 U.S. 440, 453, 69 S Ct. 716, 723, 93 L.Ed.

13  790. (FN4) As the Supreme Court of Washington pointed out: "It seems

14  too plain for argument that to place before a jury the charge in an

15  indictment, and to offer evidence on trial as a part of the state's

16  case that the defendant has previously been convicted of one or more

17  offenses is to run a great risk of creating a prejudice in the minds

18  of the jury that no instruction of [119 Cal.App.3d. 651] the court

19  can wholly erase, and, while appellate courts will presume that the

20  jury has followed the instructions of the court, yet we cannot blind

21  our eyes to the active danger ever lurking in such action." (State

22  Kirkpatrick (1935) 181 Wash. 313, 43 P.2d. 44, 45.) Furthermore, emp-

23  irical data supports the [196] conclusion that a jury is likely to

24  be influenced by a defendant's past record such as in this case. (See

25  Kalven & Zeisel. The American Jury (1966) pp. 127-130, 177-180.)

26      The Standards for Criminal Justice of the American Bar Associa-

27  tion recommend that when, as here, "the defendant's prior criminal

28

p. 14

1   history, including prior convictions are admissible solely for the

2   purpose of determining the sentence to be imposed, the jury should

3   not be informed of them, either through allegations in the charge

4   or by the introduction of evidence, until it has found the defendant

5   guilty." (ABA Project on Minimum Standards for Criminal Justice,

6   Stds. Relating to Trial by Jury (Approved Draft 1968) (hereinafter

7   ABA stds.) Std. 4.4, p. 102.) Moreover, the majority of states have

8   adopted procedures requiring such a separation between the issues of

9   guilt and of prior convictions. (See Spencer -v- Texas (1967) 385

10   U.S. 554, 586, 87 S.Ct. 648, 665, and cases and statutes cited in

11   fn. 11, 17 L.Ed.2d. 606 (dis. opn. of Warren, C.j.); State -v- Oli-

12   vera (1976) 57 Hawaii 339, 555 P.2d. 1199, 1203; Lawrence -v- State

13   (1972) 259 Ind. 306, 286 N.E.2d. 830, 834; ABA Stds., supra, at p.

14   104.)

15      The weight of modern authority calls for a mandatory two-stage

16   trial for the trial of the collateral issue of enhanced punishment

17   to avoid prejudice to the defendant in the initial determination of

18   the issue of guilt." (People -v- Fullerton (1974) 186 Colo. 97, 525

19   P.2d. 1166, 1167.) The bifurcated procedure, or English-Connecticut

20   (FN5) rule, whereby the same jury determines both issues separately

21   is considered the fairest, most desirable procedure, because it com-

22   bines efficiency, adequate notice to the defendant, and due regard

23   for the right to a jury trial with lack of prejudice to the defend-

24   ant. (See Note, Recidivist Procedure: Prejudice and Due Process

25   (1968) 53 Cornell L.Rev. 337, 342; Note, Recidivist Procedures(1965)

26   40 N.Y.U.L.Rev. 332, 348.) Under this procedure the prior arrest

27   record and the prior conviction among the "vast array" of exhibits

28

p.15

1  given to the jury, which was read by the jury before it first found

2  petitioner guilty of the charged offense; the court should have wai-

3  ted until after the jury found petitioner guilty of the charged

4  offense, then it could have read to the jury the arrest record and

5  prior conviction at which time the jury could have determined the

6  validity of the prior criminal acts.

7      Petitioner contends that California Court of Appeals have cons-

8  istently upheld the validity of the unitary procedure. (See, e.g.,

9  People -v- Owens (1980) 112 Cal.App.3d. 441, 446, 169 Cal.Rptr. 369;

10  People -v- Gullen (1974) 37 Cal.App.3d. 976, 979, 113 Cal.Rptr. 43;

11  People -v- Cruz (1970) 6 Cal.App.3d. 384, 394, 85 Cal.Rptr. 918;

12  People -v- Mason (1969) 269 Cal.App.2d. 311, 313, 74 Cal.Rptr. 708;

13  People -v- Hickok (1964) 230 Cal.App.2d. 57, 60, 40 Cal.Rptr. 687;

14  People -v- Hoerler (1962) 208 Cal.App.2d. 402, 407-409, 25 Cal.Rptr.

15  209.)

16      A bifurcated trial would, however, carry out the intent of the

17  Legislature to impose greater penalties upon recidivists who have

18  failed to respond to prior convictions without subjecting those

19  challenging their recidivist status to unnecessary prejudice. (See,

20  Lawrence -v- State, supra, 286 N.E.2d. at pp. 835-836.)

21      The only rational offered to justify the present practice is

22  the claim that it is part of a statutory  scheme" which "serve(s)

23  the twin aims of judicial convenience and economy." (People -v-

24  Owens, supra, 112 Cal.App.3d. at p. 447, 169 Cal.Rptr. 369.) The

25  statutory scheme, however, does not mandate such a procedure, nor is

26  judicial convenience or economy promoted thereby.

27      Bifurcation would be equally consistent with the legislation."

28

p. 16

1    The detailed procedure for the charging uncharged offenses, tu-

2    rning such offenses over to the jury before it finds defendant gui-

3    lty, or charging, trying and finding of previous felony convictions

4    established by the statutes (See Pen.Code, §§ 969, 1025, 1093, 1158)

5    server to provide a "safeguard of value" to the accused against imp-

6    roper increased punishment. (People -v- LoCicero (1969) 71 Cal.2d.

7    1186, 1192, 80 Cal.Rptr. 913, 459 P.2d. 241.) Section 969 "affords

8    an accused advance notice that his prior conviction is in issue" and

9    section 1025 "gives him an opportunity to contest the fact and vali-

10   dity of the prior conviction to a jury." (71 Cal.2d. at p. 1192, 80

11   CalRptr. 913, 459 p.2d. 241.) While section 1025 does state that the

12   question whether or not he has suffered such prior conviction must

13   be tried by the jury which tries the issue upon the pleal of not

14   guilty" (italics added), it does not state nor imply that the jury

15   should try both issues simultaneously. Though the language of sect-

16   ion 1093, which sets forth the order of procedure of a [119 Cal.App.

17   3d. 653] trial, has been construed as permitting the reading of all-

18   egations of prior conviction(s) in the information together with all-

19   egations of charged offenses (People -v- Hoerler, supra, 208 Cal.App.

20   2d. at p. 08, 40 Cal.Rptr. 687; People -v- Williams (1957) 148 Cal.

21   App.2d. 525, 535, 307 P.2d. 48), it does not mandate such a proced-

22   ure and would not conflict with a two-part-trial. In any event, a

23   defendant can waive the formality of reading of the information,the-

24   reby avoiding the problem without any serious prejudice. (People -v-

25   Hall (1980) 28 Cal.3d. 143, 155, fn. 4, 167 Cal.Rptr. 844, 616 P.2d.

26   826; People -v- Herrera (1962) 209 Cal.App.2d. 748, 752, 26 Cal.Rptr.

27   409.) Section 1158 certainly is consistent with a bifurcated procedure

28

P.17