# EXHIBIT

# W, 1-3

EXHIBIT VV, 1-3

Jan, 13th 2009

To District Attorney's
Office, Dara Williams
1 Regent St., room 600
Inglewood, Cal. 90301

Related Case # YA059765
People of the state of
California
vs.
Jofama Coleman, Defendant

"REQUEST FOR DISCOVERY"

I Jofama Coleman will be filing a petition for writ of hebeas Corpus on my own behalf Challenging my criminal Conviction, case # superior-YA059765. So to discover, raise, and litigate potential issues the following is pertinent material, that i need sent to me as soon as possible.
  Request for a full and complete copy of the following.
1.) Copies of the 911 recording
2.) Copies of the Blockbuster surveillance tape.
3.) Copies of all Police/Detectiv's Investigation reports.
4.) Copies of all audio and video recordings.

  I declare that i Jofama Coleman am requesting the forsaid material/Dicovery. Housed at Corcoran state Prison, full



RT PAPER
OF CALIFORNIA
13 (REV. 3-95)
8 10924

address is as follows:

Jofama Coleman (CDCH V27001)
D-5 / 122 up
CSATF / State Prison at Corcoran
P.O. Box 5242
Corcoran, Cal. 93212

Please send the foresaid discovery to the address above. It is pertinent to my petition for writ of hebeas corpus.

"REQUEST TO PRESERVE ALL EVIDENCE"

I Jofama Coleman further request that all evidence pertaining to Superior case number YA059765 be preserved. Please do not destroy any information, material, or evidence surrounding this case.

Thank you!

* Jofama Coleman



RT PAPER
OF CALIFORNIA
113 (REV. 3-95)

8 10924

Jofama Coleman
PLAINTIFF/PETITIONER

CASE NO. YA059765

vs

People of the state of California
DEFENDANT/RESPONDENT

PROOF OF SERVICE by MAIL

I the undersigned, hereby declare:

(1) I am a citizen of the United States; (2) I am over the age of 18 years. I am a residence of Kings County, in California.

My mailing address is Post Office Box 5242 Corcoran, California 93212-5242

On January 13th, 200 9, I served a true copy or original copy of the following;

Request for discovery, for ~~petition~~ petition purposes.
Request to not destroy any evidence, preserve evidence.

by placing said document (s) in a sealed postage paid envelope into the CSATF/State Prison at Corcoran mail box for delivery to the United States Post Office at Corcoran, California, addressed as followed;

CSATF/STATE PRISON AT CORCORAN
P.O.B.# 5242
Corcoran, Ca. 93212
Name: Jofama Coleman
C.D.C# V-27659
Housing: D·5/122 UP

by placing said document (s) in a sealed Interdepartmental envelope into the California CSATF Facility Legal Mailbox for inner-institutional delivery to the below listed person(s) at the following addresses;

District Attorney's OFFICE,
Torrance Branch
825 Maple Ave., Room 190
Torrance, Cal. 90503

District Attorney's OFFICE,
Dara Williams
1 Regent St., room 600
Inglewood, Ca. 90301

Ronald White
S.B.# 85723, Trial Attorney
762 west EL Segundo
Gardena, Cal. 90247

And that this declaration was executed under the penalty of perjury at Corcoran, California 93212-5242, on January, 13th, 200 9.

Jofama Coleman
PRINTED NAME (DECLARANT)

Jafama Coleman
SIGNATURE (DECLARANT)

# EXHIBIT

X, 1-3

EXHIBIT X, 1-5

Dan, 12th 2009

To: District Attorney's
Office, Torrance Branch
825 Maple Ave., Room 190
Torrance, Cal. 90503

Related Case # YA059765
People of the state of
California

VS.

Jofama Coleman, Defendant

"REQUEST FOR DISCOVERY"

I Jofama Coleman will be filing a
petition for writ of hebeas Corpus on
my own behalf Challenging my criminal
Conviction, Case # superior-YA059765. So to
discover, raise, and litigate potential issues
the following is pertinent material, that
i need sent to me as soon as possible.
Request for a full and complete copy of the following:
1.) Copies of the 911 recording
2.) Copies of the Blockbuster surveillance tape
3.) Copies of all Police/Detectiv's Investigation
reports.
4.) Copies of all audio and video recordings.

I declare that i Jofama Coleman am
requesting the forsaid material/Dicovery.
Housed at Corcoran State Prison, full

address is as follows:

Jofama Coleman (D-C-H v-27659)
D-5 / 122 up
CSATF / State Prison at Corcoran
P.O. Box 5242
Corcoran, Cal. 93212

Please send the foresaid discovery to the address adove. It is pertinent to my petition for writ of hebeas corpus.

