Sec. 15 of the California Constitution. Once "exculpatory or beneficial" evidence is collected, the prosecution has a duty to preserve, material evidence. (In re Michael L. (1985) 39 CR 3d 81, 216 CR 140).

Due process requires the disclosure of evidence favorable to the accused. (Brady v. Maryland (1963) 373 U.S. 83, 87, 10 L Ed 2d 215, 83 S Ct. 1194; U.S. v Bagley (1985) 473 US 667, 676, 87 L Ed 2d 481. 105 S Ct 3375.). Even though Brady disclosure is not included within 1054.1 of the Cal. Pen. Code, it's disclosure is required, because it is mandated by the United State Constitution. (Pen C. § 1054(e) (discovery required by U.S. constitution must be disclosed); Izazaga v. Superior Court (1991) 54 C3d 356, 378, 285 CR 231.) Evidence is "favorable" if it either helps the defendant or hurts the prosecution. The brady duty is broader than just exculpatory evidence. it includes the failure to disclose impeachment evidence (People v. Hayes (1992) 3 CA 4th 1238, 5 CR 2d 105; People v. Garcia, supra). In combination with People v. Harris (1989) 47 C3d 1047,

1090, 255 CR 352, and People v. Wheeler (1992) 4 C 4th 284, 14 CR2d 418), both of which have substantially broadened the extent to which one can impeach a witness credibility, Brady arguably widens the obligation of prosecutors to disclose impeaching evidence such as a misdemeanor and noncriminal misconduct concerning its witnesses. (People v. Santos (1994) 30 CA 4th 169, 35 CR2d 719.) In addition, the Brady obligation can require disclose of reports and statements of experts and witnesses the prosecutor does not intend to call at trial. (See Pen C § 1054.1(f).) Brady also places a duty on prosecutors to learn of any favorable evidence known to others acting on the governments behalf, including the police and crime lab. (Kyles v. Whitley (1995) 514 US 419, 131 L Ed 2d 490, 115 S Ct 1555; In re Brown (1998) 17 C 4th 873, 72 CR 2d 698; People v. Little (1997) 59 CA 4th 426, 68 CR 2d 907.) Petitioner is requesting all "Brady" material, i believe it is fare to allow petitioner to personally view

to the following witnesses:
A.) Rodolfo Robles
b.) Carlos Lopez
c.) Albert Segundo
d.) Jesse Medina
e.) Maria Renteria

Petitioner is therefore requesting said information, for there testimony was critical to the outcome of trial.

Petitioner contends trial counsel was ineffective with his preparation and investigation on petitioner's case, there was no formal or written discovery motion made by counsel, and petitioner further contends an adequate investigation will go to the heart of proving his innocence. And with detective Steven Katz having a history of hideing evidence petitioner contends it is understandable why petitioner is requesting to view all evidence including that in which is in Steven Katz's personal file. Petitioner seeks not to rely on the investigation of a corrupted detective, his word can not be trusted. The granting of this motion will assist in providing petitioner fundamental fairness within due process of law under the 14th Amendment to the U.S. Constitution and Article I,

all evidence because detective Steven Katz has a history of hideing evidence. Furthermore, petitioner has shown there were acts in a cover-up on the part of Steven Katz in the instant case. Katz's word can not be relied on or trusted, for he provided a false excuse for his concealment of evidence in the past. As the U.S. District Judge Florence Marie Cooper stated "she found Katz's explanation for the oversight utterly unbelievable;" (See Exh. C2). Petitioner contends his motion should be granted. In closeing, if this honorable court deems it to be, to great an inconvenienc for petitioner to personally view all the evidence, then petitioner is requesting that previous Appellant counsel Patricia Ihara be appointed to view all the evidence on petitioner's behalf.

Respectfully submitted..,

By: Jofama Coleman

Jofama Coleman,

In Pro per

Dated: December, . 2009

Jofama Coleman
PLAINTIFF/PETITIONER

VS

Ken Clark, warden
DEFENDANT/RESPONDANT

CASE NO YA059765

PROOF OF SERVICE BY MAIL

I the undersigned, hereby declare:

(1) I am a citizen of the United States; (2) I am over the age of 18 years. I am a residence of Kings County, in California.

