Jofama Coleman
c.d.c # V-27659
CSATF/ State Prison @ Corcoran
P.O. BOX 5242
Corcoran, CA. 93212



UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA

Jofama Coleman,
          Petitioner

     vs.

Kathleen Allison,
          Warden

Case No. CV 10-2343-AHM (RNB)

## MOTION TO AMEND PETITIONER'S HABEAS TO ADD NEWLY EXHAUSTED CLAIMS

TO: THE HONORABLE MAGISTRATE JUDGE, FOR THE UNITED STATES DISTRICT COURT:

Petitioner (Jofama Coleman) hereby motions this honorable court to amend his habeas to add newly exhausted claims. This motion comes after this honorable court granted petitioner's motion to stay adjudication of habeas corpus petition in case number CV 10-2343-AHM (RNB), for the courts convenience a copy of the order granting the previous motion is attached, (see Exhibit A pp.1-3). Petitioner also gives notice that while the unexhausted claims

were pending in the California Supreme
court, two letter brief's were filed
to consolidate additional points and/or
authorities (see Exhibit's B pp. 1-4 and C pp. 1-5).
   On September, 21. 2010 petitioner
received notice that his state petitions
   were denied, case number's S181403
and S179973, in which was filed September,
15. 2010 (see Exhibits D and E).
  Thus, petitioner motions this court to
amend his habeas to add newly exhausted
claims. This honorable court was
provided a copy of the petition in
which the California Supreme Court has
denied in case number S181403, the claims
raised in that petition are requested
to be amended to the Federal Petition
in case number CV 10-2343-AHM (RNB).
Additionally, the claims raised and denied
in California Supreme Court case number
S179973 are also requested to be
amended to Federal Petition case
number CV 10-2343-AHM(RNB). The overall
newly exhausted claimes have been
prepared for the Federal Court, and
the proper form (2254 writ form)
is being sent with this motion,

for the purpose of amending to case No. CV 10-2343-AHM (RNB).

## CONCLUSION

For the foregoing reasons, petitioner urges this honorable court to grant his motion to Amend the newly exhausted issues, Supreme Ct. case number's S181403 and S179973, in which is to be an amended petition in Federal Habeas Corpus number CV 10-2343-AHM (RNB). The petitioner also request that this court grant an evidentiary hearing in this case and after careful consideration, reverse the judgment of conviction.

*Jafama Coleman*

Jafama Coleman

10-7-2010

Jofama Coleman
PLAINTIFF/PETITIONER                          )

                                              )

                                              )

Vs.                                           )

                                              )

Kathleen Allison                             )

DEFENDANT /RESPONDANT

CASE NO: CV-10-2343-AHM(RNB)

**PROOF OF SERVICE BY MAIL**

I, the undersigned, hereby declare:

(1)  I am a citizen of the United States; (2)  I am over the age of 18 years; (3)   I am a resident of Kings County, in California.

My mailing address is Post Office Box 5242 Corcoran, California 93212-5242.

On October 7, 20 10, I served a true copy or original copy of the following:

MOTION TO AMEND PETITIONER'S HABEAS
TO ADD NEWLY EXHAUSTED CLAIMS

by placing said document(s) in a sealed postage-paid envelope into the CSATF-State Prison at Corcoran mail box for delivery to the United States Post Office at Corcoran, California, addressed as follows:

Jofama Coleman
C.d.c # V.27659
CSATF / State Prison @ Corcoran
P.O. Box 5242
Corcoran, CA. 93212

by placing said document(s) in a sealed Interdepartmental envelope into the California CSATF Facility Legal Mailbox for inner-institutional delivery to the below-listed person(s) at the following addresses:

UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, CA. 90012

And that this declaration was executed under the penalty of perjury at Corcoran, California 93212-5242, on October, 7, 20 10.

Jofama Coleman
PRINTED NAME (DECLARANT)

Jofama Coleman
SIGNATURE (DECLARANT)

# EXHIBIT

A pp. 1-3

EXHIBIT A, 1

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 5/7/2010

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY - 7 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JOFAMA COLEMAN,

       Petitioner,

     vs.

KATHLEEN ALLISON, Acting
Warden,

      Respondent.

Case No. CV 10-2343-AHM (RNB)

ORDER CONDITIONALLY
GRANTING PETITIONER'S MOTION
TO STAY ADJUDICATION OF
HABEAS CORPUS PETITION

     Based on its review of respondent's opposition to petitioner's "Motion to Stay Adjudication of Habeas Corpus Petition to Allow Petitioner to Properly Exhaust Unexhausted Federal Claims," the Court has decided to relieve petitioner of the responsibility of filing a reply.

