1   EDMUND G. BROWN JR.
    Attorney General of California
2   DANE R. GILLETTE
    Chief Assistant Attorney General
3   PAMELA C. HAMANAKA
    Senior Assistant Attorney General
4   STEPHANIE C. BRENAN
    Deputy Attorney General
5   DAVID E. MADEO
    Deputy Attorney General
6   State Bar No. 180106
     300 South Spring Street, Suite 1702
7    Los Angeles, CA  90013
     Telephone:  (213) 897-4925
8    Fax:  (213) 897-6496
     E-mail:  DocketingLAAWT@doj.ca.gov
9   *Attorneys for Respondent*

10

11          IN THE UNITED STATES DISTRICT COURT

12      FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14  **JOFAMA COLEMAN,**                    CV 10-2343-AHM (RNB)

15                          Petitioner,    **RESPONDENT'S OPPOSITION
                                           TO PETITIONER'S MOTION TO**
16          **v.**                         **AMEND PETITION FOR WRIT
                                           OF HABEAS CORPUS;**
17  **KATHLEEN ALLISON, Acting**           **MEMORANDUM OF POINTS AND
    Warden,**                              **AUTHORITIES**
18
                                           The Hon. Robert N. Block
19                          Respondent.    U.S. Magistrate Judge

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities ...................................................................1

Procedural History ...................................................................................................1

Argument ..................................................................................................................3

    I.      The instant motion to amend the petition should be denied because the additional claims are untimely and do not relate back to the claims in the original petition ..........................................3

        A.     The applicable law ...............................................................3

        B.     The amended petition is facially untimely, and statutory tolling is not available ...........................................................4

        C.     Petitioner's new claims in the amended petition do not relate back to the claims in the original petition .........................7

    II.     The instant motion to amend the petition should be denied because the additional claims are procedurally defaulted ..................12

Conclusion ...............................................................................................................15

1

# TABLE OF AUTHORITIES

2

**Page**

3

4

**CASES**

5

*Allen v. Siebert*
   552 U.S. 3, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007) (per curiam)......................6

6

7

*Apprendi v. New Jersey*
   530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) .................................4

8

9

*Beard v. Kindler*
   130 S. Ct. 130 ...................................................................................................12

10

11

*Bennett v. Mueller*
   322 F.3d 573 (9th Cir. 2003).......................................................................13, 14

12

13

*Bonin v. Calderon*
   59 F.3d 815 (9th Cir. 1995).......................................................................... 3, 13

14

15

*Carey v. Saffold*
   536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 ...........................................6

16

17

*Coleman v. Thompson*
   501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) .........................12, 13

18

*Delander v. Hubbard*
   2008 WL 2622856 (S.D. Cal. 2008)................................................................6, 7

19

20

*Gonzalez v. Runnels*
   2008 WL 80744 (E.D. Cal. 2008) ......................................................................7

21

22

*Harris v. Reed*
   489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) ...............................13

23

24

*Hebner v. McGrath*
   543 F.3d 1133 (9th Cir. 2008).........................................................................12

25

26

*Hubbard v. Almager*
   2008 WL 4447575 (C.D. Cal. 2008) ..................................................................6

27

28

*In re Clark*
   5 Cal. 4th 750, 268 Cal. Rptr. 3099 (1993) ..............................................passim

# TABLE OF AUTHORITIES
## (continued)

Page

*In re Robbins*
   18 Cal. 4th 770, 77 Cal. Rptr. 2d 153 (1998)..........................................6, 13, 14

*La Crosse v. Kernan*
   244 F.3d 702 (9th Cir. 2001).........................................................................14

*Laurore v. Spencer*
   396 F. Supp. 2d 59 (D. Mass. 2005).........................................................8, 9, 10

*Major v. Hartley*
   2008 WL 5179039 (E.D. Cal. 2008) ................................................................6

*Martinez-Villareal v. Lewis*
   80 F.3d 1301 (9th Cir. 1996).........................................................................14

*Mayle v. Felix*
   545 U.S. 644, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) ................................8

*McCleskey v. Zant*
   499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) ...............................14

*Morales v. Calderon*
   85 F.3d 1387 (9th Cir. 1996).........................................................................14

*Murray v. Carrier*
   477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) .................................14

*Nino v. Galaza*
   183 F.3d 1003 (9th Cir. 1999).....................................................................5, 13

*Pace v. DiGuglielmo*
   544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669.......................................6, 7

*Park v. California*
   202 F.3d 1146 (9th Cir. 2000).........................................................................5

*Patterson v. Stewart*
   251 F.3d 1243 (9th Cir. 2001).........................................................................4

*Pink v. Modoc Indian Health Project, Inc.*
   157 F.3d 1185 (9th Cir. 1998).........................................................................4

