I make this verification in my capacity as a pro-per litigant because i am without an attorney and the facts set forth in this motion are to the best of my knowledge.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

DATE: January 18, 2011

Jofama Coleman
Jofama Coleman

Jofama Coleman
PLAINTIFF/PETITIONER

Vs.

Kathleen Allison (acting warden)
DEFENDANT /RESPONDANT

CASE NO: CV·10·2343·AHM (RNB)

)
)
)
)
)
)
)

**PROOF OF SERVICE BY MAIL**

I, the undersigned, hereby declare:

(1) I am a citizen of the United States; (2) I am over the age of 18 years; (3) I am a resident of Kings County, in California.

My mailing address is Post Office Box 5242 Corcoran, California 93212-5242.

On January 18, 20 11, I served a true copy or original copy of the following:

PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION MOTION TO AMEND PETITIONER'S WRIT OF HABEAS CORPUS.

by placing said document(s) in a sealed postage-paid envelope into the CSATF-State Prison at Corcoran mail box for delivery to the United States Post Office at Corcoran, California, addressed as follows:

Jofama Coleman
cdc# v.27659
LSATF/State Prison @ Corcoran
P.O. BOX 5242
Corcoran, CA. 93212

by placing said document(s) in a sealed Interdepartmental envelope into the California CSATF Facility Legal Mailbox for inner-institutional delivery to the below-listed person(s) at the following addresses:

DEPARTMENT OF JUSTICE
office of the Attorney General
300 South Spring street, suite 1702
Los Angeles, CA. 90013

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT- CALIFONIA
ATNN: Clerk of the Court
312 North Spring St.# G-8
Los Angeles, CA. 90012 - 4793

And that this declaration was executed under the penalty of perjury at Corcoran, California 93212-5242, on January 18, 20 11.

Jofama Coleman
PRINTED NAME (DECLARANT)

Jofama Coleman
SIGNATURE (DECLARANT)



EXHIBIT

"A" 1-17

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

*forward to Appeals*

| Location: | Institution/Parole Region | | Log No. | | Category |
|---|---|---|---|---|---|
| 1. | SATF-D | 1. | | | 3 |
| | | | WARDEN | | |
| 2. | | 2. | | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Jofama Coleman | V-27659 | N/A | D-4  137 |

**A. Describe Problem:** My attorney Patricia Ihara sent me legal items pertaining to my case, i was informed and provided the option of sending it back to my attorney or placed on my legal property (see att Exhibit A). After waiting approximately four days from sending Exh. A to sgt Pugliese, i sent an inmate request form to R&R asking to be ducated to R&R to view my legal items. R&R was unresponsive to my request. (see attached sheet) →

If you need more space, attach one additional sheet.

**B. Action Requested:** Compensation for delaying my access to court, not following the procedure for incoming legal mail, negligence, tampering and/or opening my legal mail out of my view. There are laws ~~against~~ governing this matter and i request compensation

Inmate/Parolee Signature: *Jofama Coleman*        Date Submitted: 7-21-2009

**C. INFORMAL LEVEL (Date Received:** 8/14/09 **)**

**Staff Response:** ~~DENIED~~ To receive any form of compensation harm must be proven. This short delay in you viewing the material has in no way delayed your case with the courts. There has been no harm proven in this case. Based on the for going your 602 has been Denied at this level.

Staff Signature: *J G McKein*   L McKein        Date Returned to Inmate: 6/14/09

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

My legal mail was opened out of my presence, likely because officers were reading and viewing my legal items in violation of 2601 penal code and delaying my access to court in violation of 1st Amendment to U.S. Constitution.

Signature: *Jofama Coleman*        Date Submitted: 9.22.09

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

INMATE APPEALS BRANCH

RECEIVED
DEC - 2 2009

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other

AUG 2 5 2009

**E. REVIEWER'S ACTION** (Complete within 15 working days): Date assigned: _____ Due Date: 10-7-09

Interviewed by: Sgt J. Mayfield on 9-21-09 at approximately 1300 hours.

