O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOFAMA COLEMAN, ) | Case No. CV 10-2343-AHM (RNB) |
| Petitioner, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | OF UNITED STATES MAGISTRATE |
| ) | JUDGE |
| KATHLEEN ALLISON, Acting ) | |
| Warden, ) | |
| Respondent. ) | |

This Report and Recommendation is submitted to the Honorable A. Howard Matz, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## PROCEEDINGS

On March 31, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The Petition purported to allege six grounds for relief that, according to the Petition, had previously been exhausted in a Petition for Review to the California Supreme Court. Concurrently with the filing of the Petition, petitioner filed a "Motion to Stay Adjudication of Habeas Corpus Petition to Allow Petitioner to Properly Exhaust Unexhausted Federal Claims." The

1

Motion to Stay listed nine additional ineffective assistance of trial counsel claims that petitioner indicated he wanted to raise herein, but were not yet properly exhausted.

Although petitioner stated in the Motion to Stay that his stay-and-abeyance request was being made pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), under the Ninth Circuit's decision in King v. Ryan, 564 F.3d 1133 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009), the Court's consideration of the motion to stay petitioner's fully exhausted petition was not governed by Rhines.  Rather, petitioner's stay motion was governed by the stay and abeyance procedure approved in Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.), cert. denied, 525 U.S. 920 (1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).  Thus, the fact that petitioner had not even purported to make the showing of good cause required under Rhines was not dispositive of petitioner's stay motion, since the Rhines "good cause" limitation does not apply to the "Kelly procedure."  Under the Kelly procedure, a federal district court has the discretion to stay and hold in abeyance a fully exhausted petition in order to provide the petitioner with the opportunity to proceed to state court to exhaust his unexhausted claims.  Then, once the claims have been exhausted in state court, the petitioner may return to federal court and amend his stayed federal petition to include the newly-exhausted claims.  See Kelly, 315 F.3d at 1070-71; see also Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005); James v. Pliler, 269 F.3d 1124, 1126-27 (9th Cir. 2002); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001); Taylor, 134 F.3d at 987-88.[1]

Prior to ruling on petitioner's stay motion, the Court decided to afford

---

[1]    However, for purposes of satisfying the one-year statute of limitations imposed by 28 U.S.C. § 2244(d), the newly exhausted claims do not necessarily relate back to the filing of the original Petition.  See King, 564 F.3d at 1140-41; see also Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 162 L. Ed 2d 852 (2005).

respondent the opportunity to be heard.  Accordingly, the Court ordered service of the Petition and petitioner's stay motion on respondent, and set a deadline for the filing of respondent's opposition (if any) to the stay motion.

In her ensuing opposition, respondent contended that petitioner's stay motion should be denied because, for statute of limitations purposes, the nine additional ineffective assistance of trial counsel claims that petitioner indicated in his stay motion he wanted to raise herein did not relate back to the exhausted claims alleged in the Petition, and a stay therefore would be futile.  However, respondent was not contending that any of petitioner's unexhausted ineffective assistance of counsel claims currently was time barred.  According to respondent, the one-year limitation period did not commence running until June 30, 2009.  Consequently, it appeared that, when petitioner filed the first of his two pending California Supreme Court habeas petitions on February 1, 2010, five months of the limitation period still remained.  Moreover, respondent had conceded that "the period of limitations appear[ed] to be tolled presently."  Accordingly, unless the California Supreme Court expressly denied both pending habeas petitions for untimeliness, it appeared to the Court that petitioner would have five months from the denial of those petitions to amend his pending federal habeas petition to add any of the newly exhausted claims that currently were pending before the California Supreme Court.

While it was conceivable that, by the time petitioner sought leave to amend his pending federal habeas petition, the limitations period **might** have run with respect to one or more of the claims that petitioner was seeking leave to add, it could not be said with certainty as of the time the opposition was filed that a stay would be futile. Nor did it make any difference that petitioner's currently pending California Supreme Court habeas petitions did not include all nine of the ineffective assistance of counsel claims that petitioner indicated in his stay motion he wanted to raise herein.  Since the limitation period still had nearly two months to run, petitioner still had time to either add those claims to one of his pending California Supreme Court habeas petitions or

3

file a new California Supreme Court habeas petition that included those claims.

Accordingly, the Court decided to exercise its discretion under <u>Kelly</u> with respect to petitioner's stay motion, by granting it on certain conditions that were specified in an Order issued on May 7, 2010. The Court stated in its Order that its granting of petitioner's motion was without prejudice to respondent opposing a later motion to amend by petitioner on the ground that one or more of the claims that petitioner was seeking to add was time barred.

