SEAN K. KENNEDY (145632)
Federal Public Defender
(E-mail:  Sean_Kennedy@fd.org)
JESSE GESSIN (263889)
Deputy Federal Public Defender
(E-mail: Jesse_Gessin@fd.org)
411 West Fourth Street, Suite 7110
Santa Ana, California  92701-4598
Telephone (714) 338-4500
Facsimile (714) 338-4520

Attorneys for Petitioner
JOFAMA COLEMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOFAMA COLEMAN,<br><br>              Petitioner,<br><br>          v.<br><br>KATHLEEN ALLISON, Acting Warden,<br><br>              Respondent. | NO.  CV 10-2343-AHM (RNB)<br><br>**PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION FOR RECONSIDERATION OF COURT'S DECISION OF EVIDENTIARY HEARING; MEMORANDUM AND AUTHORITIES**<br><br>Hon. Robert N. Block, Magistrate Judge<br><br>[No Hearing Scheduled] |

     Petitioner Jofama Coleman, by and through his attorney of record, Deputy

Federal Public Defender Jesse Gessin, hereby files his opposition to Respondent's

motion for reconsideration of court's decision of evidentiary hearing.  In support, the

Petitioner respectfully refers this Honorable Court to the attached memorandum of

points and authorities, the files and records in this case, and any other evidence or

//

//

//

1 | argument that the Court may wish to consider.

2 |                                   Respectfully submitted,

3 |

4 |                                   SEAN K. KENNEDY
                                    Federal Public Defender
5 |

6 |

7 |

8 |

9 | DATED: June 11, 2012          By_____
                                    JESSE GESSIN
10 |                                 Deputy Federal Public Defender

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On March 31, 2010, Petitioner Jofama Coleman filed a timely *pro se* petition for a Writ of Habeas Corpus.  Docket Entry ("DE") 1.  On October 12, 2010, Petitioner moved to file an amended petition.  DE 10;12.  Respondent opposed the motion to amend (DE 15), and Petitioner replied.  DE 17.  On February 10, this Court ordered Respondent to file a supplemental opposition memorandum addressing actual innocence and Petitioner to file a supplemental reply memorandum.  DE 22.  Both parties submitted the supplemental memorandums.  DE 25; 30.  On October 19, 2011, this Court ordered an evidentiary hearing on Petitioner's claim of actual innocence.  DE 35.

Respondent seeks reconsideration of the Court's order for an evidentiary hearing because "the law and facts of the instant matter are materially different from that presented to the Court in Petitioner's Supplemental Reply."  Respondent's Motion 5.  Each party was granted the opportunity to brief the actual innocence issue and each party elected to file briefs.  After considering the briefing and in due course, this Honorable Court ruled.  Respondent now files the instant motion for reconsideration claiming that "law and facts of the instant matter are materially different."  However, the true reason Respondent moves for reconsideration is Respondent "was not able to respond in the Supplemental Opposition" to Petitioner's supplemental reply.  Respondent's Motion 7.  Respondent's motion for reconsideration is an untimely sur reply that shows why an evidentiary hearing is absolutely necessary.

### ARGUMENT

### I.   RESPONDENT POINTS TO NO NEW FACTS OR LEGAL ARGUMENTS THAT WARRANT RECONSIDERATION OF THIS COURT'S DECISION TO GRANT A HEARING

Respondent moves pursuant to Local Rule 7-18, which provides that

"[a] motion for reconsideration of the decision on any motion may be made only on
the grounds of (a) a material difference in fact or law from that presented to the Court
before such decision that in the exercise of reasonable diligence could not have been
known to the party moving for reconsideration at the time of such decision, or (b) the
emergence of new material facts or a change of law occurring after the time of such
decision, or (c) a manifest showing of a failure to consider material facts presented to
the Court before such decision." Local Rule 7-18. Regardless of its asserted
justification, "[n]o motion for reconsideration shall in any manner repeat any oral or
written argument made in support of or in opposition to the original motion." *Id.*

Although Respondent cites Local Rule 7-18 in the motion, Respondent makes
no effort to conform the argument to its limitations. Respondent points to no "new"
factual developments, save google maps inquiries. Because google maps was
available to the Respondent in March of 2011,[1] the inquiries should not be accepted
as new factual developments that in the exercise of reasonable diligence could not
have been known to Respondent at the time of decision. Nor does Respondent
present any legal arguments not available at the time this Court rendered its decision.
Nor does Respondent argue, much less make a "manifest showing," that this court
failed to take into account material facts presented to it at the time it rendered its
decision. Failure to conform to the rule is fatal to Respondent's motion.

