SEAN K. KENNEDY (145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
JESSE GESSIN (263889)
Deputy Federal Public Defender
(E-mail: Jesse_Gessin@fd.org)
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone (714) 338-4500
Facsimile (714) 338-4520

Attorneys for Petitioner
JOFAMA COLEMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOFAMA COLEMAN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON, Acting Warden,<br><br>　　　　　　Respondent. | NO. CV 10-2343-AHM<br><br>**PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION FOR REVIEW OF UNITED STATES MAGISTRATE JUDGE'S DENIAL OF RESPONDENT'S MOTION FOR RECONSIDERATION OF COURT'S DECISION ON EVIDENTIARY HEARING; MEMORANDUM AND AUTHORITIES**<br><br>Date: October 22, 2012<br>Time: 10:00 a.m. |

　　　　Petitioner Jofama Coleman, by and through his attorney of record, Deputy Federal Public Defender Jesse Gessin, hereby files his opposition to Respondent's motion for review of United States Magistrate Judge's denial of Respondent's motion for reconsideration of Court's decision on evidentiary hearing.  In support, the Petitioner respectfully refers this Honorable Court to the attached memorandum of points and authorities, the files and records in this case, and any other evidence or

//

1 | argument that the Court may wish to consider.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: September 20, 2012  By_____
JESSE GESSIN
Deputy Federal Public Defender

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On March 31, 2010, Petitioner Jofama Coleman filed a timely *pro se* petition for a Writ of Habeas Corpus. Docket Entry ("DE") 1. On October 12, 2010, Petitioner moved to file an amended petition. DE 10;12. Respondent opposed the motion to amend (DE 15), and Petitioner replied. DE 17. On February 10, the Magistrate Judge ordered Respondent to file a supplemental opposition memorandum addressing actual innocence and Petitioner to file a supplemental reply memorandum. DE 22. Both parties submitted the supplemental memorandums. DE 25; 30. On October 19, 2011, the Magistrate Judge ordered an evidentiary hearing on Petitioner's claim of actual innocence. DE 35. Months after grant of a hearing, in a twenty-five page filing, the Respondent moved for reconsideration. DE 44. After a hearing on the motion for reconsideration, the Magistrate denied the motion. DE 70. Respondent seeks review of the denial of the motion for reconsideration. Petitioner respectfully requests that this Court deny the motion for review without holding a hearing.

## ARGUMENT

### RESPONDENT POINTS TO NO CLEAR ERROR OF LAW THAT WARRANT REVIEW OF THE MAGISTRATE'S DECISION TO DENY THE RESPONDENT'S MOTION FOR RECONSIDERATION

Respondent's original motion for reconsideration is pursuant to Local Rule 7-18, which provides that "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." Local Rule 7-18. Regardless of asserted justification, "[n]o motion for reconsideration shall in any manner repeat any

oral or written argument made in support of or in opposition to the original motion." *Id.*

"A basic principle of federal practice is that courts generally refuse to reopen decided matters." *Magnesystems, Inc. v. Nikken*, 933 F. Supp. 944, 948 (C.D. Cal. 1996). "A reconsideration motion should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059 (1989). It "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Raising arguments that could have been raised earlier is the end game of Respondent's motion for reconsideration and motion for review. Turning first to timeliness, on June 7, 2011, Petitioner filed his supplemental reply. DE 30. The Magistrate did not rule until June 20, 2011. DE 31. The appropriate time for response to the "expanded actual innocence claim," as Respondent dubs the supplemental reply in the motion for reconsideration, would have been between June 7 and June 20. January 13, 2012, the date of the filing of the Respondent's motion for reconsideration, is stale. Moreover, the appropriate avenue would have been a sur reply to the supplemental reply. A motion for reconsideration is constrained by narrow parameters which have not been met. Respondent could have raised every single argument in a sur reply, but failed to do so.

In the motion for reconsideration, although Respondent cites Local Rule 7-18, Respondent makes no effort to conform the argument to its limitations. Respondent points to no "new" factual developments, save google maps inquiries. Because google maps was available to the Respondent in March of 2011,[1] the inquiries should not be accepted as new factual developments that in the exercise of reasonable diligence

---

[1] http://googleblog.blogspot.com/2005/02/mapping-your-way.html#!/2005/02/mapping-your-way.html (announcing the creation of google maps on February 8, 2005) (last visited September 20, 2012).

1 could not have been known to Respondent at the time of decision.  Nor does
2 Respondent present any legal arguments not available at the time the Magistrate Judge
3 rendered decision.  Nor does Respondent argue, much less make a "manifest
4 showing," that the Magistrate Judge failed to take into account material facts
5 presented at the time of decision.  Failure to conform to the rule is fatal to
6 Respondent's motion.
7         There are a number of additional flaws with the motion for review.  First,
8 Respondent states that the Magistrate committed a clear error of law by claiming
9 "unfettered discretion" to order an evidentiary hearing. Motion for Review at p. 2-3.
10 To support this contention, Respondent files no transcript(s), no declaration(s) and no
11 exhibit(s).  Without a transcript or even a declaration, this Court is unable to review
12 the Magistrate's statement, as well as the context of any statement.  Second, the
13 motion for review focuses on the underlying merits of the reply briefs, not the
14 Magistrate's denial of the motion for reconsideration.  If the Respondent wanted this
15 Court to review the Magistrate's order granting a hearing, then Respondent should
16 have requested review of that order, and not review of the order denying the motion
17 for reconsideration.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

# CONCLUSION

The motion for reconsideration was without merit and so is the motion for review. This Honorable Court should deny the motion for review without a hearing.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: September 20, 2012          By_____
                                   JESSE GESSIN
                                   Deputy Federal Public Defender