UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2343-AHM (RNB) | Date | April 9, 2013 |
|---|---|---|---|

| Title | Jofama Coleman v. Kathleen Allison, Acting Warden |
|---|---|

| Present: The Honorable | Robert N. Block, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | n/a | CourtSmart |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| DFPD Jesse Gessin | DAG David E. Madeo |

**Proceedings:**      (LAW AND MOTION CALENDAR/STATUS CONFERENCE)

    Case called. Counsel make their appearances. The Court advises counsel of its conclusion that, no matter how the Supreme Court comes out in <u>McQuiggin</u> on the issue of whether actual innocence constitutes an equitable exception to the statute of limitations, unless respondent is prepared to waive the procedural default defense as to Grounds 11 and 19 of the First Amended Petition, it still is going to be necessary for the Court to decide whether petitioner has met his burden under <u>Schlup</u>. Accordingly, the Court is inclined to deny the stay motion and to now set a date for the evidentiary hearing. The date for the evidentiary hearing, however, will be after the end of the current Supreme Court term, by which time the Supreme Court presumably will have issued its decision in <u>McQuiggin</u>.

    In response to the Court's query, respondent's counsel advises that respondent is not prepared at today's hearing to waive the procedural default defense as to Grounds 11 and 19, but he would like the opportunity to consider the matter further. Further, petitioner's counsel advises that he may be taking a sabbatical from late in June until early in August that will impact the scheduling of the evidentiary hearing and the setting of related deadlines.

    In light of the foregoing, the Court (a) denies respondent's stay motion (D.E. #'s 94, 95) and (b) orders counsel within three (3) weeks of today's date to submit a proposed schedule for the evidentiary hearing and related deadlines (see below), assuming the parties have not stipulated to an alternative approach that will obviate the need for an evidentiary hearing on petitioner's actual innocence claim until after the Court rules on the merits of the remaining claims alleged in the First Amended Petition.

    The dates that will need to be incorporated into the proposed schedule are:

        1.    Date for petitioner to serve and file a witness list and exhibit list, and a summary of the evidence that petitioner contemplates presenting at the evidentiary hearing. For exhibits, a copy of the exhibit will suffice. For witnesses, this means a brief proffer of what each witness will say.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2343-AHM (RNB) | Date | April 9, 2013 |
|---|---|---|---|
| Title | Jofama Coleman v. Kathleen Allison, Acting Warden | | |

  2. Date for respondent to serve and file a witness list and exhibit list, and a similar summary of evidence that respondent contemplates presenting; respondent also to serve and file any objections to petitioner's evidence.

  3. Date for petitioner to serve and file any objections to respondent's evidence; petitioner also to serve and file a response to respondent's objections; petitioner also to serve and file a list of any contemplated rebuttal witnesses, along with a brief proffer of each such rebuttal witness's testimony

  4. Date for respondent to serve and file a response to petitioner's objections; respondent also to serve and file any objections to petitioner's rebuttal witnesses.

  5. Date no sooner than two weeks after Date #4 for commencement of evidentiary hearing at 9:30 a.m. in Courtroom 6B (1-day estimate). The writ papers, to be prepared by counsel for respondent, should provide for petitioner's presence in the courtroom at 9:00 a.m.

| | : | 29 |
|---|---|---|
| Initials of Preparer | | klh |