1  KAMALA D. HARRIS
   Attorney General of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  LANCE E. WINTERS
   Senior Assistant Attorney General
4  JAMES WILLIAM BILDERBACK II
   Supervising Deputy Attorney General
5  DAVID E. MADEO
   Deputy Attorney General
6  State Bar No. 180106
    300 South Spring Street, Suite 1702
7  Los Angeles, CA 90013
   Telephone: (213) 897-4925
8  Fax: (213) 897-6496
   E-mail: DocketingLAAWT@doj.ca.gov
9  *Attorneys for Respondent*

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  **JOFAMA COLEMAN,** | CV 10-2343-VBF (RNB) |
| 15                    Petitioner, | **OBJECTIONS TO PETITIONER'S EXHIBITS, RELATED** |
| 16        **v.** | **TESTIMONY, AND AMENDED WITNESS PROFFERS** |
| 17 | |
| 18  **RALPH M. DIAZ, ACTING WARDEN,** | Evidentiary Hearing: Feb. 13, 2014 Time: 9:00 a.m. |
| 19                    Respondent. | Place: Courtroom 6B |
| 20 | The Hon. Robert N. Block U.S. Magistrate Judge |

21

22         On October 25, 2013, Petitioner filed an amended witness list and, for the first

23  time, an exhibit list.  Pursuant to this Court's May 1, 2013, Order, Respondent

24  hereby objects to Exhibit Nos. 2 and 3 as irrelevant.  Respondent also objects to the

25  new proffers relating to Petitioner's original witnesses, as well as Petitioner's

26  proposed rebuttal witness, Victor Gomez, as irrelevant.  Further, Respondent

27  objects to Petitioner's additional exhibits attached to his Response to Respondent's

28  Objections to Petitioner's Witnesses ("Response").  Finally, to the extent that

1

Gomez is a witness in Petitioner's case-in-chief, Respondent also objects to his testimony, as well as the proposed exhibits, as untimely.

The Court ordered an evidentiary hearing in this case to hear evidence relevant to Petitioner's claim that he is actually innocent of the murder for which he was convicted. As this Court noted, "the issue to be determined at the evidentiary hearing is whether petitioner can establish by new reliable evidence that he arrived at the video store at 9:25 PM and that there was not ample time for petitioner to commit the shooting at 9:00 PM, take the route away from the scene of the shooting to which Mr. Segundo testified at trial, and make it to the video store by 9:25 PM." (Oct. 28, 2013, Order.)

Petitioner's Exhibit No. 2, a "timed video of driving routes," is ostensibly related to his actual innocence claim. But, even as it documents a longer and more circuitous route than was testified to at trial—or in any subsequent filing by Petitioner—it definitively supports Respondent's theory of the case. As such, it demonstrates that there is no material dispute as to the facts behind Petitioner's actual innocence claim, and so casts substantial doubt on whether an evidentiary hearing remains necessary in this case.

Moreover, in his ongoing attempt to expand the scope of the evidentiary hearing, Petitioner now seeks to present evidence of an alibi defense that has no relevance to the actual innocence claim that has been framed since the outset of these proceedings. All exhibits and testimony that relate to Petitioner's activity before the shooting, or that do not address the timeline issues brought up by the new videotape evidence, are well beyond the scope of the evidentiary hearing and should be excluded as irrelevant.

Further, the exhibits and Gomez's testimony should be excluded as untimely. On May 1, 2013, in accordance with the parties' stipulation, this Court set the schedule for the submission of the witness and exhibit lists, as well as the related opposition deadlines. Petitioner failed to file an exhibit list by September 13, 2013,

2

1   in accordance with this Court's Order.  As this Court acknowledged (Nov. 12,

2   2013, Order), Petitioner's exhibit list was belatedly filed six weeks later, on

3   October 25, 2013.  On November 13, 2013, Respondent finally received copies of

4   Exhibit Nos. 1, 2, 3, and 5.[1]  Similarly, Petitioner first disclosed Victor Gomez as a

5   witness on October 25, 2013, in an amended witness list.  To the extent that

6   Gomez's testimony relates to Petitioner's case-in-chief, such testimony is untimely

7   and should be excluded.  *Ackley v. Western Conference of Teamsters*, 958 F.2d

8   1463, 1471 (9th Cir. 1992); Fed. R. Civ. P. 16(f)(1), 37(c)(1).