## "REQUEST TO PRESERVE ALL EVIDENCE"

I Jofama Coleman further request that all evidence pertaining to Superior case number YA059765 be preserved. Please do not destroy any information, material, or evidence surrounding this case.

Thank you:

* Jofama Coleman

Jofama Coleman

PLAINTIFF/PETITIONER

vs

People of the state of California

DEFENDANT/RESPONDANT

-----------------------------

CASE NO. YA059765

PROOF OF SERVICE BY MAIL

I the undersigned, hereby declare:

(1) I am a citizen of the United States; (2) I am over the age of 18 years. I am a residence of Kings County, in California.

My mailing address is Post Office Box 5242 Corcoran, California 93212-5242

On January, 13th, 2009, I served a true copy or original copy of the following;

Request for discovery attached to a request to preserve all evidence, not to be destroyed.

by placing said document (s) in a sealed postage paid envelope into the CSATF/State Prison at Corcoran mail box for delivery to the United States Post Office at Corcoran, California, addressed as followed;

CSATF/State Prison at Corcoran
P.O.B # 5242
Corcoran, Cal. 93212
name: Jofama Coleman
C.D.C # V.27659
Housing: D.5/122 up

by placing said document (s) in a sealed interdepartmental envelope into the California CSATF Facility Legal Mailbox for inner-institutional delivery to the below listed person(s) at the following addresses;

District Attorney's Office,         District Attorney's Office,         Ronald White
Torrance Branch                     Dara Williams                       S.B # 85723, Trial Attorney
825 Maple Ave, Room 190             1 Regent St, room 600               762 West El Segundo
Torrance, Cal. 90503                Inglewood, Cal. 90301               Gardena, Cal. 90247

And that this declaration was executed under the penalty of perjury at Corcoran, California 93212-5242, on January, 13th, 2009.

Jofama Coleman

PRINTED NAME (DECLARANT)

Jofama Coleman

SIGNATURE OF DECLARANT

# EXHIBIT



EXHIBIT Y,

**LAW OFFICE OF PATRICIA IHARA**
PMB 139
5319 UNIVERSITY DRIVE
IRVINE, CA 92612
Tel. (949) 733-0746

**CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS**

Jofama Coleman V27659
L4/D5/122 up
CSATF, P.O. Box 7100
Corcoran, CA 93212

February 12, 2009

Re:    *People v. Jofama Coleman* – Court of Appeal Case No. B202597,
       Superior Court Case YA059765

Dear Mr. Coleman,

        By now you have the copies of the petitions for review I filed in the
California Supreme Court.  I just checked and the Case No. on the appeal is
S170435, the Case No. on the Habeas is S170438.  You have also received a
copy of a request I filed in the Superior Court.  I also wrote a letter to Ms.
Williams asking her for a copy of the surveillance tape in case the Superior Court
denies our request.  I don't know if she will provide it but when I spoke with her
she indicated that she might if she could find the time.

        I am sending you your appellate transcripts and the documents from Mr.
White's file by priority mail.  There are two boxes and one smaller mailing packet.
As per your instructions, of Mr. White's file, the extra copy of the police report
(181 pages), the videotape of your polygraph test, and 3 CDs – 2 of graffiti
photos and 1 of the jail van recording will be sent to your aunt Lisa Watson.  If I
get the copy of the videotape, I will send it to Lisa Watson as you have
instructed.

        The filing of the petitions for review concludes my work on your case
under my court of appeal appointment.  If the Supreme Court grants our petition,
the Supreme Court might appoint me to represent you in that court, in which
case I will need the transcripts back.  If the petition is denied, you will need the
transcripts to proceed on your own in federal court if you choose to do so.

        If you wish to present in federal court any claims in addition to the federal
constitutional issues raised in the enclosed petition for review, you will need to
present those first to the state courts in order to "exhaust" them for federal court
purposes.  An example is if you believe your trial counsel was ineffective and I

# EXHIBIT

Y-2

EXHIBIT I

**LAW OFFICE OF PATRICIA IHARA**
PMB 139
5319 UNIVERSITY DRIVE
IRVINE, CA 92612
Tel. (949) 733-0746

**CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS**

Jofama Coleman V27659
L4/D5/122 up
CSATF, P.O. Box 7100
Corcoran, CA 93212

April 21, 2009

Re:    *People v. Jofama Coleman* – Court of Appeal Case No. B202597, Superior Court
       Case YA059765

Dear Mr. Coleman,

Enclosed is a letter re: the Blockbuster Security Video analysis.