My mailing address is Post Office Box 5242 Corcoran, California 93212-5242

On December 1, 2009, I served a true copy or original copy of the following;

motion for order of discovery "Brady"...

by placing said document (s) in a sealed postage paid envelope into the CSATF/State Prison at Corcoran mail box for delivery to the United States Post Office at Corcoran, California, addressed as followed;

Jofama Coleman (V-27659)
CSATF/State Prison @ Corcoran
P.O. Box 5242
Corcoran, Ca. 93212

by placing said document (s) in a sealed Interdepartmental envelope into the California CSATF Facility Legal Mailbox for inner-institutional delivery to the below listed person(s) at the following addresses;

Dara E. Williams, D.D.A
c/o Hardcore Gang Division
1 Regent St., Rm. 600
Inglewood, Ca. 90301

Eric C. Taylor, Judge; Dept. C
Torrance Superior Court, Los Angeles Ca
825 Maple Ave.
Torrance, Cal. 90503

And that this declaration was executed under the penalty of perjury at Corcoran, California 93212-5242, on December 1, 2009.

Jofama Coleman
PRINTED NAME (DECLARANT)

Jofama Coleman
SIGNATURE (DECLARANT)

# EXHIBIT

# BB

EXHIBIT BB

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 12/23/09

---

CASE NO. YA059765

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.
DEFENDANT 01: JOFAMA COLEMAN

---

INFORMATION FILED ON 07/27/05.

COUNT 01: 187(A) PC FEL

ON 12/07/09 AT 900 AM IN SOUTHWEST DISTRICT DEPT SWC

CASE CALLED FOR MISCELLANEOUS

PARTIES: ERIC C. TAYLOR (JUDGE) GINA ZUCCO (CLERK)
NONE (REP) NONE (DDA)

DEFENDANT IS NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

MOTION REQUESTING DISCOVERY IS READ AND CONSIDERED.
.
REQUEST FOR DISCOVERY IS CONSIDERED AND DENIED.
.
THIS COURT DOES NOT KEEP SUCH DISCOVERY AND ANY SUCH REQUEST SHOULD BE DIRECTED TO DEFENSE COUNSEL OR THE PROSECUTOR. FURTHER, PETITIONER HAS PRESENTED NO AUTHORITY OR REASON FOR

THIS COURT TO COMPEL SUCH DISCOVERY.
.
A COPY OF THIS MINUTE ORDER IS MAILED VIA U.S. MAIL TO:
JOFAMA COLEMAN CDC#V27659
CSATF STATE PRISON
P.O. BOX 5242
CORCORAN, CA 93212

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED

# EXHIBIT CC

EXHIBIT = CC

Jofama Coleman,
V-27659, D4-137-U.,
CSATF/SP, at Corcoran
State Prison,
P.O. Box-5242
Corcoran, California
93212

RECEIVED
JUN - 7 2010
CLERK SUPREME COURT

To be consolidated with the Petitution for writ of habeas Corpus now pending before this Court in Case No. S-179973, in which was filed Feb. 1, 2010.

Dated: May. 27. (2010)

Dear Presiding Justice and Associate Justices:

Comes now, Jofama Coleman, hereinafter referred to as petitioner complains of the Respondent, KEN CLARK, but now K. ALLISON, Warden of CSATF/SP, at Corcoran State Prison.

Petitioner hereby files the instant letter brief addressing the importance of including United States -v- Arnold, 117 F.3d 1308 (C.A. 11 (Fla.) 1997), in his petition for writ of habeas corpus in CASE NO. S-179973, in which is presently pending before this court.

This letter brief point out and clarify the fact that the audio recordings conducted on the prosecution witnesses during the detectives investigation.

Petitioner contends that it is crucial that the audio recordings be provided to petitioner. The audio tape recorded interviews may "contradict" witnesses trial testimony, constituting impeachment evidence. In the case at bar, eyewitness testimony constituted the "only" evidence connecting petitioner to the

crime, thus, evidence undermining the credibility of the eyewitnesses testimony is vital towards and/or in petitioner's case.

In United States -v- Arnold, 117 F.3d 1108 (C.A. 11 (Fla.) 1997), the court properly reversed a conviction on the grounds that the prosecution with-held "audio tapes" that contradicted witness trial testimony. (Id., at pp. 1308, 1315, 1317). Thus, one seeking to present a full and complete defense or case, would conduct a "proper" and "adequate" investigation. Such an investigation can not be fulfilled without obtaining the discovery in which petitioner is entitled under Brady -v- Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and section 1054.1(e) of the California Penal Code. Additionally, the prosecutor in a criminal case "shall" make timely disclosure to the defense of "all" evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigate the offense (ABA Model Rule of Professional Conduct 3.8(d)(1984).)

Trial counsel's failure to adequately seek impeachment evidence and discovery should not bar petitioner from obtaining the very evidence in which he was entitled to at the time of trial.