     Even if the Court were inclined to concur with respondent that, for statute of limitations purposes, the nine additional ineffective assistance of trial counsel claims that petitioner indicated in his Motion he wants to raise herein do not relate back to the exhausted claims alleged in the Petition, it would not follow that a stay would be futile.

---

    [1]    Kathleen Allison is substituted in as the respondent per Fed. R. Civ. P. 25(d). The clerk is directed to make the appropriate correction on the docket sheet.

1

1    Respondent does not contend that any of petitioner's unexhausted ineffective
2    assistance of counsel claims currently is time barred. According to respondent, the
3    one-year limitation period did not commence running until June 30, 2009.
4    Consequently, when petitioner filed the first of his two pending California Supreme
5    Court habeas petitions on February 1, 2010, five months of the limitation period still
6    remained.

7    Respondent concedes that "the period of limitations appears to be tolled
8    presently." Accordingly, unless the California Supreme Court expressly denies both
9    pending habeas petitions for untimeliness, petitioner will have five months from the
10   denial of those petitions to amend his pending federal habeas petition to add any of
11   the newly exhausted claims that currently are pending before the California Supreme
12   Court.

13   While it is conceivable that, by the time petitioner seeks leave to amend his
14   pending federal habeas petition, the limitations period **may** have run with respect to
15   one or more of the claims that petitioner seeks leave to add, it cannot be said at this
16   time with certainty that a stay would be futile. Nor does it make any difference that
17   petitioner's currently pending California Supreme Court habeas petitions do not
18   include all nine of the ineffective assistance of counsel claims that petitioner
19   indicated in his stay-and-abeyance motion he wants to raise herein. Since the
20   limitation period still has nearly two months to run, petitioner still has time to either
21   add those claims to one of his pending California Supreme Court habeas petitions or
22   file a new California Supreme Court habeas petition that includes those claims.

23   Accordingly, the Court has decided to exercise its discretion under Kelly v.
24   Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins
25   v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007) with respect to petitioner's stay-and-
26   abeyance motion, by granting it on the following conditions:

27       1.   Within fourteen (14) days of the service date of this Order,
28   if petitioner has not already done so, he shall present all of the

2

unexhausted claims that he wants to raise herein to the California Supreme Court, either by adding those claims to one of his pending California Supreme Court habeas petitions or by filing a new California Supreme Court habeas petition that includes those claims.

2. Within twenty-one (21) days of the service date of this Order, petitioner shall file a notice with the Court advising that he has complied with the foregoing condition.

3. Assuming petitioner does not obtain habeas relief from the California Supreme Court, the Petition shall be held in abeyance until thirty (30) days after the California Supreme Court issues its order(s) denying petitioner's habeas petition(s). Within that period of time, petitioner shall file a motion to amend his federal habeas petition to add his newly exhausted claims. The motion to amend shall be made in strict compliance with Local Rules 15-1 and 15-2 (copies of which the clerk is directed to send petitioner concurrently with the service of this Order).

4. The Court's granting of petitioner's stay-and-abeyance motion is without prejudice to respondent opposing petitioner's motion to amend on the ground that one or more of the claims that petitioner is seeking to add is time barred.

DATED: May 6, 2010


ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

3

# EXHIBIT

B pp. 1-4

EXHIBIT

Jofama Coleman,
V-27659, D4-137-U.,
CSATF, at Corcoran
State Prison,
P.O. Box-5242
Corcoran, California
                    93212

RECEIVED

JUN - 7 2010

CLERK SUPREME COURT

Petitioner Request that this
letter brief be Consolidated
with the petition for writ
of habeas corpus in Supreme
Court Case No. S-181403, now
pending before this Court.

Dated: May 27, (2010)

Dear Presiding Justice and Associate Justices:

    Comes Now, JOFAMA COLEMAN, hereinafter referred to as peti-

tioner, complains of the Respondent, KEN CLARK, now K. ALLISON,

Warden of CSATF, at Corcoran State Prison, and for legal cause

of action.

    Petitioner hereby files the instant letter brief addrising

another issue concerning false testimony of one of the prosecut-

ion's witnesses, Jesse Robles, who testified falsely against pe-

titioner in the case for which petitioner is presently impriso-

ned. Therefore, petitioner request that the court file this let-

ter brief to become consolidated with the petition for writ of

habeas corpus in Case No. S-181403, now pending before this Co-

urt, and was filed March 29, 2010.

    According to Jesse Robles, Renteria's vehicle was not par-

ked when the suspect's vehicle was fleeing the scene, Renteria's

"van" was traveling on 101st. Street coming from Vermont and

the suspect's "van" was "speeding" on 101-St. Street going towards Vermont, "Renteria's van was traveling on the "right lane" of the road and the suspects van was "speeding" on the "left lane" of the road, the driver of the suspects van was "looking" at Robles's home as he sped by, and the "headlights" of Renteria's van allowed Robles to "see" the driver of the suspects van,(RT. 952, 953, 942, 973, 975, 985). Contraversly, Renteria claimed she was "parked" on the Western perimiter of the Robles's home, "before" the shooting. (3 RT. 1225, 1232).