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3    *Pitchess v. Superior Court*
4        11 Cal. 3d 531, 113 Cal. Rptr. 897 (1974)......................................2, 11

5    *Poland v. Stewart*
    169 F.3d 573 (9th Cir. 1998)......................................13
6

7    *Porter v. Ollison*
    620 F.3d 952 (9th Cir. 2010)......................................7
8

9    *Ranieri v. Terhune*
    366 F. Supp. 2d 934 (C.D. Cal. 2005)......................................13, 14
10

*Ratliff v. Hedgpeth*
11        ___ F. Supp. 2d ___, 2010 WL 1848210 (C.D. Cal. 2010)......................................6

12    *Righetti v. Hedgpeth*
13        2010 WL 1525424 (E.D. Cal. 2010) ......................................6

14    *Scott v. Baldwin*
15        225 F.3d 1020 (9th Cir. 2000)......................................4

16    *Siripongs v. Calderon*
17        35 F.3d 1308 (9th Cir. 1994)......................................14

18    *Smith v. Duncan*
19        297 F.3d 809 (9th Cir. 2002)......................................5

20    *Sousa v. Yates*
    2010 WL 369299 (C.D. Cal. 2010) ......................................7
21

22    *United States v. Ciampi*
    419 F.3d 20 (2d Cir. 2005)......................................8
23

24    *Wafer v. Adams*
    329 Fed. Appx. 83 (9th Cir. 2009) ......................................6

25    *Waldrip v. Hall*
26        548 F.3d 729 (9th Cir. 2008)......................................3

27

28

1
2

# TABLE OF AUTHORITIES
## (continued)

**Page**

3    STATUTES

4    28 U.S.C. § 2244(d)(1)(A) ................................................................4

5    28 U.S.C. § 2244(d)(2) ..............................................................5, 6
6
7    Cal. Penal Code, § 187(a) ...........................................................4

8    COURT RULES

9    9th. Cir. Rule 36-3 .......................................................................6

10   Fed. R. App. P. 32.1 ....................................................................6

11   Fed. R. Civ. P. 15(a) ....................................................................3

12   Fed. R. Civ. P. 15(c) .................................................................7, 8

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1        Pursuant to this Court's Order filed November 23, 2010, Respondent,

2   Kathleen Allison, Acting Warden of the California Substance Abuse Treatment

3   Facility and State Prison in Corcoran, California, hereby files this Opposition to

4   Petitioner's Motion to Amend the Petition for Writ of Habeas Corpus ("Motion")

5   on the ground that the additional claims are untimely and procedurally barred.

6   Therefore, amending the Petition for Writ of Habeas Corpus with the new claims in

7   the Amended Petition for Writ of Habeas Corpus would be futile.

8        WHEREFORE, Respondent respectfully submits that Petitioner's Motion to

9   Amend the Petition be denied.

10

11  Dated:  December 21, 2010                    Respectfully submitted,

12                                              EDMUND G. BROWN JR.
                                                Attorney General of California
13                                              DANE R. GILLETTE
                                                Chief Assistant Attorney General
14                                              PAMELA C. HAMANAKA
                                                Senior Assistant Attorney General
15                                              STEPHANIE C. BRENAN
                                                Deputy Attorney General
16

17                                              **/s/ David E. Madeo**
                                                DAVID E. MADEO
18                                              Deputy Attorney General
                                                *Attorneys for Respondent*
19

20

21

22

23

24

25

26

27

28

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## PROCEDURAL HISTORY

On March 31, 2010, Petitioner filed a Petition for Writ of Habeas Corpus ("Original Petition"), alleging six claims arising from his conviction for first degree murder in Los Angeles County Superior Court case number YA059765: (1) false evidence was introduced at trial during an eyewitness's testimony; (2) Petitioner received ineffective assistance of counsel when counsel failed to adequately investigate the eyewitness's testimony; (3) the jury received prejudicial information during deliberations about Petitioner's prior criminal history that had not been presented at trial; (4) the prosecutor committed misconduct by placing inadmissible evidence about Petitioner's criminal history before the jury; (5) the jury's inadvertent receipt of information regarding Petitioner's criminal history constitutes jury misconduct; and (6) Petitioner received ineffective assistance of counsel when counsel failed to object to the introduction of Petitioner's criminal history. (*See* Pet. at 5-6a, Attach. at 1-55.)

Concurrently with the Petition, Petitioner filed a motion to stay the instant proceeding so that he could exhaust in the state courts nine additional claims of ineffective assistance of counsel. Respondent filed an Opposition to Petitioner's Request for Stay and Abeyance ("Opposition") on May 4, 2010. On May 7, 2010, this Court conditionally granted Petitioner's motion to stay.