Denied; in the fact that your request for Compensation is beyond the scope of the appeals process.

Partially Granted; in the facts of your account of when the legal mail was opened up and Correctional Officer Knights account of when the legal mail was opened up are different. So, I will give C/o Knight On-the-Job training pertaining to the legal mail process, to insure we are in compliance.

Staff Signature: _____ Title: Sgt    Date Completed 09-21-09

CSATF APP

Division Head Approved: _____ Title: AW

Signature: _____    Date to Inmate: SEP 3 0 20__

**F.** If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied, My access to court was delayed and my legal mail was opened when officer Knight brought my legal items out to me. Additionally my legal material did not arrive in compliance with my (See p

Signature: Johanna Coleman    Date Submitted: 10-2-09

CSATF APPEALS

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other

OCT 1 2 2009

**G.** REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: 11-9-09

☒ See Attached Letter

Signature: _____ CCII    Date Completed: 11-2-09

Warden/Superintendent Signature: R. ___    Date Returned to Inmate: _____

CSATF APPEALS
CSATF APPEALS

**H.** If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

NOV 09 2009

Dissatisfied, around May, 12, 2009 ; requested to view my legal items and receive my legal mail ; i didn't receive a response to my request, this was over a two month delay.

It is contended that officer Knight will be given on the job training pertain to legal mail process. This clearly tells me that officer Knight is employed

Signature: Johanna Coleman    Date Submitted: Nov. 25, 09

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☒ See Attached Letter

Date: MAR 0 1 2010

CDC 602 (12/87)

0911065

V27659

I then wrote to the mailroom sergeant, C. Pugliese who sent me a copy of the notice that informed me of the legal mail in which was sent to me from the LAW OFFICE OF PATRICIA IHARA, (see. GA-22 inmate req. for interview as Exh. B). I also wrote to sgt. C. Pugliese informing him that i spoke to the S&N officer Mulkern who went over to R&R to locate my legal items but did not find them. Sgt. C. Pugliese responded and informed me that he spoke to the R&R Sergeant (sgt. Mayfield) and that i should contact him because sgt. Mayfield indicated he would look for my legal items, (see. att. GA-22, inmate request form as Exh. C). After R&R was yet again unresponsive to another request, and being unable to obtain or view my legal items, i approached Sergeant (Turner D-yard sgt.) and explained my issue, Sgt. C. Pugliesi also spoke to sgt. Turner in my preset's. I was told by sgt. Turner it would be taken care of. Then on my way to breakfest i again addressed this matter to Sgt. Turner and asked him the statis on locating my legal mail, he acknowledged my situation and told me a trace needs to be placed on the mail, (see. att. DECLARATION as Exh. D). This matter brought an ~~~~~~~ unessary delay of my access to court.

This matter was addressed to my attorney and she also contacted sergeant Pugliese, (see att. letter as Exh. E). Furthermore the proper procedure for incoming legal mail is in accordance to 3143, 3144, and 3145 of the CCR Tittle 15, in the instant matter CDCR has not followed there own procedure. Exhibit A herein attached informed me that my mail <u>was not opened or searched</u>, however on July, 17. 2009 i/petitioner was finally escorted over to R&R by S&E officer Knight, and upon handing my mail/legal items and letter, was already opened. I asked officer Knight why was my legal mail open and c/o Knight stated he opened it while he was inside the R&R storage room to be sure everything was there. This was not in my presence, and i can not say that my items weren't ~~already~~ viewed by CDCR personnal. My legal mail would have been opened in my presence and it would have entered the facility in accordance to 3143, 3144, and 3145 of the CCR Tittle 15. Has the procedure for incoming legal mail changed,? and why did it take over two months to view my items? Last does CDCR staff know there own rules and/or procedure for incoming legal mail.

<u>Additional action requested</u>: I would like to have the beforsaid questions answered.