On October 12, 2010, petitioner filed a document captioned "Motion to Amend Petitioner's Habeas to Add Newly Exhausted Claims." Concurrently, petitioner lodged what the Court presumed was intended as his proposed Amended Petition. However, it was unclear to the Court from its review of the proposed Amended Petition whether petitioner had decided to abandon the six grounds for relief alleged in his original Petition. It also was unclear to the Court precisely what claims petitioner now was purporting to allege. The Court therefore issued an Order on October 19, 2010 requiring petitioner to lodge a revised proposed Amended Petition that (a) set forth all of his grounds for relief in the habeas form itself (including additional copies of p. 6 if he had more than five separate grounds), and (b) if the proposed Amended Petition form referenced any attached writ or supporting memorandum in setting forth any of those grounds, specified the pages in the attached document that applied to each of the stated grounds for relief.

On November 17, 2010, petitioner lodged another proposed Amended Petition (hereinafter "Am. Pet.") that rectified the deficiencies about which the Court had apprised petitioner in its October 19, 2010 Order re Further Proceedings. Accordingly, the Court set deadlines for respondent to file either opposition to petitioner's Motion to Amend or a notice of non-opposition thereto, and for petitioner to file a reply if respondent did file opposition.

Respondent filed opposition ("Opp.") to the Motion to Amend on December 21, 2010. Petitioner filed a Reply ("Reply") thereto on January 20, 2011.

1    For the reasons discussed hereafter, the Court now recommends that
2    petitioner's Motion to Amend be granted in part and denied in part.

### PROCEDURAL HISTORY

5    On April 27, 2006, petitioner was convicted by a Los Angeles County Superior
6    Court jury of first degree murder. (See 1 Clerk's Transcript ["CT"] 186-87.) On
7    August 16, 2007, after hearing and denying petitioner's motion for a new trial based
8    on juror misconduct and insufficiency of the evidence, the trial court sentenced
9    petitioner to state prison for an indeterminate term of 25 years to life. (See 2 CT 302-
10   04.)

11   Petitioner appealed from the judgment of conviction, raising claims generally
12   corresponding to the third, fourth, fifth, and sixth grounds for relief alleged in
13   petitioner's original Petition herein (which encompass Grounds 4-9 of petitioner's
14   proposed Amended Petition). (See respondent's Notice of Lodging, Lodged
15   Document ["LD"] A, C.) On December 30, 2008, in an unpublished decision, the
16   California Court of Appeal rejected petitioner's claims and affirmed the judgment.
17   (See LD D, E.)

18   While his direct appeal was pending, petitioner filed a petition for writ of
19   habeas corpus in the California Court of Appeal, in which he alleged claims generally
20   corresponding to the first and second grounds for relief alleged in petitioner's original
21   Petition herein (which encompass Grounds 1-3 of petitioner's proposed Amended
22   Petition.) (See LD F.) Following respondent's filing of an informal response at the
23   Court of Appeal's direction (see LD G) and petitioner's letter reply thereto (see LD
24   H), the Court of Appeal issued an Order on December 30, 2008 (the same date as its
25   decision on direct appeal) summarily denying petitioner's habeas petition. (See LD
26   I.)

27   On February 11, 2009, petitioner (through counsel) petitioned the California
28   Supreme Court for review of the Court of Appeal decision on direct appeal. (See LD

L, M.)  Concurrently, he also (through counsel) petitioned the California Supreme Court for review of the Court of Appeal's denial of his habeas petition.  (See LD J.) On April 1, 2009, the California Supreme Court issued separate orders summarily denying both petitions.  (See LD K, M, N.)

On or about December 1, 2009, petitioner constructively filed a pro se motion in the trial court requesting post-conviction discovery, which the trial court denied on December 7, 2009.  (See Exhibits to LD O.)  Petitioner then constructively filed a pro se habeas petition in the California Supreme Court on January 6, 2010 (proof of service date),[2] in which the sole claim alleged was that the trial court had erred in denying petitioner's motion for post-conviction discovery.  (See LD O.)  This claim generally corresponds to Ground 21 of petitioner's proposed Amended Petition herein.

While that California Supreme Court habeas petition was pending, petitioner constructively filed another habeas petition in the California Supreme Court on or about March 25, 2010 (signature date).  Petitioner alleged therein claims that generally correspond to Grounds 10-20 of petitioner's proposed Amended Petition herein.  (See LD Q.)

While both of his California Supreme Court habeas petitions were pending, petitioner filed his original Petition herein on March 31, 2010.  The signature date on the Petition, and thus the earliest date on which it could have been turned over to the prison authorities for mailing, was March 25, 2010.