The Respondent states that she "should be afforded the opportunity to respond
to Petitioner's expanded claim of actual innocence," Respondent's Motion 7, but that
opportunity has passed. Not only is the motion for reconsideration stale, but
reconsideration is the wrong avenue for "response" to the supplemental reply. On
June 7, 2011, Petitioner filed his supplemental reply. DE 30. This Court did not rule
until June 20, 2011. DE 31. The appropriate time for response to the "expanded
actual innocence claim," as Respondent dubs the supplemental reply, would have

---

[1]http://googleblog.blogspot.com/2005/02/mapping-your-way.html#!/2005/02/mapping-your-way.html (announcing the creation of google maps on February 8, 2005) (last visited June 11, 2012).

been between June 7 and June 20.  January 13, 2012, the date of the filing of the Respondent's motion, is stale.  Moreover, the appropriate avenue would have been a sur reply to the supplemental reply.  A motion for reconsideration is constrained by narrow parameters which have not been met.

Because the Respondent has not complied with the parameters for reconsideration, this Honorable Court should deny the motion for reconsideration.

## II.  THE PETITIONER'S ACTUAL INNOCENCE CLAIM WARRANTS AN EVIDENTIARY HEARING

Respondent argues Petitioner has failed to make a credible claim of actual innocence.  The crux of Petitioner's actual innocence claim is that new reliable scientific evidence, a demultiplex forensic analysis, shows Mr. Coleman entering the video store at 34 seconds past 9:25PM.  Forensic Analysis of George Ries, Exhibit A. At trial, Detective Steven Katz testified:

| Q [Def. Counsel] | Now, in viewing the tape, <u>you are unable to tell us what time Mr. Coleman entered the Blockbuster</u> because you don't have any frame that shows when he and whoever might have been with him actually entered the store; is that correct? |
|---|---|
| A [Det. Katz] | Yes. I couldn't find that. |
| Q [Def. Counsel] | <u>So your testimony is just of your first seeing Mr. Coleman with some other individual on the tape that depicts 2135 hours;</u> is that correct? |
| A [Det. Katz] | Yes. |

5 RT 2468-69 (emphasis added). New scientific evidence proves that according to the time stamp on the video, Mr. Coleman entered at 9:25PM.  For the reasons stated in the supplemental reply, an evidentiary hearing is necessary to determine whether this evidence shatters this Court's confidence in the trial. *Majory v. Roe*, 296 F.3d 770, 776 (9th Cir. 2003).

In the motion for reconsideration Respondent accepts that Mr. Coleman

entered the video store at 9:25PM and then proceeds to make a host of assumptions
ending with the ultimate conclusion: Mr. Coleman *could have* committed the crime
and made it into Blockbuster by 9:25PM.  The Petitioner disputes a number of
Respondent's assumptions.

First, Respondent accepts as fact that the time-stamp on the Blockbuster
Video was six minutes slow, yet chooses to rely on alternative factual assumptions.
This assertion is based on the testimony of Detective Katz who testified he compared
the time-stamp on the video to his watch, and the time-stamp is six minutes slow.  4
RT 1890; 5 RT 2468.  If true, Mr. Coleman may have walked into the video store at
9:31PM, not 9:25PM.  The defense has retained an expert to analyze the time-stamp
to determine if it was actually six minutes slow.[2]  Detective Katz's watch could have
been incorrect.  An evidentiary hearing is necessary to establish the accuracy of the
time-stamp, because if the time-stamp and Detective Katz's watch are not accurate,
then Mr. Coleman could have entered the video store earlier than 9:25PM.