9       **A.   Petitioner's Exhibit No. 2**

10      Petitioner's Exhibit No. 2, a "timed video of driving times," attached as

11  Exhibit D to Petitioner's Response, fails to support his actual innocence claim.  The

12  video was produced by Petitioner's investigator as a "timed driving demonstration

13  showing that in light of the new time frame, Respondent's theory of the case is

14  highly improbable."  (Response at 4.)  However, the documented video recreation

15  differs substantially from Petitioner's prior claims of his route following the

16  shooting (*see*, *e.g.*, Petitioner's Supplemental Reply Memorandum at 17).

17  Regardless, the video demonstration actually supports Respondent's position that

18  Petitioner had substantial time to participate in the shooting and go to Blockbuster

19  within the time allotted by his new video evidence.

20      At the start of the video demonstration, the time stamp reads "9:07 p.m."[2]  The

21  investigator begins driving from the site of the shooting (the corner of 101st Street

---

22      [1] Exhibit Nos. 1, 2, 3, and 5 were attached to the Response and labeled as
Exhibits A, D, J and K, and P, respectively.  On November 8, 2013, Petitioner filed
23  a Notice of Manuel Filing of CD Exhibits that included Exhibits A, D, J, and K.
Respondent acknowledges that Petitioner's Exhibit No. 1 (Response, Ex. A), the
24  Blockbuster video, is central to his claim at the evidentiary hearing and has been the
subject of each of Petitioner's evidentiary hearing briefs.  Also, the exhibit is listed
25  as being related to George Ries, who Petitioner properly disclosed as a witness on
September 13, 2013.  However, the remaining exhibits, Exhibit Nos. 2 through 5,
26  were never previously discussed by Petitioner and are listed as being related to
Victor Gomez, who was not properly disclosed as a witness by Petitioner.  Thus, at
27  the very least, Exhibit Nos. 2 through 5 should be excluded.
        [2] Interestingly, the investigator states at the start of the video that he is
28                                                                  (continued…)

and Budlong Avenue) a few seconds before 9:08 p.m., according to the time stamp.
The investigator then drives to the location where the shooters confronted Albert
Segundo and Andres Sandoval, who had followed them after the shooting.  (*See*
3RT at 1570-71.)  The investigator arrives at that location at 9:10 p.m., exits the
car, enters the car, and drives away at 9:11 p.m.  At 9:14 p.m., the investigator stops
at the house of Evelyn Medina at 1031 98th Street.

At this point, the investigator then takes a route that Petitioner has never
before alleged.  The investigator drives southbound to an alley behind the house of
Patricia Sermons near Vermont Avenue and 104th Street, arriving at 9:17 p.m.  He
stops and then backs out.  The investigator then continues to the Blockbuster store
at 8811 Western Avenue, arriving at 9:22 p.m.  The entire time of the driving
portion of video is approximately fourteen minutes.

Even as it documents an odd and circuitous route from the shooting scene, to
the location where the eyewitnesses followed the shooters, to Medina's house, and
then to Sermons's house, and finally to the Blockbuster, this video demonstration
simply reinforces Respondent's position that Petitioner had substantial time to
participate in the shooting at approximately 9:00 p.m., and then arrive at the
Blockbuster at 9:25 p.m.  Petitioner's own video route demonstration shows that he
could have easily driven the distance (even with his added stops) in fourteen
minutes—well within the twenty-five minute time window that his new
Blockbuster video evidence purports to show.