Mr. Reis sent me 2 CDs and the VHS tape. I need to know whether you can receive them at the prison. It would be terrible if they refused to give them to you and the tape and CDs get lost. Please let me know where to send them and I'll put them in the mail.

In response to your letter dated April 12, 2009, if someone else was involved in the shooting, there must be someone who knows what happened. If you were set up, then you really need a good private investigator who can get witnesses to talk. I don't know of anybody and they are expensive. But as I mentioned before, you have a solid group of friends and family who can possibly garner more information.

You asked if you can raise *Brady* error relating to the photos. Why not? It does not appear that Mr. White had those photos in the trial file and one inference is that he never received them during discovery. It would be up to the AG to dispute that claim.

When I asked Mr. Reis about Jesse Medina, I believe he told me on the phone that Jesse entered the store shortly before you did.

As for the federal petition, I sent you the form. Fill it out. You can attach a copy of the petitions for review I filed on your behalf. But you don't have to if you fill out the petition. I have faith that you will do a good job.

Take care.

Yours truly,

*Patricia I.*

Patricia Ihara

# EXHIBIT

Z

EXH. B.1

# DECLARATION

Under the penalty of perjury, i
Jofanna Coleman declare the following
to be true and correct to the
best of my knowledge.

On January, 13th 2009 i sent trial
cousel a letter requesting discovery,
trial cousel did not respond to my
request. Several times following
my request i attempted to
contact trial counsel by phone. but
he did not answer my calls.
The discovery in which i Jofanna
Coleman received from previous appell-
ant. counsel was:
1.) The Blockbuster security tape
2.) Falce Reports
3.) Trial transcripts
4.) Preliminary hearing transcripts

x Jofanna Coleman
November, 23. 2009

# EXHIBIT

# A A

EXHIBIT

December 1, 2009

1 | In Pro per,
2 | Jofama Coleman (c.d.c.# v-27659)
3 | CSATF State Prison @ Corcoran
4 | P.O. Box 5242
5 | Corcoran, Cal. 93212
6 |
7 |      SUPERIOR COURT OF THE STATE OF
8 | CALIFORNIA FOR THE COUNTY OF LOS ANGELES
9 |
10 | People of the State of     Rel. case No. YA059765
11 | California,
12 |      Plaintiff     "MOTION REQUESTING FOR"
13 |     VS.      ORDER OF DISCOVERY,
14 | Jofama Coleman.    BE PROVIDED TO PETITIONER
15 |     Defendant    BRADY......,
16 |
17 |   TO: THE HONORABLE ERIC C. TAYLOR, JUDGE,
18 |   Dpt. C of THE SUPERIOR COURT.
19 |
20 |   Please take notice that petitioner Jofama
21 | Coleman is preparing to file a Writ of Habeas
22 | Corpus challenging his conviction, case number
23 | YA059765. Petitioner contends in order to
24 | adequatly do so he must first have the
25 | relevant evidence within the meaning of
26 | §1054.1 of the California Penal Code. This
27 | motion will be further based on the
28 | following points and authorities.

1   A defendant is entitled to the same
2   discovery he would have been entitled
3   to at the time of trial (§ 1054.9 of the
4   Cal. Pen. Code). Petitioner contends good faith
5   efforts to obtain discovery materials from
6   trial counsel were made but were unsuccess-
7   ful (see att. Exh. A1-3 ; Declaration att. Exh. B1).
8   Furthermore, petitioner believes there may be
9   evidence in which trial counsel did not
10  have, nor did he seek. It has been discovered
11  that the lead detective in the instant case
12  has a history of covering-up evidence (see.
13  att. Exh. C1; C2-3; C4-6). Detective Steven Katz,
14  the lead detective in the instant case willfully
15  concealed evidence in the civil case of rap
16  artist Notorious B.I.G Christopher Wallace. Any
17  reasonable competent counsel seeking to defend
18  his client effectively, would have filed
19  a motion to learn of any ethnic or
20  racial bias, falsifying information, planting
21  evidence, or even covering-up evidence on
22  the part of the officer's who conducted
23  an investigation on the case at bar, a
24  "Pitchess" motion." Petitioner contends
25  he was and is entitled to:
26   A.) All relevant real evidence seized or
27  obtained as part of the investigation of
28  the offense charged.

1    b.) The existence of a felony
2   conviction of any material witness
3   who credibility is likely to be critical
4   to the outcome of trial.
5      C.) Any exculpatory evidence.
6      D.) Relevant written or recorded
7   statements of witnesses, including the
8   results of physical or mental examination,
9   scientific test, experiments, or comparisons
10  which the prosecutor intends to offer
11  in evidence at trial.