The prosecution's witness (Albert Segundo) stated and/or suggested that when officers were documenting what he stated, words probably got mixed up and so fourth. Segundo also suggested that police officer inaccurately reported what he said (3 RT. 1558). Thus, audio tape recorded statements made by Segundo would factually show and prove what was stated at that time. Additionally, if the tape recorded interview proves inconsistent with Segundo's trial testimony/statements, it clearly should

have been used for impeachment purposes. Petitioner contends such evidence is crucial towards petitioner's case, for petitioner is constitutionally entitled to "all" Brady/exculpatory material, not ~~same.~~ Some.

In an audio tape recorded interview, Jesse Robles stated the driver of the Suspect's van was wearing a long sleeved black hooded sweat-shirt with the hood down, and the passenger was wearing a long sleeved black hooded sweat-shirt with the hood up (Police Report at PP. 39, 40.) However, at trial Robles claimed he never identified the driver as wearing a long sleeved black hooded sweat-shirt with the hood down. Robles further claimed he never seen the passenger and did not say anything to Sergeant Katz about the passenger (2 RT. 984, 985).

Thus, the audio tape recorded interview would have factually proved what exactly was stated by Jesse Robles.

Petitioner contends, the material evidence in which trial counsel failed to adequately seek and present was crucial. The audio recording would have brought before the ears if the jury, the exact statements made by Prosecution witnesses. Any effectiver attorney seeking to present an affimative defense, would conduct an adequate investigation by first seeking all element, Brady, and exculpatory material. Thus, petitioner contends such evidence should be provided to petitioner.

CONCLUSION

For the foregoing reasons, petitioner urges this court to consolidate this letter brief with the petition for writ of habeas corpus pending before this court. He also request that the


court reverse the wrongful judgment of conviction.

DATED: May, 27, (2010)

Respectfully submitted,

/s/ Jofama Coleman
Jofama Coleman,

Petitioner.

Jofama Coleman
PLAINTIFF/PETITIONER )
)
)
Vs. )
)
)
Kathleen Allison, warden )
DEFENDANT /RESPONDANT

CASE NO: S-179973

**PROOF OF SERVICE BY MAIL**

I, the undersigned, hereby declare:

(1) I am a citizen of the United States; (2) I am over the age of 18 years; (3) I am a resident of Kings County, in California.

My mailing address is Post Office Box 5242 Corcoran, California 93212-5242.

On May, 27, 2010, I served a true copy or original copy of the following:
Letter brief requesting consolidation with Petition number S-179973

by placing said document(s) in a sealed postage-paid envelope into the CSATF-State Prison at Corcoran mail box for delivery to the United States Post Office at Corcoran, California, addressed as follows:

Jofama Coleman
c.d.c# V-27659
CSATF/state Prison @ Corcoran
P.O. Box 5242
Corcoran, CA. 93212

by placing said document(s) in a sealed Interdepartmental envelope into the California CSATF Facility Legal Mailbox for inner-institutional delivery to the below-listed person(s) at the following addresses:

THE SUPREME COURT OF CALIFORNIA
Earl Warren Buld., CLERK OF THE COURT
350 McAllister Street
San Francisco, CA. 94102

And that this declaration was executed under the penalty of perjury at Corcoran, California 93212-5242, on May, 27., 2010.

Jofama Coleman
PRINTED NAME (DECLARANT)

Jofama Coleman
SIGNATURE (DECLARANT)

# EXHIBIT DD

EXHIBIT - DD

S179973

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re JOFAMA REO COLEMAN on Habeas Corpus.

---

The petition for writ of habeas corpus is denied. (See *In re Clark* (1993) 5 Cal.4th 750.)

SUPREME COURT
FILED

SEP 15 2010

Frederick K. Ohlrich Clerk

Deputy

GEORGE

*Chief Justice*

# EXHIBIT

# EE

EXHIBIT EE

S181403

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re JOFAMA REO COLEMAN on Habeas Corpus.

---

The petition for writ of habeas corpus is denied. (See *In re Clark* (1993) 5 Cal.4th 750.)

SUPREME COURT
FILED

SEP 15 2010

Frederick K. Ohlrich Clerk

Deputy

GEORGE
*Chief Justice*



FROM: Jofama Coleman
C.d.c# V.27659
CSATF/State Prison @ Corcoran
P.O. Box 5242
Corcoran, CA. 93212
CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY
RNB
To: THE UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, CA. 90012
LEGAL MATERIALS ONLY
LEGAL MATERIALS ONLY

10/12/10