    Petitioner contends there are crucial points and/or facts trial counsel failed to raise.

    1) the Street in which these two van's were traveling on is very "Narrow", and two vehicles (Van's) would not be able to pass each other "at night" without crashing, especially when the driver of the suspect's van was allegedly "LOOKING" at Robles's home, and not paying attention to the road ahead as the driver was speeding by. If not crashing into Renteria's van under these circumstances, then clearly the driver of the suspect's van would have crashed into the vehicle's that were already parked on this "NARROW" street (See Photographic Exhibits A, consisting of 4 pages "attached.)

    Additionally, People's Exhibit number 5, 9, 11, 30 and 31, are photographs taken of the crime scene's road showing a "skid mark" consistent with the direction that witnesses say the suspect's van took off in (3 RT. 1314-1316), which shows the suspect's van was "speeding". Therefore, petitioner request that the Court file this letter brief to be consolidated with the writ of

habeas corpus in case No. S-181403, filed March 29, 2010.

CONCLUSION

For the reasons set forth in this letter brief and in the petitioner's petition in the above Supreme Court Case Number, the letter brief and the petition in said case number should be granted.

DATED: May, 27. 2010)

Respectfully Submitted,

/s/ *Jafama Coleman*

Jafama Coleman,

Petitioner.

Jofama Coleman

CASE NO: S-181403

PLAINTIFF/PETITIONER )
)
)
Vs. )
)
)
Kathleen Allison, warden )

DEFENDANT /RESPONDANT

**PROOF OF SERVICE BY MAIL**

I, the undersigned, hereby declare:

(1) I am a citizen of the United States; (2) I am over the age of 18 years; (3) I am a resident of Kings County, in California.

My mailing address is Post Office Box 5242 Corcoran, California 93212-5242.

On May, 27, 20 10, I served a true copy or original copy of the following:

Request to consolidate letter brief to Petition number S-181403

by placing said document(s) in a sealed postage-paid envelope into the CSATF-State Prison at Corcoran mail box for delivery to the United States Post Office at Corcoran, California, addressed as follows:

Jofama Coleman
c.d.c # V.27659
CSATF/State Prison @ Corcoran
P.O. Box 5242
Corcoran, CA. 93212

by placing said document(s) in a sealed Interdepartmental envelope into the California CSATF Facility Legal Mailbox for inner-institutional delivery to the below-listed person(s) at the following addresses:

THE SUPREME COURT OF CALIFORNIA
Earl Warren Building, CLERK OF THE COURT
350 McAllister Street
San Francisco, CA. 94102

And that this declaration was executed under the penalty of perjury at Corcoran, California 93212-5242, on May, 27, 20 10.

Jofama Coleman

PRINTED NAME (DECLARANT)

Jofama Coleman

SIGNATURE (DECLARANT)

# EXHIBIT

C pp. 1-5

EXHIBIT-C, 1-5

Jofama Coleman,
V-27659, D4-137-U.,
CSATF/SP, at Corcoran
State Prison,
P.O. Box-5242
Corcoran, California
                        93212

RECEIVED

JUN - 7 2010

CLERK SUPREME COURT

To be consolidated with the
Petitution for writ of habeas
Corpus now pending before
this Court in Case No. S-179973,
in which was filed Feb. 1, 2010.

Dated: May. 27. (2010)

Dear Presiding Justice and Associate Justices:

    Comes now, Jofama Coleman, hereinafter referred to as petit-
ioner complains of the Respondent, KEN CLARK, but now K. ALLISON,
Warden of CSATF/SP, at Corcoran State Prison.

    Petitioner hereby files the instant letter brief addressing
the importance of including United States -v- Arnold, 117 F.3d
1308 (C.A. 11 (Fla.) 1997),in his petition for writ of habeas
corpus in CASE NO. S-179973, in which is presently pending bef-
ore this court.

    This letter brief point out and clarify the fact that the
audio recordings conducted on the prosecution witnesses during
the detectives investigation.

    Petitioner contends that it is crucial that the audio reco-
rdings be provided to petitioner. The audio tape recorded inter-
views may "contradict" witnesses trial testimony, constituting
impeachment evidence. In the case at bar, eyewitness testimony
constituted the "only" evidence connecting petitioner to the

1

crime, thus, evidence undermining the credibility of the eyewitnesses testimony is vital towards and/or in petitioner's case.