On October 12, 2010, Petitioner filed a motion to amend the Petition. On November 17, 2010, Petitioner's Proposed Amended Petition for Writ of Habeas Corpus ("Amended Petition") was lodged in this Court. The Amended Petition contained claims that mirrored Petitioner's claims in the Original Petition: (1) false evidence was introduced during Petitioner's trial (Am. Pet. at 5, Attach. at 27-31); (2) Petitioner's constitutional right to due process and fair trial were violated by introducing false evidence (Am. Pet. at 5, Attach. at 31-32); (3) Petitioner received ineffective assistance of counsel when counsel failed to investigate and object to

1

false evidence (Am. Pet. at 6, Attach. at 32-37); (4) evidence of Petitioner's prior arrest and criminal history was inadmissible (Am. Pet. at 6, Attach. at 37-39); (5) the introduction of information regarding Petitioner's criminal history denied his constitutional rights to an impartial jury and to due process (Am. Pet. at 6, Attach. at 40-48); (6) the introduction of Petitioner's criminal history constituted jury misconduct (Am. Pet. at 6a, Attach. at 46-48); (7) the introduction of Petitioner's criminal history constituted prosecutorial misconduct (Am. Pet. at 6a, Attach. at 48-52); (8) Petitioner received ineffective assistance of counsel when counsel failed to object to prosecutorial misconduct (Am. Pet. at 6a, Attach. at 52-54); and (9) the error resulted in a denial of the constitutional right to impartial jury and due process.  (Am. Pet. at 6b, Attach. at 54-65).[1]

The Amended Petition also contained twelve additional claims that had not been alleged in the Original Petition: (10) the trial court failed to bifurcate the proceedings (Am. Pet. at 6b, Attach. at 66-81); (11) the introduction of Petitioner's bad character evidence was evidentiary error (Am. Pet. at 6b, Attach. at 82-85); (12) Petitioner received ineffective assistance of counsel when counsel failed to investigate a potentially meritorious defense (Am. Pet. at 6c, Attach. at 86-105); (13) the prosecutor committed misconduct by making false statements before the jury (Am. Pet. at 6c, Attach. at 106-11); (14) Petitioner received ineffective assistance of counsel when counsel failed to object to prosecutorial misconduct (Am. Pet. at 6c, Attach. at 112-15); (15) Petitioner received ineffective assistance of counsel when counsel failed to file a *Pitchess*[2] motion (Am. Pet. at 6d, Attach. at 116-24); (16) Petitioner received ineffective assistance of counsel when counsel failed to secure the services of a psychologist (Am. Pet. at 6d, Attach. at 124-80); (17) trial counsel deprived Petitioner of a crucial or potentially meritorious defense

---

[1] The substance of these nine claims in the Amended Petition were contained in the six claims in the Original Petition.
[2] *Pitchess v. Superior Court*, 11 Cal. 3d 531, 113 Cal. Rptr. 897 (1974).

(Am. Pet. at 6d, Attach. at 180-83); (18) Petitioner received ineffective assistance of counsel when counsel failed to move to exclude Lopez's identification evidence (Am. Pet. at 6e, Attach. at 184-87); (19) Petitioner received ineffective assistance of counsel when counsel failed to move to exclude Renteria's identification evidence (Am. Pet. at 6e, Attach. at 187-209); (20) the cumulative effect of the errors resulted in a fundamentally unfair trial (Am. Pet. at 6e, Attach. at 209-13); (21) the trial court erred in denying post-conviction discovery (Am. Pet. at 6f, Attach. at 213-21).

On November 23, 2010, this Court ordered Respondent to respond to Petitioner's Motion.  For the reasons set forth below, Petitioner's Motion to Amend the Petition should be denied.

## ARGUMENT

**I.   THE INSTANT MOTION TO AMEND THE PETITION SHOULD BE DENIED BECAUSE THE ADDITIONAL CLAIMS ARE UNTIMELY AND DO NOT RELATE BACK TO THE CLAIMS IN THE ORIGINAL PETITION**

As set forth below, the additional claims alleged in the Amended Petition are untimely and do not relate back to the claims in the Original Petition.  Therefore, Petitioner's Motion to Amend the Petition should be denied because adding the additional claims to the Petition would be futile.

### A.   The Applicable Law

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend his petition by leave of court at any time, and such leave shall be freely given when justice so requires.  In determining whether to grant a motion for leave to amend, a court considers the following factors, which are not given equal weight: futility of the amendment, bad faith, undue delay, prejudice to the opposing party, and whether the party has previously amended.  *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Indeed, the futility of an amendment, by itself, justifies the denial of a motion for leave to amend.  *Bonin*, 59 F.3d at 845 (in a federal habeas case, Ninth Circuit held that

1   "futility of an amendment can, by itself, justify the denial of a motion for leave to

2   amend because the proffered amendments would be nothing more than an exercise

3   in futility"); *see Scott v. Baldwin*, 225 F.3d 1020, 1023 (9th Cir. 2000) (petitioner's

4   motion to remand denied because it would be futile to amend the habeas petition to

5   allege a claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.