Jafama Coleman
July, 18. 2009

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
California Substance Abuse Treatment Facility and State Prison at Corcoran
900 Quebec Ave.
P.O. Box 7100
Corcoran, CA 93212



November 2, 2009

Inmate Coleman, V27659
California Substance Abuse Treatment
Facility and State Prison at Corcoran
P. O. Box 7100
Corcoran, CA 93212

Second Level Response
Log # SATF-D-09-02868

## ISSUE:

You contend that your attorney sent you legal items pertaining to your case and the California Substance Abuse Treatment Facility (CSATF) Mailroom provided you with the option of returning the parcel to the sender or have the parcel placed in your Receiving and Release (R & R) stored legal property {see attached CDC 128-B General Chrono (CDC 128-B) dated 5/7/09}. You contend that you waited approximately four days after sending the CDC 128-B dated 5/7/09 back to the CSATF Mailroom to send an inmate request form to R & R requesting to view the contents of your legal parcel. You contend that R & R was unresponsive to your request. You contend that on 7/17/09, you were finally escorted to R & R by Correctional Officer (C/O) S. Knight to view the contents of your legal parcel. However, you contend that the parcel was already opened outside of your presence. You request compensation for your access to the court being delayed, for the legal mail procedure not being followed, for negligence, for your legal mail being tampered with and for your legal mail being opened out of your view.

## INTERVIEWED BY:

J. Mayfield, Correctional Sergeant, on 9/21/09.

## REGULATIONS:

The rules governing this issue are taken from the California Code of Regulations (CCR) Title 15.

   **CCR 3143. Processing Incoming Confidential Mail.**

## SUMMARY:

R. Hall, Appeals Coordinator, investigated your appeal at the Second Level of Review (SLR). The investigation initially revealed that on 6/29/09, you requested the

Coleman, V27659
Log # D-09-02868
Page 2

whereabouts of your legal parcel. On 7/17/09, you were escorted to R & R to view the contents of your legal parcel. This is not an exuberant delay considering the fact that on 6/18/09, your attorney stated, "Ask your S & E officer to take you to R & R when he has time" (see your Exhibit 'E'). You have not provided any information/evidence to indicate that staff delayed your access to the court. In regard to your legal parcel being opened outside of your presence, C/O Knight admitted to mistakenly opening your legal parcel in the R & R storage Room to ensure the contents were intact. Correctional Sergeant Mayfield confirmed on this date that on 9/21/09 he provided training to C/O Knight in regard to the CCR Section 3143. This policy regarding the processing of incoming confidential mail has not changed.

## DECISION:

Your appeal is **denied.** Your request for compensation is beyond the scope of the appeals process. You are advised that this issue may be submitted for a Director's Level of Review if desired.

KATHLEEN ALLISON
Warden (A)

CSATF APPEALS
NOV 0 9 2009

602 continues... Second-Level Review

the departments own rules and regulation, had the department of corrections followed there own rules this matter would not have occured. According to Sergeant Mayfield my account of when my legal mail was opened is different from officer Knight; therefore i'm ~~not~~ requesting that both myself and officer Knight take a polygraph test Furthermore, Sgt. Mayfield states officer Knight will be receiving on the job training pertaining to the legal mail process, to be sure you are in compliance. Plaintiff contends training should have been provided befor this matter, officer Knight should not have been handling ~~the~~ the legal mail process if he wasn't properly trained. Plaintiff is requesting compensation, furthermore plaintiff's questions have yet to be answered. The departments actions prolonged my attempt to adequately prepare my petition, an effort on prison official's part to hender hut

hamper, short stop, circumvent, delay, deprive me of due course of Justice by ~~erron~~ erroneously and arbitarily missplacing my legal items and after finding them, opening my confidential legal material out of my presence.