By separate orders issued on September 15, 2010, the California Supreme Court summarily denied both of petitioner's habeas petitions, citing both times In re Clark, 5 Cal. 4th 750 (1993).  (See LD T, U.)

---

[2]    The Ninth Circuit has held that the prison mailbox rule applies to a habeas petitioner's state and federal filings.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).

Petitioner's first proposed Amended Petition was constructively lodged herein on or about October 7, 2010, concurrently with the filing of his Motion to Amend.

**CLAIMS ALLEGED IN PETITIONER'S PROPOSED AMENDED PETITION**

In his proposed Amended Petition, petitioner purports to be alleging twenty-one separate grounds for relief. (See Am. Pet. at ¶ 7.) Respondent concedes that the first nine of these encompass the six grounds for relief alleged by petitioner in his original Petition herein. (See Opp. at 1-2.) Those first nine grounds for relief are as follows:

1.     False evidence was introduced at trial during the testimony of prosecution witness Maria Renteria, entitling petitioner to habeas relief under Cal. Penal Code § 1473. (See Am. Pet. at 5; see also Attached Memorandum of Points and Authorities ("Am. Pet. Attach.") at 27-31.)

2.     The prosecutor's knowing presentation of Renteria's false testimony violated petitioner's federal constitutional right to due process and a fair trial under Napue v. Illinois, 360 U.S. 264, 269, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959). (See Am. Pet. at 5; see also Am. Pet. Attach. at 31-32.)

3.     Trial counsel provided ineffective assistance by failing to adequately question Renteria about her ability to see the driver of the van and failing to investigate and produce evidence that it would have been physically impossible for her to see the driver under the circumstances she described. (See Am. Pet. at 6; see also Am. Pet. Attach. at 32-37.)

4.     Evidence of petitioner's prior arrest and criminal history was inadmissible under California law because it was more prejudicial

7

than probative.  (<u>See</u> Am. Pet. at 6; <u>see also</u> Am. Pet. Attach. at 37-39.)

5.     Petitioner was denied his federal constitutional rights to an impartial jury and due process by the jury's receipt during deliberations of the prejudicial information about petitioner's criminal history that had not been presented at trial. (<u>See</u> Am. Pet. at 6; <u>see also</u> Am. Pet. Attach. at 40-46.)

6.     The  jury's  "inadvertent  exposure  to  out-of-court information" constituted jury misconduct under California law.  (<u>See</u> Am. Pet. at 6a; <u>see also</u> Am. Pet. Attach. at 46-48.)

7.     The  prosecutor's  placement  before  the  jury  of  the unredacted exhibit containing the arrest information, coupled with the prosecutor's reference to petitioner having been booked several times during  the  examination  of  Deputy  Steven  Marella,  constituted prosecutorial  misconduct  in  violation  of  petitioner's  federal constitutional right to due process. (<u>See</u> Am. Pet. at 6a; <u>see also</u> Am. Pet. Attach. at 48-52.)

8.     Trial counsel provided ineffective assistance in failing to object to the prosecutorial misconduct. (<u>See</u> Am. Pet. at 6a; <u>see also</u> Am. Pet. Attach. at 52-54.)

9.     The  error,  whether  by  the  trial  court,  the  jury,  the prosecutor, or trial counsel, violated petitioner's federal constitutional right to an impartial jury and due process of law. (<u>See</u> Am. Pet. at 6b; <u>see also</u> Am. Pet. Attach. at 54-65.)

Petitioner's proposed Amended Petition also contains the following twelve additional claims, which petitioner maintains he exhausted in his habeas petition to the California Supreme Court:

10.     The trial court's failure to bifurcate the proceedings denied

petitioner due process of law. (See Am. Pet. at 6b; see also Am. Pet. Attach. at 66-81.)

11. The prosecution's introduction of bad character evidence during its case in chief constituted evidentiary error. (See Am. Pet. at 6b; see also Am. Pet. Attach. at 82-85.)

12. Trial counsel provided ineffective assistance by failing to investigate and assert a crucial or potentially meritorious alibi and/or mistaken identity defense relating to the time petitioner arrived at the videostore. (See Am. Pet. at 6c; see also Am. Pet. Attach. at 86-105.)

13. The prosecutor committed misconduct by making false and/or misleading statements during closing argument. (See Am. Pet. at 6c; see also Am. Pet. Attach. at 106-11.)

14. Trial counsel provided ineffective assistance by failing to object to the prosecutor's false and/or misleading statements. (See Am. Pet. at 6c; see also Am. Pet. Attach. at 112-15.)