Respondent argues that Hoover Street and 102nd Street (where Alberto
Segundo got out of his car to confront the shooter) is eight blocks from the shooting
site and that the driving time is three minutes between these two locations.
Respondent's Motion 12.  Respondent further contends Hoover Street and 102nd
Street is five to seven minutes to the video store (p. 13).  Finally, Respondent argues
that if the Petitioner backtracked from Hoover and 102nd to the shooting en route to
Blockbuster, then such a traverse "would be no more than eleven minutes." *Id*.  To
support the first and the third propositions Respondent cites google maps and in a
footnote requests this Court to take judicial notice under Federal Rule of Evidence
201.  (p. 13 fns. 4 and 5).  This Court should decline that request.

Federal Rule of Evidence 201 permits courts to take judicial notice of

---

[2]Petitioner recognizes and appreciates this Court's grant of time to respond to
Respondent's motion for reconsideration.  Getting the video from the state institution
took a considerable amount of time and effort, and was not transferred to counsel
until recently.

generally known facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. R. 201(b). Respondent does not make any attempt to explain why google maps accuracy cannot be reasonably questioned.  Furthermore, Respondent uses google maps to calculate the distance using one route.  There are many routes between Hoover Street/102nd Street and the shooting site, as well as between Hoover Street/102nd Street and the video store.  Finally, while geography, and more specifically the <u>distance</u> between two points, has been judicially noticed,[3] the <u>time</u> taken to travel between the two points is less amenable to judicial notice.  The logic being that while the distance between two points does not change, there are a number of factors that vary time.  Examples include traffic, route, speed, weather, etc.  An evidentiary hearing is necessary to determine the route, distance and time between the locations at issue.

Respondent concludes it is possible for Petitioner to drop off the shooter, get rid of the white van, pick up his green Toyota Camry, pick up Evelyn and Jesse Medina, change clothes and arrive at the video store by 9:25 PM.  Respondent's Motion 13-14.  This claim is an amalgam of facts, inferences, conjecture and assumption resulting in a conclusion on the ultimate issue, namely whether the demultiplexed video showing Petitioner entering the video store at 9:25 PM shatters confidence in the outcome of the trial.  *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2003).  The Respondent answers this question in the negative, but puts forward nothing more than ruminations to prove up the opinion.  This Honorable Court is correct in finding Petitioner has put forward new reliable scientific evidence (forensic

---

[3]*See United States v. Perea-Rey*, 2012 U.S. App. LEXIS 10941, at *3 fn. 1 (9th Cir. May 31, 2012) ("We take judicial notice of a Google map and satellite image as a source whose accuracy cannot reasonably be questioned, <u>at least for the purpose of determining the general location of the home.</u>") (emphasis added); *see also Citizens for Peace in Space v. City of Colo. Springs*, 477 F.3d 1212, 1219 n.2 (10th Cir. 2007) (taking judicial notice of distance calculated using Google Maps); *Johnson v. Zepp*, No. CV 10-6810 CJC (AJW), 2010 U.S. Dist. LEXIS 129730, 2010 WL 5116697, at *3 n.2 (C.D. Cal. Oct. 29, 2010) (using Google Maps to note Wasco State Prison is approximately 170 miles from federal courthouse located at 411 West Fourth Street, Santa Ana, California).

analysis) not presented at trial that places him in the video store at 9:25 PM when he was previously thought to have been in the video store much later. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995)*. The shortened time frame raises a credible issue whether Petitioner could have dropped off the shooter, dumped the white van, picked up the Toyota Camry, changed clothes, picked up his girlfriend and brother, and drive to the video store. Whether this new evidence is of such a caliber that this Court cannot have confidence in the outcome of the trial is a question to be decided <u>after</u> all of the evidence is before the Court.

## **CONCLUSION**

Respondent sets forth no new facts or previously unavailable legal arguments; Respondent merely re-states the arguments set forth in her supplemental opposition and an attempt to get google maps judicially noticed in a fashion not recognized. In doing so, Respondent violates Local Rule 7-18's explicit requirement that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Local Rule 7-18. A motion for reconsideration under Local Rule 7-18 cannot be used as a subterfuge to re-litigate failed defenses or tardy responses. This one should be denied.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: June 11, 2012            By_____

JESSE GESSIN
Deputy Federal Public Defender

8