The video in Exhibit No. 2 soundly demonstrates that there is no material issue
as to whether Petitioner could have participated in the shooting, even assuming his
new Blockbuster video evidence is credited, which is the foundation of his actual
innocence claim.

_____

(…continued)
beginning at "9:10 p.m."

4

## B.    Victor Gomez and Exhibit No. 3

Petitioner's amended witness list stated that Gomez "[w]ill provide foundation for exhibits and possibly testify as a rebuttal witness."[3]  In his Response, Petitioner stated that Gomez would present "video demonstrations that call into question the State's other eyewitness identifications." (Response at 4.)  The video demonstrations apparently refer to Petitioner's Exhibit No. 3, "Videos of Witness Perspectives," which are labeled as Exhibits J and K in the Response.

This evidence is irrelevant to the issue of whether the new Blockbuster video evidence demonstrates that Petitioner did not have sufficient time to commit the shooting and then go to the video store.  Petitioner is simply attempting to expand the scope of the evidentiary hearing, thereby turning the hearing into an improper fishing expedition.  Petitioner essentially seeks to retry his case during the evidentiary hearing in this federal habeas matter.  *See Kemp v. Ryan*, 638 F.3d 1245, 1260 (9th Cir. 2011); *see, e.g., Lewis v. Ayers*, 2011 WL 2260784, *6 (E. D. Cal. 2011); *United States v. Cerna*, 2010 WL 5387694, *1 (N. D. Cal. 2010); *Ruderman v. Ryan*, 2010 WL 2757282, *15 (D. Ariz. 2010).  As stated in Respondent's Objections to Petitioner's Proposed Witnesses ("Objections"), any identification testimony is irrelevant to whether the new Blockbuster video evidence demands a conclusion that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.  Accordingly, the eyewitness demonstrations video (Exhibit No. 3), as well as Gomez's testimony as to these videos should be excluded as irrelevant.

---

[3] As this Court noted (Nov. 12, 2013, Order), Gomez's proffered testimony appears to constitute case-in-chief testimony, rather than rebuttal testimony.  To the extent that Gomez's testimony is rebuttal testimony, it should be excluded in part as irrelevant for the reasons stated above.  To the extent that his testimony is case-in-chief testimony, it should be excluded as untimely as argued previously.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.    Petitioner's Amended Witness Proffers

On September 13, 2013, Petitioner filed a witness list that included Patricia Sermons, Evelyn Medina, Deandre Coleman ("Deandre"), and Jeremy Coleman ("Jeremy").  Petitioner proffered that each witness "will testify that [Petitioner], among others, came to [Sermons's] house after the shooting and before Blockbuster."  On October 25, 2013, Petitioner filed an amended witness list, in which the proffers were modified for witnesses Medina, Deandre, and Jeremy as follows:  These witnesses would now "testify that [Petitioner] *was with [him/her] at the time of the shooting* and came to [Sermons's] house after the shooting and before Blockbuster."  (Pet's Am. Witness List (italics added).)

This revised proffer does nothing to demonstrate that these witnesses have any testimony relevant to Petitioner's actual innocence claim.  Petitioner makes no claim that Medina, Deandre, or Jeremy will testify that Petitioner did not participate in the shooting.[4]  Rather, the proffers for these witnesses simply reinforce Respondent's theory of the case: that Petitioner participated in the shooting, stopped at Medina or Sermons's house (or, as Petitioner's new video evidence demonstrates was easily possible, both), and then went to the Blockbuster.  Most significantly, as discussed in Respondent's Objections, the proposed testimony of Sermons, Medina, Deandre, and Jeremy is irrelevant to the issue of whether Petitioner could have participated in the shooting and then gone to Blockbuster twenty-five minutes later.[5]

---

[4] Medina, Deandre, and Jeremy each claim in nearly identical declarations that, at approximately 9:00 p.m., they were "with [Petitioner] on 98th Street . . . in front of [Medina's] house" and heard gunshots "at this time."  (Response, Exs. E, F, and G.)