12     Such evidence is crucial for the
13  adequate preparation of Mr. Coleman's
14  petition for writ of Hebeas Corpus.
15  Discovery Materials for the purpose
16  of 1054.9(b) means material in the
17  possession of the prosecution and law
18  enforcement authorities to which
19  petitioner would have been entitled at
20  time of trial.
21  The specified discovery in which
22  petitioner is currently seeking is:
23     1.) The audio tape recorded interview
24  that was conducted by detectives on
25  Jesse Robles witness, dated May, 13. 2003,
26  and made a permanent part of the
27  case file. (see. att. Police R. Pg. 39-41).
28     2.) The audio tape recorded interview

1 conducted on Albert Segundo (att. Police Report
2 (pg. 162-164).
3       3.) The tape recorded interview conduc-
4 ted on Rodolfo Robles (att. Police R. pg. 168).
5       4.) The audio 911 recording, as well
6 as all other audio and video recordings
7 conducted on every person interviewed
8 or questioned by officers during there
9 investigation.
10      Petitioner contends as an act in a
11 cover-up detective Steven Katz may
12 not have documented information on reports
13 as they were stated on recordings. There
14 may be inconsistencies and/or contradict-
15 ions between what was stated by
16 witnesses at trial compared to recordings,
17 which could be used for impeaching
18 purposes. Additionally, there may be informa-
19 tion on the recordings that could lead
20 petitioner to investigate other matters.
21 Possessing all evidence within the meaning of
22 1054.1 of the penal code as well as all
23 "Brady material" will allow petitioner to
24 make an informed decision on his
25 arguements, petitioner should not be forced to
26 rely on the ivestigation of a corrupted
27 detective, for it infringes on petitioner's right
28 to due process under the 14th Amnd. to

pg. 4

1  the U.S. Constitution. It is fundamentally
2  unfare to allow a detective who
3  has a history of covering-up
4  evidence to remain in a position
5  were he could contaminate,
6  cover-up, falsify evidence, or coach
7  witnesses. Allowing an accused
8  the right to discovery is based
9  on the fundamental proposition
10  that he is entitled to a
11  fair trial and an intelligent
12  defense in light of all relevant
13  and reasonably accessible
14  information. (Hill v. Superior Court
15  (1974) supra, 10 Cal. 3d at p. 816, 112
16  Cal. Rptr. 257, 518 P. 2d 1353;
17  Cash v. Superior Court (1959) [11 Cal. 3d
18  536] 53 Cal. 2d 72, 75, 346 P. 2d
19  407). An adequate investigation
20  requires the viewing of all relevant
21  evidence and "Brady Material", as
22  petitioner has shown detective Katz
23  has concealed evidence in the
24  past, which would raise suspicion to
25  any trial attorney seeking to
26  defend his clients liberty and
27  constitutional rights. Previous trial
28  counsel was not that attorney. Since
   Katz has concealed evidence in the past
   viewing —

1  all evidence is crucial towards an adequate
2  preparation of petitioner's case. There were
3  additional acts in a cover-up of evidence in
4  which petitioner will be raising in his petition,
5  such as when detective Steven Katz test-
6  ified to petitioner being at a Blockbuster
7  video store "44 minutes after the crime"
8  (4 RT. 1890; 1892). Katz also claimed petitioner was
9  in the video store for only five (5) minutes (5 RT.
10  2462; 2741). The shooting occurred around 9:00 p.m.
11  on 101st street in Los Angeles (2 RT. 957).
12  According to detective Katz you could make it
13  from the crime scene to the video store from
14  5 to 10 minutes (4 RT. 1890), thus, the surveillence
15  tape could not assist petitioner's mistaken iden-
16  tity defense. Petitioner believed he was in
17  the store longer then five (5) minutes and
18  arrived befor 9:41 p.m., so petitioner sent
19  the tape to an imageing forensic who discover-
20  ed the time of petitioner's arrival, which
21  was "9:25 p.m" (see att. Exh. D1). This fact would
22  have assisted petitioner's case, beings that
23  prosecuting witnesses testified to following
24  the actual suspects to a location that
25  was in the "opposite" direction of the video
26  store petitioner was at (3 RT. 1570, 1571). The 25
27  minute window could have been broken down tram-
28  endously, ultimately creating a serious degree