In United States -v- Arnold, 117 F.3d 1108 (C.A. 11 (Fla.) 1997), the court properly reversed a conviction on the grounds that the prosecution with-held "audio tapes" that contradicted witness trial testimony. (Id., at pp. 1308, 1315, 1317). Thus, one seeking to present a full and complete defense or case, would conduct a "proper" and "adequate" investigation. Such an investigation can not be fulfilled without obtaining the discovery in which petitioner is entitled under Brady -v- Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and section 1054.1(e) of the California Penal Code. Additionally, the prosecutor in a criminal case "shall" make timely disclosure to the defense of "all" evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigate the offense (ABA Model Rule of Professional Conduct 3.8(d)(1984).)

Trial counsel's failure to adequately seek impeachment evidence and discovery should not bar petitioner from obtaining the very evidence in which he was entitled to at the time of trial.

The prosecution's witness (Albert Segundo) stated and/or suggested that when officers were documenting what he stated, words probably got mixed up and so fourth. Segundo also suggested that police officer inaccurately reported what he said (3 RT 1558). Thus, audio tape recorded statements made by Segundo would factually show and prove what was stated at that time. Additionally, if the tape recorded interview proves inconsistent with Segundo's trial testimony/statements, it clearly should

1  have been used for impeachment purposes. Petitioner contends such

2  evidence is crucial towards petitioner's case, for petitioner is

3  constitutionally entitled to "all" Brady/exculpatory material,

4  not ~~some~~. Some.

5       In an audio tape recorded interview, Jesse Robles stated

6  the driver of the Suspect's van was wearing a long sleeved black

7  hooded sweat-shirt with the hood down, and the passenger was wea-

8  ring a long sleeved black hooded sweat-shirt with the hood up

9  (Police Report at PP. 39, 40.) However, at trial Robles claimed

10 he never identified the driver as wearing a long sleeved black

11 hooded sweat-shirt with the hood down. Robles further claimed he

12 never seen the passenger and did not say anything to Sergeant

13 Katz about the passenger (2 RT. 984, 985).

14      Thus, the audio tape recorded interview would have factua-

15 lly proved what exactly was stated by Jesse Robles.

16      Petitioner contends, the material evidence in which trial

17 counsel failed to adequately seek and present was crucial. The

18 audio recording would have brought before the ears if the jury,

19 the exact statements made by Prosecution witnesses. Any effect-

20 iver attorney seeking to present an affimative defense, would

21 conduct an adequate investigation by first seeking all element,

22 Brady, and exculpatory material. Thus, petitioner contends such

23 evidence should be provided to petitioner.

24                          CONCLUSION

25      For the foregoing reasons, petitioner urges this court to

26 consolidate this letter brief with the petition for writ of ha-

27 beas corpus pending before this court. He also request that the

28

3

court reverse the wrongful judgment of conviction.

DATED: May, 27, (2010)

Respectfully submitted,

/s/ *Sofama Coleman*

Sofama Coleman,

Petitioner.

Jofama Coleman
PLAINTIFF/PETITIONER )

)
)
Vs. )

)
Kathleen Allison, warden )
DEFENDANT /RESPONDANT

CASE NO: S-179973

**PROOF OF SERVICE BY MAIL**

I, the undersigned, hereby declare:

(1)  I am a citizen of the United States; (2)  I am over the age of 18 years; (3)   I am a resident of Kings County, in California.

My mailing address is Post Office Box 5242 Corcoran, California 93212-5242.

On _May, 27_ , 20_10_, I served a true copy or original copy of the following:

Letter brief requesting consolidation with Petition number S-179973

by placing said document(s) in a sealed postage-paid envelope into the CSATF-State Prison at Corcoran mail box for delivery to the United States Post Office at Corcoran, California, addressed as follows:

Jofama Coleman
c.d.c# V-27659
CSATF/State Prison @ Corcoran
P.O. Box 5242
Corcoran, CA. 93212

by placing said document(s) in a sealed Interdepartmental envelope into the California CSATF Facility Legal Mailbox for inner-institutional delivery to the below-listed person(s) at the following addresses:

THE SUPREME COURT OF CALIFORNIA
Earl Warren Buld., CLERK OF THE COURT
350 McAllister Street
San Francisco, CA. 94102

And that this declaration was executed under the penalty of perjury at Corcoran, California 93212-5242, on _May, 27._ , 20_10_.

Jofama Coleman
PRINTED NAME (DECLARANT)

Jofama Coleman
SIGNATURE (DECLARANT)

EXHIBIT - D

S179973

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re JOFAMA REO COLEMAN on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.   (See *In re Clark* (1993) 5 Cal.4th 750.)

SUPREME COURT
FILED

SEP 1 5 2010

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**

*Chief Justice*

S181403

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re JOFAMA REO COLEMAN on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.   (See *In re Clark* (1993) 5
Cal.4th 750.)

SUPREME COURT
FILED

SEP 1 5 2010

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**
*Chief Justice*