6   Ed. 2d 435 (2000)); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185,

7   1189 (9th Cir. 1998) (district court properly denies a party's request for leave to

8   amend if such leave would be futile).

9       **B.   The Amended Petition Is Facially Untimely, and Statutory**

10                 **Tolling Is Not Available**

11        Under the AEDPA, a state prisoner ordinarily has one year from the date his

12   conviction becomes final to file a federal habeas corpus petition.  28 U.S.C. §

13   2244(d)(1)(A).  Here, Petitioner was convicted of first degree murder, in violation

14   of California Penal Code section 187(a).  (1CT at 186-87.)[3]  Petitioner was

15   sentenced to twenty-five years to life in state prison.  (2CT at 302, 304.)  The

16   California Court of Appeal affirmed the judgment, and, on April 1, 2009, the

17   California Supreme Court denied review.  (Opp. LD D, K.)[4]  There is no indication

18   in the record that Petitioner filed a petition for writ of certiorari in the Supreme

19   Court of the United States.  Accordingly, Petitioner's judgment became final ninety

20   days later, on June 30, 2009.  Therefore, absent tolling, the last date for Petitioner to

21   file his federal petition was June 30, 2010, one year after the judgment became

22   final.  28 U.S.C. § 2244(d)(1)(A); *see Patterson v. Stewart*, 251 F.3d 1243, 1246

23   (9th Cir. 2001).

24

25   _____

26       [3] Copies of the Clerk's Transcript, prepared in connection with Petitioner's
direct appeal, were lodged concurrently with the Opposition to Petitioner's Request
for Stay, filed May 4, 2010.

27       [4] "Opp. LD" refers to Lodged Documents filed concurrently with the
Opposition to Petitioner's Request for Stay, filed May 4, 2010.

28

1    The period of limitation is tolled while a properly filed state post-conviction

2   petition is pending.  28 U.S.C. § 2244(d)(2).  However, the petitioner has the

3   burden of demonstrating that the limitation period was sufficiently tolled.  *Smith v.*

4   *Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

5    Here, Petitioner filed a habeas petition in the California Court of Appeal on

6   August 15, 2008.  (Opp. LD F.)  That habeas petition was consolidated with

7   Petitioner's direct appeal and denied on December 30, 2008.  (Opp. LD I.)  The

8   claims presented in that petition were presented to the California Supreme Court in

9   Petitioner's second petition for review, which was denied on April 1, 2009, the

10   same date the first petition for review was denied.  (Opp. LD L, M, N.)

11    On February 1, 2010, Petitioner filed a habeas petition in the California

12   Supreme Court, in case number S179973, alleging one claim that the trial court

13   erred in denying Petitioner's discovery motion.[5]  (Opp. LD O.)  On March 29,

14   2010, Petitioner filed a second habeas petition in the California Supreme Court, in

15   case number S181403, alleging seven ineffective assistance of counsel claims, one

16   prosecutorial misconduct claim, a bifurcation claim, and a cumulative error claim.[6]

17   (Opp. LD Q.)  On September 15, 2010, the California Supreme Court denied both

18   petitions with a citation to *In re Clark*, 5 Cal. 4th 750, 268 Cal. Rptr. 3099 (1993) .

19   (LD T, U.)[7]

20    Petitioner is not entitled to any statutory tolling for his two state habeas

21   petitions before the California Supreme Court.  This is because the California

22   Supreme Court's citation to *Clark* signifies that the petition was denied as untimely.

23   *Nino v. Galaza*, 183 F.3d 1003, 1007, n.4 (9th Cir. 1999) (California state court's

24   dismissal of habeas petition with citation to *In re Clark* is for untimeliness); *Park v.*

25   [5] This claim constitutes Ground Twenty-One in the Amended Petition.  (*See*

26   Am. Pet. at 6f, Attach. at 213-21.)
    [6] These claims constitute Grounds Ten through Twenty in the Amended

27   Petition.  (*See* Am. Pet. at 6b-6e, Attach. at 66-213.)
    [7] "LD" refers to Lodged Documents filed concurrently with the instant

28   Opposition.

1  *California*, 202 F.3d 1146, 1152 n.3 (9th Cir. 2000) (noting that *Clark* "dealt
2  specifically with the bar of untimeliness").