\* Jahanna Coleman
10 - 2 - 2009

(CONTINUED FROM "PART "H" OF 602 FORM: Director's level for review:)

for the CDC without having been adequately trained. First, it's hard to believe, that Officer Knight would be in the process of delivering what is known as legal mail to me, but yet, inadvertently opens it. I am informed and believes, and therefore alleges, that the CDC rules deem certain mail to be "confidential," WHICH means it cannot be read by prison officials. Confidential mail may be inspected only for contraband or to determine if the correspondence is actually with a person or office allowed to receive or send such mail. Any inspection of confidential mail may be done only in the presence of the prisoner.

State law guarantees the right to correspond confidentially with public officials and attorneys. Specifically, CDC rules currently permit confidential correspondence with the following people (and their staff): (1) all state and federal elected officials: (2) all state and federal officials appointed by the governor or the president of the United States; (3) all city, county, state, and federal officials having responsibility for the inmates' present, prior, or anticipated future custody, parole or probation supervision; (4) all state and federal judges and courts; (5) an attorney at law listed with any state bar association; (6) the director, chief deputy director, deputy directors, assistant directors, executive assistant to the director, and chief, inmate appeals, of the Department of Corrections; and (7) legitimate legal service organizations including but not limited to: the American Civil Liberties Union, the Prison Law Office, the Young Lawyers Section of the American Bar Association, and the National Association of Criminal Defense Lawyers.

Penal Code § 2601(b). Rules allowing prisoners to have confidential correspondence with goverment officials serve to protect the right to petition the government for redress of grievances. See Cruz -v- Beto (1972) 405 U.S. 319, 321 [92 S.Ct. 1079; 31 L.Ed.2d 263]. But see O"Keefe -v- Van Boening (9th Cir. 1996) 82 F.3d 322 (refusal to treat grievance letters to state officials as confidential legal mail did not violate the First Amendment) But see CCR § 3141(c). Penal Code § 2601(b); see also 15 CCR § 3141(c)(5) and (6); see also In re Gonzales (1989) 212 Cal.App.3d 459 [260 Cal. Rptr. 506](prisoner had right to correspond confidentially with Canadian attorney). In re Short (1976) 55 Cal.App.3d 268 [127 Cal.Rptr. 498]; 15 CCR § 3144.

15 CCR § 3145; In re Jordan (1972) 7 Cal.3d 930 [103 Cal.Rptr. 849] (finding unlawful CDC rules allowing staff to open and review content of attorney mail); In re Jordan (1974) 12 Cal.3d 575 [116 Cal.Rptr. 371] (finding unlawful CDC rules treating enclosures in attorney mail as non-confidential material). These two cases, which rejected restrictions on attorney prisoner correspondence, provide a solid basis for protection of the right. 15 CCR § 3142.
See 15 CCR § 3143.
15 CCR § 3134.
15 CCR §§ 3134 and 3165.

THEREFORE, officer Knight should not have been employed for the CDC without having been trained before being employed; (2) officer Knight must be terminated from his employment for CDC; (3) the Warden at Corcoran Prison must be terminated from his employment for CDC; (4) the director and all individuals who are untrained and under his or her authority must be terminated from their jobs, including the captain, Lts, and Sgt's.

Thank you.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:   MAR 0 1 2010

In re:   Jofama Coleman, V27659
California Substance Abuse Treatment Facility and
State Prison at Corcoran
P.O. Box 7100
Corcoran, CA 93212-7100