15. Trial counsel provided ineffective assistance in failing to file a Pitchess motion, and failing to seek and use information bearing on the credibility of the police officer witnesses and prosecution witnesses Robles and Lopez. (See Am. Pet. at 6d; see also Am. Pet. Attach. at 116-24.)

16. Trial counsel provided ineffective assistance in failing to secure the services of a psychologist to testify regarding the psychological factors that affect the accuracy of eyewitness identifications. (See Am. Pet. at 6d; see also Am. Pet. Attach. at 124-80.)

17. Trial counsel deprived petitioner of a crucial or potentially meritorious defense by failing to put on demonstrative evidence and/or failing to make a motion for the jury to be taken to the scene and placed

under the same identifying circumstances as the prosecution's witnesses, which would have proven that all of the witnesses lied and fabricated their stories. (See Am. Pet. at 6d; see also Am. Pet. Attach. at 180-83.)

18.    Trial counsel deprived petitioner of a crucial or potentially meritorious defense by failing to investigate adequately the legal and factual grounds for making a motion to exclude Lopez's in-court identification of petitioner. (See Am. Pet. at 6e; see also Am. Pet. Attach. at 184-87.)

19.    Trial counsel provided ineffective assistance by failing to make a motion to exclude Renteria's "suggestive" and/or tainted in-court identification testimony. (See Am. Pet. at 6e; see also Am. Pet. Attach. at 187-209.)

20.    The cumulative effect of the errors operated to produce a fundamentally unfair trial, in violation of petitioner's federal constitutional right to due process. (See Am. Pet. at 6e; see also Am. Pet. Attach. at 209-13.)

21.    The trial court erred in denying petitioner's motion for post-conviction discovery. (See Am. Pet. at 6f; see also Am. Pet. Attach. at 213-21.)

**DISCUSSION**

Since petitioner's original Petition was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). As noted above, where a district court stays a fully exhausted petition pursuant to the Kelly procedure, the newly exhausted claims do not necessarily relate back to the filing of the original Petition for purposes of satisfying the one-year statute of limitations.

1    In respondent's opposition to petitioner's Motion to Amend, respondent first
2  addressed the timeliness of the proposed Amended Petition and then addressed the
3  issue of whether, for purposes of the one-year statute of limitations, the new claims
4  alleged in the Amended Petition relate back to the claims alleged in petitioner's
5  original Petition.   However, since respondent does not dispute that the original
6  Petition was timely filed, the Court has decided to address the relation back issue
7  first.

8

9  **A.    Except for Grounds 11 and 19, none of the new claims alleged in the**
10       **Amended Petition relates back to the filing of petitioner's original Petition.**

11       Under <u>Mayle</u>, 545 U.S. at 662, claims asserted after the one-year limitation
12  period has expired do not relate back "simply because they relate to the same trial,
13  conviction, or sentence as a timely filed claim."   The Supreme Court held that "[a]n
14  amended habeas petition does not relate back (and thereby escape AEDPA's one-year
15  time limit) when it asserts a new ground for relief supported by facts that differ in
16  both time and type from those the original pleading set forth." <u>Id.</u> at 650.  Only if the
17  original and amended petitions state claims that are tied to a common core of
18  operative facts will relation back be in order. <u>See id.</u> at 664.

19       Thus, in <u>Mayle</u>, the Supreme Court concluded that the petitioner's amended
20  petition, which raised a Fifth Amendment claim directed to the admission of evidence
21  of his pretrial statements, did not relate back to his original petition, which raised
22  only a Sixth Amendment confrontation clause claim directed to the admission of
23  videotaped witness testimony. <u>See Mayle</u>, 545 U.S. at 648-49.  The two claims were
24  "separated in time and type" because the new claim arose from petitioner's own
25  pretrial statements and the original claim arose from another witness's videotaped
26  statements. <u>See id.</u> at 657; <u>see also, e.g.</u>, <u>Rhoades v. Henry</u>, 598 F.3d 511, 520 (9th
27  Cir. 2010) (prosecutorial misconduct claims did not relate back to claims alleged in
28  original petition concerning police misconduct, jailhouse informant testimony, and