[5] Petitioner did not amend the proffer for Sermons's testimony, and it continues to show that she has no relevant testimony regarding the actual innocence issue at the evidentiary hearing or even Petitioner's whereabouts at the time of the shooting.  Her declaration simply states that Petitioner came by her house between 9:00 p.m. and 10:00 p.m.  (Response, Ex. H.)  This fact is irrelevant to whether Petitioner could have participated in the shooting at approximately 9:00 p.m. and then arrived at the Blockbuster at 9:25 p.m., and Sermons's proffered testimony is not relevant for the evidentiary hearing.

These witnesses—Medina, Deandre, Jeremy, and Sermons—simply support Petitioner's new alibi claim.  However, Petitioner's actual innocence claim was based solely on the new timeline suggested by the Blockbuster video evidence. Petitioner should not now be allowed to present evidence irrelevant to this actual claim and that instead simply contests evidence presented at trial.

### D.    Rogelio Carpio

For the first time, Petitioner alleges in his Response that a "Rogelio Carpio," and not Petitioner, was the driver of the white van that participated in the instant murder of Jose Robles.  Petitioner argues that a 2004 police report states that the victim's father had heard that Carpio was associated with the white van.  Petitioner supports his argument with police reports and a "Demonstrative Map." (Response at 5-6, Ex. 5.)

Petitioner's argument has no relevance to the evidentiary hearing.  Even if credited, the evidence shows only that Carpio was one participant in a two-man hit squad—with the other participant being Petitioner.  Two people were seen in the van, by multiple witnesses, and Petitioner was identified by four eyewitnesses.  No where in Petitioner's discussion of Carpio is any notion that Petitioner did not participate in the shooting.  Accordingly, there is no evidence relating to Carpio that could possibly be relevant to whether Petitioner is actually innocent of murder, to say nothing of being relevant to whether the new Blockbuster video evidence demands a conclusion that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.  Thus, any evidence relating to Carpio should be excluded as irrelevant.

### E.    Conclusion

Petitioner's Exhibit No. 2 fails to support Petitioner's actual innocence claim. Moreover, any evidence relating to Petitioner's activity before the shooting or the identifications of Petitioner by the several eyewitnesses, or that does not address the timeline issues brought up by the new videotape evidence, including Exhibit No. 3,

1    any evidence relating to Carpio, and any related testimony by Gomez, are well

2    beyond the scope of the evidentiary hearing and should be excluded.  Finally, for

3    the reasons stated above and in Respondent's Objections, Petitioner's proposed

4    witnesses, Patricia Sermons, Evelyn Medina, Deandre Coleman, Jeremy Coleman,

5    and Jesse Robles should be excluded from the evidentiary hearing.

6    Dated:  November 22, 2013                    Respectfully submitted,

7                                                 KAMALA D. HARRIS
                                                  Attorney General of California
8                                                 DANE R. GILLETTE
                                                  Chief Assistant Attorney General
9                                                 LANCE E. WINTERS
                                                  Senior Assistant Attorney General
10                                                JAMES WILLIAM BILDERBACK II
                                                  Supervising Deputy Attorney General
11

12

13                                                /s/ David E. Madeo

14                                                DAVID E. MADEO
                                                  *Attorneys for Respondent*

15   LA2010501376
     51409490.doc
16

17

18

19

20

21

22

23

24

25

26

27

28

                                       8

# CERTIFICATE OF SERVICE

Case Name:    **Jofama Coleman v. K. Clark, Warden**        No.    **CV 10-2343-AHM (RNB)**

I hereby certify that on <u>November 22, 2013</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OBJECTIONS TO PETITIONER'S EXHIBITS, RELATED TESTIMONY, AND AMENDED WITNESS PROFFERS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 22, 2013</u>, at Los Angeles, California.


B. Santos                                /s/ B. Santos
Declarant                                Signature

51409653.doc