1 of reasonable doubt in the minds of the
2 jury. With detective Steven Katz having a
3 history of covering-up evidence, and
4 appearing to have done so in regards
5 to the time petitioner arrived at the
6 Blockbuster video store, as will as the
7 circumstances surrounding the testimony
8 of Maria Renteria who claimed petitioner
9 was the driver envolved in the crime, (see
10 petition #B210118), it is highly likely that
11 detective Steven Katz failed to provide
12 the defense with all discovery within the
13 meaning of 1054.1 of the Cal. Pen. Code.
14 Witness Filbert Segundo never identified
15 petitioner as the driver until trial three
16 (3) years after the crime (3 RT. 1565). Petitioner
17 recently discovered Segundo's father is a
18 retired Los Angeles Police officer (see
19 Soto's trial YA064697, 4 RT. 1643, 1553). If
20 Segundo's father has a history of foul
21 play as an officer, such as coaching
22 witnesses, it will explain why Segundo
23 decided to accuse petitioner as the
24 driver envolved in the crime. Additionally,
25 the existance of racial bias, falsifying infor-
26 mation, improper coaching witnesses, covering-
27 up or planting evidence is relevant to
28

1  attack the reliability of the evidence,
2  the credibility of the detectives who
3  testified at petitioner's trial, and or
4  trustworthyness in the detectives invest-
5  igation. Pen. (Pitchess v. Superior Court 1974
6  11 C 3d 531, 113 CR 897; Evid. C §§ 1043-
7  1047; Pen. C. §§ 832.7 - 832.8. see §§ 11.18 - 11.21),
8  Petitioner is requesting any and all complaints
9  on the following detectives:
10      1.) Steven Katz.., employee # 223233
11      2.) Mark Lillienfield... employee # 195921
12      3.) Michael Valento.., employee# 292886
13      4.) Gustavo Rivera.., (retired L.A Police Officer)
14  Petitioner contends it can not be said in
15  all honesty and with full certainty that the
16    detectives were unbias with their invest-
17  gation, especially with the lead detective
18  (Steven Katz) having a history of covering-up
19  evidence. Detective Katz has had access to
20  all EVIDENCE in the instant case, and petitioner
21  contends he should not be forced to rely on
22  the investigation of a corrupted detective, nor
23  can it be trusted that he has or will provide
24  petitioner with all evidence within the meaning
25  of 1054.1 of the Cal. Pen. Code, therefor petitioner
26  is requesting to view "ALL EVIDENCE" under
27  the investigating file number 003-04469-0372-011.
28  Petitioner is in the best position to identify

1 relevant, exculpatory undisclosed evidence. The
2 scope of disclosure obligation extends beyond
3 the contents of the prosecutor's case file
4 and encompasses the duty to ascertain as
5 well as divulge any favorable evidence
6 known to others acting on the government's
7 behalf (Kyles v. Whitley (1995) 514 U.S.
8 at 437 [115 s. ct at p. 1567].) The duty to
9 provide discovery is not limited to the
10 time before trial; discovery is an ongoing
11 responsibility, which extends throughout
12 the duration of the trial and even after
13 conviction (see People v. Garcia (1993) 17 Cal
14 App. 4th 1169, 1179 [22 Cal. Rptr. 2d ___;
15 Thomas v. Goldsmith (9th Cir. 1992) 979
16 F. 2d 746, 749-750).

17    The prosecutor is required to make
18 available to the defense information
19 concerning the "felony convictions" and
20 "misdemeanor misconduct" of material
21 prosecution witnesses who's credibility is
22 likely to be critical to the outcome of
23 the trial. (Pen. C § 1054.1(b)-(e); Brady v. Mary-
24 land (1963) 373 US 83, 10 L ed 2d 215, 83
25 S ct 1194; In re Pratt 1999; 69 CA 4th 1294,
26 82 CR 2d 260; People v. Little 1997 59 CA 4th
27 426, 68 CR 2d 907).
28 Petitioner contends this requirement applies

to the following witnesses:
   A.) Rodolfo Robles
   b.) Carlos Lopez
   c.) Albert Segundo
   d.) Jesse Medina
   e.) Maria Renteria

Petitioner is therefore requesting said infor-
mation, for there testimony was critical to
the outcome of trial.
   Petitioner contends trial counsel was ineffective
with his preparation and investigation on
petitioner's case, there was no formal or
written discovery motion made by counsel,
and petitioner further contends an adequate
investigation will go to the heart of proving
his innocence. And with detective Steven Katz
having a history of hideing evidence petition-
er contends it is understandable why
petitioner is requesting to view all evidence
including that in which is in steven
Katz's personal file. Petitioner seeks not
to rely on the investigation of a corrupt-
ed detective, his word can not be trust-
ed. The granting of this motion will
assist in providing petitioner fundam-
ental fairness within due process of
law under the 14th Amendment to
the U.S. Constitution and Article I,