3      The California Supreme Court's untimeliness finding is "the 'end of the
4  matter' for purposes of § 2244(d)(2)."  *Pace v. DiGuglielmo*, 544 U.S. 408, 414,
5  125 S. Ct. 1807, 161 L. Ed. 2d 669 (quoting *Carey v. Saffold*, 536 U.S. 214, 226,
6  122 S. Ct. 2134, 153 L. Ed. 2d 260).  Because the California Supreme Court denied
7  the state habeas petitions as untimely, they were not "properly filed" and thus
8  Petitioner is not entitled to statutory tolling for these petitions.  *Id.* at 417; *accord*
9  *Allen v. Siebert*, 552 U.S. 3, 5-7, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007) (per
10  curiam); *see Wafer v. Adams*, 329 Fed. Appx. 83, 84 (9th Cir. 2009)[8] ("The
11  California Supreme Court's citation to *In re Clark*, 5 Cal. 4th 750 . . . reflected the
12  intention to dismiss Wafer's second and third state habeas petitions as untimely"
13  such that the petition did not qualify for statutory tolling); *see also Righetti v.*
14  *Hedgpeth*, 2010 WL 1525424, *3 (E.D. Cal. 2010) (superior court found petition
15  untimely by citing *Clark*, and thus no statutory tolling for that petition); *Major v.*
16  *Hartley*, 2008 WL 5179039, *6 (E.D. Cal. 2008) ("the California Supreme Court's
17  express finding that Petitioner's habeas corpus petition was untimely under
18  California law [,]" by its citation to *Clark*, "means that the petition was not
19  'properly filed' and therefore did not toll the limitations period"); *Hubbard v.*
20  *Almager*, 2008 WL 4447575, *6 (C.D. Cal. 2008) (same*); see also In re Robbins*,
21  18 Cal. 4th 770, 813-14, 77 Cal. Rptr. 2d 153 (1998); *but see Ratliff v. Hedgpeth*,
22  ___ F. Supp. 2d ___, 2010 WL 1848210 (C.D. Cal. 2010).

23      A citation to *Clark* without a pinpoint cite may also indicate that the state
24  court is denying the petition because it is successive.  *See, e.g., Delander v.*
25  *Hubbard*, 2008 WL 2622856, *6 (S.D. Cal. 2008) ("This citation [to *Clark*]

26  _____
27  [8] Pursuant to Federal Rule of Appellate Procedure 32.1 and Ninth Circuit
   Rule 36-3, unpublished decisions issued on or after January 1, 2007, although not
28  binding precedent, may be cited.

1   demonstrates that the court is denying the petition because it is either successive or

2   untimely").  "California rules provide that a successive petition is by necessity a

3   delayed petition."  *Id.* (citing *Clark*, 5 Cal. 4th at 770 (holding that, "a successive

4   petition presenting additional claims that could have been presented in an earlier

5   attack on the judgment is, of necessity, a delayed petition")).  Thus, whether the

6   citation to *Clark* indicated that petitioner's state habeas petition were also

7   successive, "this does not change the determination that the Petition was not

8   properly filed for tolling purposes."  *Sousa v. Yates*, 2010 WL 369299, *5 n.7 (C.D.

9   Cal. 2010) (citing *Gonzalez v. Runnels*, 2008 WL 80744, *4 (E.D. Cal. 2008)

10  ("[U]nder *Pace*, whether the state supreme court meant to indicate that the petition

11  was untimely or successive would be essentially a distinction without a difference

12  in the context of statutory untimeliness under AEDPA"), and *Delander*, 2008 WL

13  2622856, at *6; *see Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("For

14  tolling to be applied based on a second round, the petition cannot be untimely or an

15  improper successive petition.").

16      Here, without the benefit of statutory tolling, Petitioner's one-year limitations

17  period expired on June 30, 2010.  Therefore, any new claims in the Amended

18  Petition, lodged on November 17, 2010, that do not relate back to the Original

19  Petition are untimely.

20      **C.   Petitioner's New Claims in the Amended Petition Do Not Relate
21            Back to the Claims in the Original Petition**

22      Petitioner is not entitled to relation back because the new claims set forth in

23  the Amended Petition do not share a common core of operative facts with the

24  claims set forth in the Original Petition.  Under Federal Rule of Civil Procedure

25  15(c), a claim set forth in an amended habeas petition "relates back" to the date of

26  filing of the original petition if the claims in the amended petition and the claims in

27  the original petition share a "common core of operative facts" uniting the original

28  and newly asserted claims.  An amended habeas petition does not relate back, and

1   thus escape AEDPA's one-year time limit, if it asserts a new ground for relief
2   supported by facts that differ in both time and type from those set forth in the
3   original pleading.  *Mayle v. Felix*, 545 U.S. 644, 650, 125 S. Ct. 2562, 162 L. Ed.
4   2d 582 (2005).