IAB Case No.: 0911065          Local Log No.: SATF-09-02868

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner D. Artis, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that his attorney sent him legal items pertaining to his case and the California Substance Abuse Treatment Facility (SATF) Mailroom staff provided him with the option of returning the parcel to the sender or having the parcel placed in Receiving and Release (R&R) in his legal property. The appellant contends that he waited approximately four days before sending a request to R&R to view the contents of the legal parcel; however, R&R was unresponsive to his request. The appellant alleges that on July 17, 2009, he was escorted to R&R by Correctional Officer (CO) S. Knight to view the contents of the parcel and discovered the parcel was already opened (outside of his presence). The appellant requests compensation for his access to the court being delayed, for the legal mail processing errors, and for his legal mail being opened out of his view.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant was interviewed on September 21, 2009, regarding this appeal issue. The appellant was told that an examination of his appeal issues revealed that on July 17, 2009, he (the appellant) was in fact escorted to the R&R to view the contents of his legal parcel. It was determined that there was no exuberant delay in the appellant viewing the parcel and no delay in the appellant having access to the court as the appellant's attorney asked the SATF staff to escort the appellant to R&R when time permits. In regard to the appellant's legal parcel being opened outside the appellant's view, CO Knight admitted to mistakenly opening the appellant's legal parcel in the R&R storage room to ensure the contents were intact. Correctional Sergeant Mayfield confirmed that on September 21, 2009, he provided training to CO Knight in regard to the California Code of Regulations, Title 15, Section (CCR) 3143, Processing of incoming confidential mail. Based upon the aforementioned, the appellant's appeal was denied at the Second Level of Review (SLR).

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** A thorough examination of the appellant's appeal issues was conducted in conjunction with an examination of the supporting documents provided by the institution and the appellant. The appellant remains dissatisfied with the SLR response continuing his argument that the time from when his legal parcel was received by the SATF mailroom staff and the time that he was escorted to the mailroom to view the parcel was an extreme delay thus preventing a delay in his access to the court. The Director's Level of Review (DLR) notes that the examination conducted by institution staff reveals that the appellant's attorney requested that the appellant be escorted to the mailroom when his building Correctional Officers (COs) have additional time to escort the appellant. The DLR notes that although the appellant would have preferred to receive his legal parcel sooner the institution did in fact escort the appellant to the mailroom when time was made available. As such, the DLR supports the appellant was not delayed in his access to the court and it is noted that CO Knight was appropriately provided training regarding the processing of incoming legal/confidential mail. The appellant's request for compensation is denied as such request is beyond the scope of the administrative appeal process. Given the aforementioned, the DLR finds no cause to provide relief.

JOFAMA COLEMAN, V27659
CASE NO. 0911065
PAGE 2

**B. BASIS FOR THE DECISION:**
CCR: 3001, 3084.1, 3131, 3136, 3143, 3144, 3147, 3165, 3380, 3391

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

D. ARTIS, Appeals Examiner
Inmate Appeals Branch

D. FOSTON, Chief(A)
Inmate Appeals Branch

cc:     Warden, SATF
        Appeals Coordinator, SATF

Jofama Coleman
PLAINTIFF/PETITIONER                    )          CASE NO_____
                                        )
                                        )
                                        )
VS                                      )
                                        )
Warden, Ken Clark                       )
DEFENDANT/RESPONDANT                           PROOF OF SERVICE BY MAIL
---------------------------------

I the undersigned, hereby declare:

(1) I am a citizen of the United States; (2) I am over the age of
18 years. I am a residence of Kings County, in California.

My mailing address is Post Office Box 5242 Corcoran, California 93212-5242

On July, 21, 2009, I served a true copy or original copy
of the following;

           INMATE APPEAL FORM AND ATT. Exhibits

by placing said document (s) in a sealed ~~postage paid~~ envelope into
the CSATF/State Prison at Corcoran mail box for delivery to the United
States Post Office at Corcoran, California, addressed as followed;

      Jofama Coleman (V.27659)
      D.4 /137up
      CSATF/state Prison @ Corcoran
      P.O. Box 5242
      Corcoran, Cal. 93212


by placing said document (s) in a sealed Interdepartmental envelope
into the California CSATF Facility Legal Mailbox for inner-institutional
delivery to the below listed person(s) at the following addresses;

Warden, Ken Clark                       Appeals Coordinator
CSATF /State Prison @ Corcoran          CSATF /State Prison @ Corcor
P.O. Box 7100                           P.O. Box 7100
Corcoran, Ca. 93212                     Corcoran, Ca. 93212
And that this declaration was executed under the penalty of perjury
at Corcoran, California 93212-5242, on July, 21, 2009.