alleged judicial bias); <u>Hebner v. McGrath</u>, 543 F.3d 1133 (9th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 2791 (2009) (claim challenging jury instruction concerning prior sexual misconduct given at close of evidence did not relate back to claim alleged in original petition challenging only the admissibility at trial of evidence of that conduct).  Further, under <u>Mayle</u>'s same "time and type" standard, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision." <u>See, e.g.</u>, <u>United States v. Gonzalez</u>, 592 F.3d 675, 680 (5th Cir. 2009), <u>cert. denied</u>, 131 S. Ct. 231 (2010); <u>United States v. Hernandez</u>, 436 F.3d 851, 858 (8th Cir.), <u>cert. denied</u>, 547 U.S. 1172 (2006); <u>United States v. Ciampi</u>, 419 F.3d 20, 24 (1st Cir. 2005), <u>cert. denied</u>, 547 U.S. 1217 (2006); <u>see also</u> <u>United States v. Marulanda</u>, 226 Fed. Appx. 709, 711 (9th Cir. 2007) (claim that trial counsel rendered ineffective assistance by referring to the defendant's previous trial on the same charge did not relate back to claims that trial counsel rendered ineffective assistance of counsel by insulting the judge, failing to object to the jury selection process, failing to inform the defendant of his right to testify, and failing to object to the prosecution's use of word "Columbian" at trial) (now citable for its persuasive value per Ninth Circuit Rule 36-3).

Here, petitioner alleged the following six grounds for relief in his original Petition:

1.    Petitioner's constitutional right to due process of law and a fair trial was violated "when false evidence was introduced at trial during the testimony of Maria Renteria."  (<u>See</u> Pet. at ¶ 7.a; <u>see also</u> Attached Memorandum of Points and Authorities ("Pet. Attach.") at 17-22.)

2.    Ineffective assistance of counsel when "counsel failed to investigate the fact[s], to present evidence that Renteria was 128 feet away, to present evidence that it is impossible to see the driver under the

circumstances Renteria described, [and] to adequately question Renteria and produce impeachment evidence." (See Pet. at ¶ 7.b; see also Pet. Attach. at 22-27.)

3.    Petitioner's constitutional rights to a fair trial, an impartial jury, and due process were violated when "the jury received prejudicial information about petitioner's prior criminal history that had not been presented at trial during its deliberations." (See Pet. at ¶ 7.c; see also Pet. Attach. at 27-29, 30-38, 44-54.)

4.    Prosecutorial misconduct when "the prosecutor placed before the jury inadmissible evidence about petitioner's criminal history, [and] also reference[d] petitioner having been booked/arrested" several times during the examination of Deputy Steven Marella. (See Pet. at ¶ 7.d; see also Pet. Attach. at 38-42.)

5.    Jury misconduct based on the jury's inadvertent receipt of petitioner's criminal history. (See Pet. at ¶ 7.e.)

6.    Ineffective assistance of trial counsel when trial counsel failed to object to the evidence of petitioner's criminal history. (See Pet. at ¶ 7.f; see also Pet. Attach. at 42-44.)

The first and second grounds related to Renteria's testimony, and specifically her ability to perceive the matters about which she testified, including her identification of petitioner. Of the twelve new claims alleged in the proposed Amended Petition, only one related to Renteria's testimony and even arguably is tied to the same common core of operative facts as the first and second grounds for relief alleged in petitioner's original Petition. In Ground 19 of his proposed Amended Petition, petitioner claims that trial counsel provided ineffective assistance by failing to make a motion to exclude Renteria's "suggestive" and/or tainted in-court identification testimony. Based on its comparison of the facts stated in support of

Ground 19 of the proposed Amended Petition to the facts stated in support of the first two grounds for relief alleged in the original Petition, the Court finds that the <u>Mayle</u> standard for relation back is met with respect to Ground 19 of the Amended Petition.

The remaining grounds for relief alleged in the original Petition related to (a) the jury's consideration during deliberations of an exhibit that reflected petitioner's criminal history record, and (b) the prosecutor's reference to petitioner having been "booked/arrested" several times during the examination of Deputy Steven Marella. Of the twelve new claims alleged in the Amended Petition, only one related to (a) or (b) and even arguably is tied to the same common core of operative facts as (a) or (b). In Ground 11 of his proposed Amended Petition, petitioner claims that the prosecution's introduction of bad character evidence during its case in chief constituted evidentiary error. Based on its comparison of the facts stated in support of Ground 11 of the proposed Amended Petition to the facts stated in support of the fourth ground for relief alleged in the original Petition, the Court finds that the <u>Mayle</u> standard for relation back is met with respect to Ground 11 of the Amended Petition.

However, the Court finds that none of the other new claims alleged in the proposed Amended Petition (i.e., Grounds 10, 12-18, and 20-21) even arguably is tied to the same common core of operative facts as either the first and second, or the remaining grounds for relief alleged in the original Petition. Accordingly, under <u>Mayle</u>'s same "time and type" standard, the Court finds that none of these other new claims alleged in the proposed Amended Petition relates back to the grounds for relief alleged in the original Petition.