5       Courts interpreting Rule 15(c) after *Mayle* have made it clear that claims do
6   not share a "common core of operative facts" merely because they both allege the
7   same legal theory of constitutional violation.  *United States v. Ciampi*, 419 F.3d 20,
8   24 (2d Cir. 2005) (ineffective assistance of counsel); *Laurore v. Spencer*, 396 F.
9   Supp. 2d 59, 62-64 (D. Mass. 2005) (instructional error).  For example, in *Ciampi*,
10  the Second Circuit rejected petitioner's argument that his new claim shared a
11  "common core of operative facts" because both claims alleged ineffective
12  assistance of counsel:

13          As the Supreme Court recently made crystal clear, *see Mayle*, 125 S.
14      Ct. at 2570, a petitioner does not satisfy the Rule 15 "relation back"
15      standard merely by raising some type of ineffective assistance in the
16      original petition, and then amending the petition to assert another
17      ineffective assistance claim based upon an entirely distinct type of
18      attorney misfeasance.  *See, e.g., Davenport v. United States*, 217 F.3d
19      1341, 1346 (11th Cir. 2000); [*United States v.*] *Duffus*, 174 F.3d [333,]
20      337 [(3d Cir. 1999)].

21  *Ciampi*, 419 F.3d at 24.

22      *Laurore v. Spencer*, 396 F. Supp. 2d 59, is also instructive.  In *Laurore*, a state
23  prisoner sought federal habeas review, and later sought to add three new claims by
24  amendment and to stay the proceedings pending his exhaustion of the new claims in
25  state court.  *Laurore*, 396 F. Supp. 2d at 61-62.  The court set forth the three new
26  claims as follows:

27          Laurore requests permission to exhaust three new claims so that he
28      may add them to his petition.  First, he claims that the trial court erred in

8

refusing to give an instruction on manslaughter over defense counsel's

objection.   Second, he asserts that the trial court should have instructed

the jury on the meaning of malice because his "mental impairment

precluded the specific intent to commit murder."  Finally, he claims that

he was "denied the assistance of counsel on direct appeal."

*Id*. at 63 (citations omitted).

As an initial matter, the court held that "Laurore's third new claim is easily

dismissed" because "[a]t no point in his original or amended petitions did he assert

any argument even remotely related to his appeal or his appellate counsel."

*Laurore*, 396 F. Supp. 2d at 63.  The court then turned to Laurore's two new

instructional error claims and held that despite the fact that the timely petition

included two claims of instructional error, the two new claims did not relate back as

they were of "a distinctly different legal nature than the claim in the original

petition":

At first glance, it appears that these claims might relate to the third

and fourth grounds for relief asserted in Laurore's amended petition, in

that they all deal with allegedly defective jury instructions.  Previously,

Laurore has asserted that the trial court's jury instructions on the

voluntariness of Laurore's statements to police were constitutionally

defective because the court failed to instruct the jury that voluntariness

must be proved beyond a reasonable doubt.  Laurore's brief in his appeal

to the Supreme Judicial Court suggests that this claim is based on his

alleged mental impairment at the time of his interrogation by the police.

In this respect, the new claims concerning jury instructions as to

Laurore's inability to form the requisite intent required for the charged

crimes might be sufficiently similar to allow relation back, in that all

three claims rely on an alleged mental deficiency and the trial court's

failure to present this issue to the jury.

9

1      *Upon closer examination, however, this reasoning cannot prevail.*

2      *Although all the claims relate to alleged defects in the jury instructions,*

3      *the new claims are of a distinctly different legal nature than the claim in*

4      *the original petition.*  The new claims presumably rely on the Fourteenth

5      Amendment and due process protections while the original claim is based

6      on Laurore's Fifth Amendment privilege against self-incrimination.

7      Therefore, the claims are not sufficiently similar in type.

8   *Id.* (emphasis added, citations omitted).

9      The court then found that the new claims could not be said to be an

10  elaboration on any of the petitioner's timely claims:

11      Further, Laurore's new claims cannot be seen as an attempt simply

12      to "elaborate upon his earlier claims." [*United States v.*] *Hicks*[, 283 F.3d

13      380,] 388 [(D.C. Cir. 2002)].  As mentioned above, Laurore originally

14      claimed that the jury should have been instructed to consider whether his

15      interrogation was voluntary beyond a reasonable doubt.  The later claims

16      – those involving the instructions on the capacity to form intent at the

17      time of the murder – cannot be considered the logical outgrowth of the

18      claim that an erroneous standard of proof was explained to the jury.  *See*

19      *id.* ("[W]hile amendments that expand upon or clarify facts previously

20      alleged will typically relate back, those that significantly alter the nature

21      of a proceeding by injecting new and unanticipated claims are treated far

22      more cautiously.").  An examination of Laurore's mental state at the

23      time the crimes were committed is simply not the same as an examination

24      of his mental state at the time of his interrogation.

25      Therefore, because Laurore's new claims are not sufficiently related

26      in time and type to the claims in his amended petition, he may not further

27      amend the petition to include these new claims.