Jofama Coleman                          Jofama Coleman
PRINTED NAME (DECLARANT)                SIGNATURE (DECLARANT)

Exhibit A

CDC 128-B (Rev. 4/74)

| Inmate Name:   Coleman | Number:  V-27659 | Bed Number:  D5-240U |
|---|---|---|

On    May 7, 2009, a parcel was received in the institution mailroom from the Law Offices of Patricia Ihara. This parcel was X-rayed for content, as is standard procedure for all legal mail  received at this institution. This parcel was discovered to contain CD's, and a VHS tape which are not allowed to be received through the Legal mail at this institution. The parcel was not opened or searched, it can be returned to sender to have the contraband removed, or you can have it delivered to Receiving and Release to be placed into your legal property.

If you do not resdpond to this notice by 5/22/2009, the package will be returned to sender with a copy of this notice.

Return this notice to the mailroom with your decision.

____  Return to Sender

✓  Send to R&R to be stored


*Jafanna Coleman*
Inmate Coleman, V-27659

Original: Central File
Cc:          Inmate
                Program Office
                Housing Unit
                Writer

C. Pugliese
Mailroom Sergeant
CSATF/SP Corcoran

| Date:   May 7, 2009 | INFORMATIONAL | CSATF/SP at CORCORAN |
|---|---|---|

The parcel, along with a copy of this form has been sent to R&R to be stored until it can be reviewed by I/m Coleman, V-27659.

STATE OF CALIFORNIA
GA-22 (9/92)

DEPARTMENT OF CORRECTIONS

# INMATE REQUEST FOR INTERVIEW

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 6·29·09 | Mail Room Sergeant, PUGLIESE | Coleman, Jofama | V·27659 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| D·4 | 137 up | NA | FROM ___ TO ___ |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| NA | FROM ___ TO ___ |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Dear Pugliese, the S&N officer Mullekorn has informed me that he did not find my VHS tape and DVD's that was sent over to R&R. According to him the R&R sergeant and staff has no knowledge of these items. From

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY  I Talked To Sgt. Mayfield (R&R Sergeant),    DATE

DISPOSITION  he informed me that he will look for it. You should CONTACT him (Sgt. Mayfield)

---

Exhibit B

STATE OF CALIFORNIA
GA-22 (9/92)

DEPARTMENT OF CORRECTIONS

# INMATE REQUEST FOR INTERVIEW

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 7·01·09 | Mail Room Sgt., PUGLIESE | COLEMAN, JOFAMA | V·27659 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| D·4 | 137 up | NA | FROM ___ TO ___ |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| NA | FROM ___ TO ___ |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Dear Pugliese i previously requested a copy of the form you sent me providing me the choice of having my legal items placed on my legal R&R property or sent back

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY    DATE

DISPOSITION

my understanding these items were sent to R&R and placed on my legal R&R property. Please contact the person or person's who has my items or can get me my items. It is vital that his matter is resolved as soon as possible.

Thank you:

x Afama Coleman

to the sender. My attorney sent me two D.V.D's and a VHS tape. The notice you sent me, which was signed by me and sent back to you, additionally informed me that incoming legal mail is X-rayed. IT was determined that the legal mail addressed to me contained two D.V.D's and a VHS tape.

"Mr. Pugliese i am requesting a copy of the" beforsaid form/notice that i signed.

I'm also requesting the date my legal items were received by the mail room.

(PLEASE SEND THE REQUESTED INFORMATION)

THANK YOU:
SINCERELY, Afama Coleman

Exhibit D

# "DECLARATION"

On July, 1. 2009 at approximately 8:00 a.m. i Jofama Coleman spoke with sergeant Turner (D yard sgt.), while on my way to the show hall. I addressed my issues and informed him i have not yet obtained or viewed my legal items, sergeant Turner acknowledged my situation and informed me that his staff looked for my items twice but could not find them.
Inmate Wade Granville witnessed this conversation as he was standing right next to me. Sergeant Turner further stated that i need to find out when my legal material arrived so that a trace can be placed on it.