**B.    <u>The unrelated claims alleged in the Amended Petition are time barred.</u>**

28 U.S.C. § 2244(d)(1) provides:

> "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

14

(A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

1.    <u>Unless a basis for tolling the statute existed, petitioner's last day to file a federal habeas petition containing his unrelated claims was June 30, 2010.</u>

Here, petitioner's judgment of conviction became final on June 30, 2009, when the 90-day period expired for petitioner to petition the United States Supreme Court for a writ of certiorari from the denial of his Petition for Review. <u>See Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999); <u>Calderon v. United States District Court for the Central District of California (Beeler)</u>, 128 F.3d 1283, 1286 n.2 (9th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[3]

---

[3]    <u>Beeler</u> was overruled on other grounds in <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 526 (continued...)

15

1      In his Reply to respondent's opposition to his Motion to Amend, petitioner did

2  not contend that he was impeded from filing his federal petition by unconstitutional

3  state action and thereby entitled to a later trigger date under § 2244(d)(1)(B). Nor did

4  petitioner contend, with respect to any of his unrelated claims, that he is entitled to

5  a later trigger date under § 2244(d)(1)(C) because his claim is based on a federal

6  constitutional right that was initially recognized by the United States Supreme Court

7  subsequent to the date his conviction became final and that has been made

8  retroactively applicable to cases on collateral review.  To the extent that petitioner's

9  contention that he has been conducting an "ongoing investigation" of the facts and

10  the law (see Reply at 6-11) is intended as an argument that petitioner is entitled to a

11  later trigger date under § 2244(d)(1)(D), the Court notes that the statute of limitations

12  begins to run when a prisoner "knows (or through diligence could discover) the

13  important facts, not when the prisoner recognizes their legal significance." See Hasan

14  v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  Thus, with respect to the

15  unrelated claims alleged in petitioner's proposed Amended Petition (i.e., Grounds 10,

16  12-18, and 20-21), the Court finds that petitioner either was aware or through

17  diligence could have been aware of the facts underlying all of those claims as of June

18  30, 2009, when his judgment of conviction became final. For example, petitioner was

19  aware as of the time of trial, that the trial court had failed to bifurcate the

20  proceedings; and that his counsel had failed to file a Pitchess motion, failed to secure

21  the services of an eyewitness identification expert, failed to put on demonstrative

22  evidence or move for the jury to be taken to the crime scene, and failed to make a

23  motion to exclude Lopez's in-court identification.  Moreover, by June 30, 2009, when

24  the judgment of conviction became final, trial counsel already had turned over to

25  petitioner all of his files and records, and sent to petitioner copies of the Blockbuster

26

27      [3](...continued)

28  U.S. 1060 (1999).

tapes and dvds showing the time petitioner arrived at the videostore. (See Reply at 6, 9-10.)

Accordingly, the Court finds that, unless a basis for tolling the statute existed, petitioner's last day to file a federal habeas petition containing his unrelated claims was June 30, 2010. See Patterson v. Stewart, 251 F.3d 1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Smith, 297 F.3d at 814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed hereafter, the Court finds and concludes that, with respect to his unrelated claims, petitioner has not met his burden.

2.    Petitioner has not met his burden of demonstrating that statutory tolling rendered the lodging for filing of the Amended Petition herein timely.

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000), the Ninth Circuit construed the foregoing statutory tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'" See id. at

1   1006.

2       In <u>Carey v. Saffold</u>, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260

3   (2002), the Supreme Court held that, for purposes of statutory tolling, a California

4   petitioner's application for collateral review remains "pending" during the intervals

5   between the time a lower state court denies the application and the time the petitioner

6   files a further petition in a higher state court.  However, such interval or "gap" tolling

7   is unavailable if the petitioner unreasonably delays in seeking higher court review

8   after a lower court petition is denied.  <u>See</u> <u>id.</u> at 225-26.

9       Here, petitioner is not entitled to any statutory tolling for his first round of state

10  habeas petitions commencing with the filing of his Court of Appeal habeas petition

11  during the pendency of his direct appeal because that round of collateral review was

12  concluded prior to the commencement of the limitation period when, on April 1,

13  2009, the California Supreme Court denied the Petition for Review from the Court

14  of Appeal's denial order.

15      Further, petitioner is not entitled to any statutory tolling for the interval

16  preceding the filing of either of his 2010 California Supreme Court habeas petitions.