28  *Laurore*, 396 F. Supp. 2d at 63-64.

Here, the Original Petition contains six claims: (1) false evidence was introduced at trial during an eyewitness's testimony; (2) Petitioner received ineffective assistance of counsel when counsel failed to adequately investigate the eyewitness's testimony; (3) the jury received prejudicial information during deliberations about Petitioner's prior criminal history that had not been presented at trial; (4) the prosecutor committed misconduct by placing inadmissible evidence about Petitioner's criminal history before the jury; (5) the jury's inadvertent receipt of information regarding Petitioner's criminal history constitutes jury misconduct; and (6) Petitioner received ineffective assistance of counsel when counsel failed to object to the introduction of Petitioner's criminal history.  (*See* Pet. at 5-6a, Attach. at 1-55.)

Here, the new claims in the Amended Petition are based on totally separate facts and concern entirely distinct legal questions: (10) the trial court failed to bifurcate the proceedings (Am. Pet. at 6b, Attach. at 66-81); (11) the introduction of Petitioner's bad character evidence was evidentiary error (Am. Pet. at 6b, Attach. at 82-85); (12) Petitioner received ineffective assistance of counsel when counsel failed to investigate a potentially meritorious defense (Am. Pet. at 6c, Attach. at 86-105); (13) the prosecutor committed misconduct by making false statements before the jury (Am. Pet. at 6c, Attach. at 106-11); (14) Petitioner received ineffective assistance of counsel when counsel failed to object to prosecutorial misconduct (Am. Pet. at 6c, Attach. at 112-15); (15) Petitioner received ineffective assistance of counsel when counsel failed to file a *Pitchess* motion (Am. Pet. at 6d, Attach. at 116-24); (16) Petitioner received ineffective assistance of counsel when counsel failed to secure the services of a psychologist (Am. Pet. at 6d, Attach. at 124-80); (17) trial counsel deprived Petitioner of a crucial or potentially meritorious defense (Am. Pet. at 6d, Attach. at 180-83); (18) Petitioner received ineffective assistance of counsel when counsel failed to move to exclude Lopez's identification evidence (Am. Pet. at 6e, Attach. at 184-87); (19) Petitioner received ineffective assistance of

11

1  counsel when counsel failed to move to exclude Renteria's identification evidence

2  (Am. Pet. at 6e, Attach. at 187-209); (20) the cumulative effect of the errors

3  produced a fundamentally unfair trial (Am. Pet. at 6e, Attach. at 209-13); (21) the

4  trial court erred in denying post-conviction discovery (Am. Pet. at 6f, Attach. at

5  213-21).

6       Thus, none of the new claims in the Amended Petition "relate back" to any of

7  the claims in the Original Petition.  *See Hebner v. McGrath*, 543 F.3d 1133, 1137-

8  39 (9th Cir. 2008) (admission of propensity evidence claim and claim regarding

9  instructions given to jury regarding that same propensity evidence did not share a

10  common core of operative facts because instructional claim "was 'separated in time

11  and type'" from admission of evidence claim: "[H]ere, there are two discreet

12  occurrences . . . the admission of evidence during trial and the instructions charged

13  to the jury after the close of evidence.  The two claims depend upon separate

14  transactions and do not share a common core of operative fact").

15      Accordingly, the new claims in the Amended Petition do not relate back to the

16  claims in the Original Petition.  Since the one-year statute of limitations has already

17  expired, the new claims in the Amended Petition cannot be amended back into the

18  Petition.  Thus, Petitioner's Motion to Amend the Petition with his newly added

19  claims in Grounds Ten through Twenty-One should be denied as futile.

20  **II.   THE INSTANT MOTION TO AMEND THE PETITION SHOULD BE DENIED
21        BECAUSE THE ADDITIONAL CLAIMS ARE PROCEDURALLY DEFAULTED**

22      As set forth below, the additional claims alleged in the Amended Petition are

23  procedurally defaulted because the California Supreme Court rejected these claims

24  as untimely.  Therefore, Petitioner's Motion to Amend the Petition should be

25  denied because adding the new claims would be futile.

26      A federal court may not review a claim if the decision of the state court rests

27  on a state law ground that is independent of the federal question and adequate to

28  support it.  *Beard v. Kindler*, 130 S. Ct. 130 612, 614 (2009) (quoting *Coleman v.*

1   *Thompson*, 501 U.S. 722, 729, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).  In other

2   words, in all cases in which a state prisoner has defaulted his federal claims in state

3   court pursuant to an independent and adequate state procedural rule, federal habeas

4   review of the claims is barred unless the prisoner can demonstrate cause for the

5   default and actual prejudice as a result of the alleged violation of federal law, or

6   demonstrate that failure to consider the claims will result in a fundamental

7   miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Poland v. Stewart*, 169 F.3d 573,

8   577 (9th Cir. 1998); *Bonin*, 59 F.3d at 842-43.  A habeas petitioner who has failed

9   to meet the state's procedural requirements for presenting federal claims has

10  deprived the state courts of an opportunity to address those claims in the first

11  instance, just as a petitioner who has failed to exhaust state remedies.  *Coleman*,

12  501 U.S. at 732; *see also Harris v. Reed*, 489 U.S. 255, 265-66, 109 S. Ct. 1038,

13  103 L. Ed. 2d 308 (1989) (state court must, however, clearly and expressly invoke

14  the default by providing a "plain statement" of default).