I JOFAMA COLEMAN DECLARE THE BEFORSAID STATEMENT TO BE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

Jofama Coleman
Jofama Coleman
July, 1. 2009

Witness : Wade Granville (B-17383)
     * Wade Granville

**LAW OFFICE OF PATRICIA IHARA**
PMB 139
5319 UNIVERSITY DRIVE
IRVINE, CA 92612
Tel. (949) 733-0746

**CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS**

Jofama Coleman V27659
L4/D5/122 up
CSATF, P.O. Box 7100
Corcoran, CA 93212

June 18, 2009

Re:    *People v. Jofama Coleman – Court of Appeal Case No. B202597, Superior Court Case YA059765*

Dear Mr. Coleman,

I spoke with Sergeant Pugliese who supervises the mailroom this morning. He remembers your CDs and tape and said they were sent to R & R as you requested. He is going to check with R & R to make sure they are there. You need to speak with your S & E officer for an escort to R & R to review your tape. Ask your S & E officer to take you to R & R when he has time. According to Sergeant Pugliese, you will be able to see the CDs and VHS then.

I hope this works out for you.

Take care.

Yours truly,

Patricia Ihara

EXHIBIT

"B" 1-4

**MARTIN BLINDER, M.D.**
50 Idalia Road     ·     San Anselmo     ·     CA 94960     ·     (415) 453-8920

August 20, 2010

Jofama Coleman
CDC No. V.27659; D.4/137yp
CSATF/State Prison at Corcoran
P. O. Box 5242
Corcoran, CA 93212

Dear Mr. Coleman:

It does sound like you've gotten a bum rap. It also seems like many of the elements that I testify to about the fallibility of eyewitnesses fit your case. Of course prosecution witnesses who willfully lie are another matter.

You can find more details about my approach to eyewitness fallibility on my website martinblinder.com, and most particularly in my textbook, *Psychiatry In the Everyday Practice of Law* (Thomson/West).

Before you can get to my testimony you need to get a new trial and for that you're going to need a lawyer. Then if you get a new trial you're going to need money to pay for the trial attorney and for expert testimony. That may prove an even greater challenge.

Sincerely,

Martin Blinder, M.D.

MB:gw

Dr. Martin Blinder M.D. - Forensic Psychiatrist

**Forensic Psychiatrist**

Martin Blinder, M.D., is a graduate of Cornell University, the Chicago Medical School and the Langley Porter Neuropsychiatric Institute at the University of California in San Francisco. During his many years in clinical practice, Dr. Blinder served as Chief of the Private Psychiatric Service at University of California hospital in San Francisco, Medical Director of the Family Therapy Institute of Marin, and Chief of Psychiatry at Laguna Honda Hospital. He is a past Adjunct Professor of Law at U.C. Hastings College of the Law. Among his research projects, he was instrumental in the development and FDA approval of lithium for the treatment of bipolar disorder. Dr. Blinder is a Distinguished Fellow of the American Psychiatric Association and former Mayor of San Anselmo, California.

Dr. Blinder is Editor-in-Chief of Family Therapy; author of numerous scholarly articles which appear in such journals as The Journal of the American Medical Association, The American Journal of Psychiatry, Judicature, The Journal of the American Bar Association and The Journal of the California Bar Association; and author of more than a half dozen books including the definitive textbook of forensic psychiatry, Psychiatry In the Everyday Practice of Law, now in its fourth edition. He has written as well for the popular press and is arguably the only writer on this planet to have been published in both The Wall Street Journal and Cosmopolitan magazine. He is a frequent court appointee and has served as a consultant to the plaintiff and defense bar, as well as prosecutors and criminal defense attorneys. He has been a television guest of Larry King, Oprah and Ted Koppel, among many others.