17  <u>See</u> <u>King v. Roe</u>, 340 F.3d 821, 823 (9th Cir. 2003) (holding that when a petitioner

18  files two rounds of state petitions, and either the second round petitions are denied

19  as untimely, or the second round of petitions are not limited to an elaboration of the

20  facts relating to the claims raised in the first round of petitions, the gap between the

21  two rounds is not tolled under any circumstance); <u>Dils v. Small</u>, 260 F.3d 984, 986

22  (9th Cir. 2001) (no interval tolling accorded for interval between successive

23  California Supreme Court habeas petitions); <u>see also, e.g.</u>, <u>Gaston</u>, 417 F.3d at 1043

24  ("a California habeas applicant is not entitled to interval tolling if he abandons all of

25  his claims in his first state habeas application and his second state habeas application

26  sets forth new and different claims").

27      The Court also finds that petitioner is not entitled to any statutory tolling for

28  the pendency of his California Supreme Court habeas petition directed to the trial

court's denial of his motion for post-conviction discovery since that petition did not challenge the legality of petitioner's conviction or sentence. Rather, it merely sought an order to provide discovery that petitioner maintained he would need in order to prepare a subsequent collateral challenge of his conviction. That first 2010 habeas petition therefore did not qualify as a post-conviction application for collateral review within the meaning of 28 U.S.C. § 2244(d)(2). See Ramirez v. Yates, 571 F.3d 993, 999-1000 (9th Cir. 2009) (holding that petitioner not entitled to statutory tolling for discovery motions that did not challenge the conviction, but simply sought material the petitioner claimed might be of help in later state proceedings).

In his opposition to petitioner's Motion to Amend, respondent contends that petitioner is not entitled to statutory tolling for either of his 2010 California Supreme Court habeas petitions because both were denied with citations to Clark, which according to respondent signified that they were being denied as untimely and therefore did not qualify as having been "properly filed" within the meaning of § 2244(d)(2). (See Opp. at 6-7.) In Pace, 544 U.S. at 417, the Supreme Court held that "time limits, no matter their form, are 'filing' conditions," and that "[b]ecause the state court rejected petitioner's [state] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." See also Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) ("Under Pace, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled.").

In his Reply to respondent's opposition, petitioner contends that the California Supreme Court's citation to Clark without a pinpoint citation in its denial orders was insufficient to signify that the petitions were being denied for untimeliness since Clark also stands for other propositions. (See Reply at 23-24.) However, even if the California Supreme Court's citation to Clark in this instance might have been meant to signify that petitioner's state habeas petitions were being denied for being successive, it would not change the determination that the petitions were not properly

1  filed for purposes of statutory tolling.  See Porter v. Ollison, 620 F.3d 952, 958 (9th

2  Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be

3  untimely or an improper successive petition."); Wall v. Adkins, 2010 WL 3633001,

4  *4 (C.D. Cal. Aug. 9, 2010) ("While the state court's citation to Clark in this instance

5  might have been meant to indicate that Petitioner's final state habeas petition was also

6  successive, this does not change the determination that the petition was not properly

7  filed for tolling purposes."), Report and Recommendation Adopted by 2010 WL

8  3632999 (C.D. Cal. Sept. 9, 2010); Goodridge v. Subias, 2010 WL 1286870, *4 (E.D.

9  Cal. Mar. 29, 2010) ("While the citation to Clark in the California Supreme Court

10  might have been meant to indicate that petitioner's sixth state habeas petition was

11  also successive, this does not change the determination that the petition was not

12  properly filed for tolling purposes."); Evans v. Marshall, 2009 WL 363741, *7 (C.D.

13  Cal. Feb.13, 2009) ("Regardless of whether the California Supreme Court intended

14  the Clark citation to emphasize the "untimely" rather than the "successive" nature of

15  the petition, the same result follows" under 28 U.S.C. § 2244(d)(2)); Delander v.

16  Hubbard, 2008 WL 2622856, *6 (S.D. Cal. July 1, 2008) ("This citation [to Clark]

17  demonstrates that the court is denying the petition because it is either successive or

18  untimely ... Although the [California Supreme Court] did not provide a pinpoint cite,

19  California rules provide that a successive petition is by necessity a delayed petition."

20  (citing Clark, 5 Cal. 4th at 770)); Gonzalez v. Runnels, 2008 WL 80744, *4 (E.D.

21  Cal. Jan. 7, 2008) ("[U]nder Pace, whether the state supreme court meant to indicate

22  that the petition was untimely or successive would be essentially a distinction without

23  a difference in the context of statutory untimeliness under AEDPA.").[4]

24  _____

25          [4]      In his Reply, petitioner cites the district court decision in Ratliff v.