15      In *In re Robbins*, 18 Cal. 4th 770, the California Supreme Court discussed its

16  policies concerning the timely presentation of habeas corpus petitions.  Where a

17  petition is filed after a long delay, the supreme court noted, the petitioner has the

18  burden of establishing absence of substantial delay, good cause for the delay, or that

19  the claim falls within an exception to the bar of untimeliness.  *Robbins*, 18 Cal. 4th

20  at 780.

21      As stated previously, a California Supreme Court citation to *Clark* signifies

22  that the petition was denied as untimely.  *Nino*, 183 F.3d at 1007 n.4.  A state court

23  citation to *Clark* or *Robbins* invoking the untimeliness bar constitutes an

24  independent and adequate state ground barring federal relief.  *Bennett v. Mueller*,

25  322 F.3d 573, 581 (9th Cir. 2003); *Ranieri v. Terhune*, 366 F. Supp. 2d 934 (C.D.

26  Cal. 2005) (California Supreme Court's denial of habeas relief with a citation to

27  *Clark* was an adequate and independent state procedural ground prohibiting relief).

28

13

Here, on September 15, 2010, the California Supreme Court denied Petitioner's habeas petitions in case numbers S179973 and S181403 as untimely, citing *Clark*, 5 Cal. 4th 750.  (LD T, U.)  The California Supreme Court's imposition of the timeliness procedural bar precludes federal relief on the newly added claims in his Amended Petition (Grounds Ten through Twenty-One), as the procedural bar was imposed long after that court's decision in *Clark*, and after the *Robbins* decision itself.  *See generally La Crosse v. Kernan*, 244 F.3d 702, 705 (9th Cir. 2001) ("[T]he California Supreme Court was applying the untimeliness bar because [petitioner] delayed nearly twelve years between his direct appeal and his state petition for habeas corpus"); *Morales v. Calderon*, 85 F.3d 1387, 1389-93 (9th Cir. 1996) (invalidating pre-*Clark* denials based upon delay or untimeliness because no standards were provided in the Supreme Court's policies for what would excuse delay beyond the specified periods); *Siripongs v. Calderon*, 35 F.3d 1308, 1318 (9th Cir. 1994); *Ranieri*, 366 F. Supp. 2d at 942 (concluding that the respondent had "adequately pled" that the untimeliness rule is an independent and adequate state procedural ground).

As Petitioner has failed to show cause and prejudice with respect to his delay in seeking relief, the new claims in the Amended Petition are barred.  *See generally Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996); *see also McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) (cause is external impediment such as government interference or reasonable unavailability of claim's factual basis); *see Bennett*, 322 F.3d at 586.

Accordingly, Petitioner's Motion to Amend the Petition with his newly added claims in Grounds Ten through Twenty-One should be denied as futile.

/ / /

/ / /

/ / /

14

1

**CONCLUSION**

2          For the foregoing reason, Respondent respectfully requests that Petitioner's

3    Motion to Amend be denied.

4    Dated:  December 21, 2010                    Respectfully submitted,

5                                                 EDMUND G. BROWN JR.
                                                  Attorney General of California
6                                                 DANE R. GILLETTE
                                                  Chief Assistant Attorney General
7                                                 PAMELA C. HAMANAKA
                                                  Senior Assistant Attorney General
8                                                 STEPHANIE C. BRENAN
                                                  Deputy Attorney General
9

10

11                                               **/s/ David E. Madeo**
                                                  DAVID E. MADEO
                                                  Deputy Attorney General
12                                                *Attorneys for Respondent*

13   LA2010501376
     60592824.doc
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

# CERTIFICATE OF SERVICE

Case Name:    **Jofama Coleman v.**            No.    **CV 10-2343-AHM (RNB)**
              **K. Clark, Warden**

I hereby certify that on <u>December 21, 2010</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>December 21, 2010</u>, I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Jofama Reo Coleman**
**CDC # V-27659**
**California Substance Abuse Treatment Facility**
**P.O. Box 5242**
**Corcoran, CA 93212**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 21, 2010</u>, at Los Angeles, California.

_____                _____
      Bernard M. Santos                                      Signature
         Declarant

60592908.doc