His articles have appeared in scores of peer-reviewed psychiatric, medical and legal journals featuring his studies of:

- **Undue influence**
- **Closed head "minor" brain injury**
- **Psychiatric malpractice**
- **Wrongful termination**
- **Psychic trauma and emotional distress**
- **Eyewitness fallibility**
- **Criminal responsibility**
- **Mental competence**
- **Psychopharmacology and drug toxicity**
- **Sexual harassment**

Dr. Blinder has qualified as a psychiatric expert in courts throughout the United States. He has a private practice with primary offices in San Anselmo, CA (415-453-8920) and Ka'a'awa, HI (808-237-1044).

If you would like to view a series of lectures given by Dr. Blinder online, please visit CLEAUTHORITY.com.

Pacific Sun's excellent article titled "Libertine Legacy" explores Dr. Blinder's many talents.

Download Dr. Blinder's Curriculum Vitae (1.2 MB, PDF Format)

**Forensic Psychiatrist**

Memory is a composite of retrieved actual perceptions ("I felt the rain, I heard tires squeal, I saw a Volkswagen under a big red truck") and subconscious reconstruction (or invention) if events not actually perceived, so as to form a coherent logical whole: ("This Volkswagen skidded on the wet street and crashed under a big red truck.")

Often what an eyewitness "remembers" is largely a product of how a question is asked. (Compare "How fast was the Volkswagen going when it smashed into the truck?" versus "What was the speed of the Volkswagen when the two vehicles met?")

The eye is not an instrument like the mirror... it is always self-conscious, always conditioned by some purpose--it is a sieve that allows many things to filter through in the process of seeing. The eye looks, it searches, and whatever it does not understand it does not see. A hunter does not see like a sailor. And somebody who never hunts may not see a rabbit even if it is sitting right next to him...

The accuracy of an eyewitness' recollection is suspect when: there was little time for observation; the witness was under the influence of alcohol or drugs; the witness was in a highly emotional state; the witness would have had no reason to take particular notice of the incident (e.g. did not know a crime was taking place); there was a substantial time lapse between observation and first identification; there was a marked discrepancy between the identifying witness' original description and the actual appearance of the defendant; the witness initially expressed doubt he or she could make an identification, or first made a patently erroneous one, or reported other details that later proved incorrect; there is steady "improvement" of memory and confidence from first identification through subsequent statements, grand jury testimony, and trial; the witness fails to recognize the defendant when next encountered; the witness and defendant are of different ethnic groups/races; the witness demonstrates bias or prejudice; the witness has an emotional need to see what he expects to see or report; and/or the witness manifests a high need to conform to, defer to, or please authority figures.

Standard mug-shot and lineup procedures unfortunately provide good illustration of how memory is commonly distorted. Typically, photographs (or lineup participants) shown to a prospective witness are all of persons suspected of the same crime as the offense under investigation, rather than persons fitting the descriptions originally given by witnesses. Thus, there tends to be a wide discrepancy in appearance among the suspects viewed, heightening the probability that the witness will identify the one face (relative to the others) that at least somewhat resembles the witness' original perceptions. The police frequently use the photograph of the one they believe to be the perpetrator again and again in different displays, whereas the other faces reappear far less often; repetition alone can increase the witness' conviction that the suspect's face is familiar.

If an eyewitness erroneously chooses a mug shot after the initial lineup viewing, the witness is likely to choose that very same incorrect face once again at a later time, even though the correct face is also available for the choosing. That is, a witness is much more likely to identify in a real lineup that face he or she may have previously seen at the time of the initial identification, and in a subsequent recall is likely to remain committed to his or her error.

MARTIN BLINDER, M.D.
50 Idalia Road
San Anselmo, California 94960

Jofama Coleman
CDC No. V.27659; D.4/137yp
CSATF/State Prison at Corcoran
P. O. Box 5242
Corcoran, CA 93212



UNITED STATES POSTAGE
02 1R
000655956O
MAILED FROM ZIP CODE 93212
$ 00.00⁰
AUG 26 2010
PITNEY BOWES



USA 44