26  Hedgepeth, 712 F. Supp. 2d 1038 (C.D. Cal. 2010) for the proposition that the
    California Supreme Court's citation of Clark without a pinpoint citation is insufficient

27  to signify that the petition was being denied as untimely.  (See Reply at 23-24.)

28                                                                              (continued...)

1          Accordingly, the Court concurs with respondent that petitioner is not entitled

2    to any statutory tolling of the limitation period.

3

4        3.     <u>Petitioner has not met his burden of demonstrating entitlement to</u>

5            <u>sufficient equitable tolling to render the filing of the original Petition</u>

6            <u>herein timely.</u>

7          The Supreme Court has held that the AEDPA's one-year limitation period also

8    is subject to equitable tolling in appropriate cases. See Holland v. Florida, - U.S. -,

9    130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). However, in order to be entitled to

10   equitable tolling, the petitioner must show both that (1) he has been pursuing his

11   rights diligently, and (2) some extraordinary circumstance stood in his way and

12   prevented his timely filing. See Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S.

13   at 418). The Ninth Circuit has held that the Pace standard is consistent with the Ninth

14   Circuit's "sparing application of the doctrine of equitable tolling." See Waldron-

15   Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244

16   (2009). Under Ninth Circuit authority, "[t]he petitioner must show that 'the

17   extraordinary circumstances were the cause of his untimeliness and that the

18   extraordinary circumstances made it impossible to file a petition on time.'" See

19   Porter, 620 F.3d at 959; Ramirez, 571 F.3d at 997. "[T]he threshold necessary to

20   trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the

21   _____

22       [4](...continued)

23   However, the Court is unable to reconcile the distinction drawn by the district court

24   in Ratliff between untimely and successive state habeas petitions, with only the
     former not qualifying as being "properly filed" for purposes of statutory tolling (see

25   Ratliff, 712 F. Supp. 2d at 1050-51) with the above-quoted sentence from the Ninth

26   Circuit's decision in Porter, which post-dated Ratliff. Because Porter also post-dated
     the other district court case cited by petitioner in his Reply for the same proposition,

27   Gipson v. Schwartz, 2007 WL 1411607 (N.D. Cal. May 11, 2007), the Court declines

28   to follow either.

rule." Miranda, 292 F.3d at 1066.  Thus, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases.  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Petitioner's contention in his Reply to the effect that he has been diligent in conducting his "ongoing investigation," even if credited, only goes to the first of the two requisite showings for equitable tolling.  Petitioner still must show that some extraordinary circumstance stood in his way and prevented his timely filing.  The lack of the post-conviction discovery sought by petitioner from the state courts did not stand in his way.  Even without such discovery, petitioner was able to prepare and file his 2010 state habeas petitions raising his unrelated claims.  Nor does the fact that petitioner is "unversed in the law and the methods of legal research" (see Reply at 11) entitle him to any equitable tolling.  See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Gazzeny v. Yates, 2009 WL 294199, *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations); Ekenberg v. Lewis, 1999 WL 13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); Bolds v. Newland, 1997 WL 732529, *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); see also Hinton v. Pacific Enterprises, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient

basis to equitably toll the running of an applicable statute of limitations), <u>cert. denied</u>, 511 U.S. 1083 (1994); <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5th Cir. 1991) (holding that neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling).

The Court therefore finds and concludes that petitioner is not entitled to any equitable tolling of the limitation period.

4.    <u>The AEDPA statute of limitations is not subject to an actual innocence exception.</u>

The Court notes that, in his Reply, petitioner several times alludes to his "innocence" as being a reason why the Court "should not dismiss any of his claims as time barred." (<u>See</u> Reply at 22; <u>see also id.</u> at 17, 18, 21.) However, recent Ninth Circuit precedent forecloses petitioner's reliance on an "actual innocence" exception to the AEDPA statute of limitations. <u>See</u> <u>Souliotes v. Evans</u>, 622 F.3d 1173, 1175-76 (9th Cir. 2010); <u>Lee v. Lampert</u>, 610 F.3d 1125, 1128-31 (9th Cir. 2010).

**RECOMMENDATION**

IT ACCORDINGLY IS RECOMMENDED that the District Court issue an Order:  (1) approving and adopting this Report and Recommendation; (2) granting petitioner's Motion to Amend with respect to Grounds 1-9, 11, and 19 of the proposed Amended Petition and denying the Motion to Amend with respect to Grounds 10, 12-18, and 20-21 of the proposed Amended Petition; and (3) ordering petitioner to file an Amended Petition within thirty (30) days limited to Grounds 1-9, 11, and 19 of his proposed Amended Petition.

DATED:  February 9, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

23