SEAN K. KENNEDY(1456632)
Federal Public Defender
JESSE GESSIN(263889)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California  92701-4598
Telephone (714) 338-4500
Facsimile (714) 338-4520
E-mail: jesse_gessin@fd.org

Attorneys for Petitioner
JOFAMA COLEMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOFAMA COLEMAN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RALPH M. DIAZ, Acting Warden,<br><br>　　　　　　Respondent. | CASE NO: CV 10-2343-VBF (RNB)<br><br>PETITIONER'S OBJECTION TO MAGISTRATE'S RULING ON RESPONDENT'S OBJECTIONS TO PETITIONER'S WITNESS LIST AND ON RELATED EVIDENTIARY ISSUES |

Petitioner, Jofama Coleman, pursuant to Federal Rule of Civil Procedure 72(a) hereby objects to the Magistrate's Ruling on Respondent's Objections to Petitioner's Witness List and on Related Evidentiary Issues.  (Docket Entry # 139).  Petitioner expressly incorporates by reference the facts and argument presented in his Response to Respondent's Objections to Petitioner's Witnesses (Docket Entry # 129).

//

//

Petitioner leaves within the discretion of the Court whether a hearing is necessary on this objection.

                                          Respectfully submitted,

                                          SEAN K. KENNEDY  
                                          Federal Public Defender

DATED: January 23, 2014         By *Jesse Gessin*  
                                            Jesse Gessin  
                                            Deputy Federal Public Defender

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

As stated in his original response to the Respondent's objections, "Petitioner requests nothing more than the opportunity to present evidence of actual innocence." The Magistrate's ruling denying Petitioner the opportunity to present exculpatory witnesses and evidence at a hearing regarding actual innocence is error because the Magistrate is prejudging exculpatory witnesses for credibility.

## II.

## ARGUMENT

The Magistrate granted a hearing regarding Petitioner's actual innocence. The Magistrate is denying Petitioner the opportunity to present five exculpatory witnesses, Jesse Robles, Patricia Sermons, Evelyn Medina, Deandre Coleman ("Deandre") and Jeremy Coleman ("Jeremy"). The Magistrate is additionally limiting the scope of the testimony of a sixth witness, Investigator Victor Gomez.[1]

As to the five exculpatory witnesses, beginning with Jesse Robles, the Magistrate is denying Jesse Robles' testimony because "such recantation testimony by a now convicted felon proffered years after the fact does not qualify as 'reliable' evidence of petitioner's actual innocence." Magistrate's Ruling on Respondent's Objections to Petitioner's Witness List and on Related Evidentiary Issues (Docket Entry # 139) at p. 8 (hereinafter "Magistrate's Ruling"). Jesse Robles is the brother of the victim and Petitioner contends, via declaration of an investigator that interviewed Jesse Robles, that if called he will testify that he is "unsure of his initial identification

---

[1] For the reasons stated in Petitioner's Response to Respondent's Objections to Petitioner's Witnesses (Docket Entry #129), Investigator Gomez should be permitted to testify as envisioned in the Response.

3

of Petitioner as the shooter." Petitioner's Response to Respondent's Objections to Petitioner's Witnesses (Docket Entry #129) at p. 4 (hereinafter "Petitioner's Response"). Being that Jesse Robles is the victim's brother and presently incarcerated, he has nothing to gain and everything to lose by recanting his testimony. Jesse Robles should be permitted to testify at the evidentiary hearing.

Turning to Jeremy Coleman, Evelyn Medina and Deandre Coleman, Petitioner filed declarations stating that these witnesses would testify that they were with Petitioner at the time of the shooting and went to Petitioners mother's (Ms. Sermon) house after the shooting and before Blockbuster. Petitioner's Response at p. 4. Ms. Sermon's proposed testimony is that Petitioner, among others, came to her house after the shooting and before Blockbuster. If found credible, these statements are unequivocally exculpatory.

As to Jeremy, the Magistrate ruled his testimony is not "new" evidence. Magistrate's Ruling at p. 9. However, Jeremy's testimony should be considered within the context of the other witnesses who are proposed to testify at the hearing. The fact that they are all proposed to testify consistently and that their testimony is exculpatory should be sufficient for Jeremy to testify at the hearing.

Regarding Ms. Medina, the Magistrate ruled that only part of her testimony is new, stopping by Petitioners mother's house, but is unreliable because she omitted this fact from her original testimony. Magistrate's Ruling at p. 11. Further, the Magistrate "cannot help but infer" that her proposed testimony is "recently contrived." Id. Ms. Medina was never asked precisely when she stopped by Ms. Sermon's house. Trial counsel's failure to calibrate precision should not prevent Ms. Sermon from testifying at the evidentiary hearing. Moreover, the Magistrate should reserve inferences regarding credibility until after a full evidentiary hearing.

Addressing Deandre Coleman and Patricia Sermons, the Magistrate at essence is denying their testimony because of untimeliness in presenting the proposed

4

testimony to the Respondent and the Court. In fact, this rational permeates the Magistrate's rulings for all of the proffered witnesses. The Magistrate states that they have not been noticed in a timely manner and not properly presented to the Respondent or the Magistrate.

The Petitioner placed the Respondent on notice of these witnesses and their proffered testimony via an amended witness list on October 25, 2013 (Docket Entry # 121) and then flushed out the witnesses' evidentiary underpinnings in an extensive responsive pleading on November 8, 2013 (Docket Entry # 129). The actual innocence hearing is not scheduled to go forward until March 18, 2014 and Petitioner is amenable to continuing that date to allow Respondent as much time as necessary to prepare for cross-examination of Petitioner's proposed witnesses. Petitioner could additionally amend his witness and exhibit lists to parallel the Response. Timeliness and form should not be a reason to deny a full evidentiary hearing on Petitioner's actual innocence. This is especially so when as of today there is close to two months left before the evidentiary hearing.

Admittedly, the Magistrate appointed the Federal Public Defender to review surveillance video and present only that evidence at a hearing. And Admittedly the Federal Public Defender, as evidenced by the Petitioner's Response (Docket Entry 129), has vastly expanded the investigation and is requesting to expand the scope of the hearing in contra to the Magistrate's original vision of the hearing. Point blank, expansion took time, but timing does not undermine the credibility of Petitioner's witnesses. *See Larsen v. Soto*, 730 F.3d 930, 940 (9th Cir. 2013) ("Furthermore, three years to locate witnesses scattered across the country, gather declarations, and file Larsen's petition is not so lengthy a time as to be unreasonable. Certainly, that his attorneys were thorough in preparing his petition does not undermine the reliability of Larsen's evidence.").

//

5

## III.
## CONCLUSION

The Court should sustain the Petitioner's objection and allow Petitioner to present all of the evidence as proposed in his Response. For only then will Petitioner be afforded an opportunity to prove actual innocence. In the alternative, the Court should issue any other relief that the Court deems just and reasonable under the circumstances.

                              Respectfully submitted,
                              SEAN K. KENNEDY
                              Federal Public Defender

DATED: January 23, 2014      By *Jesse Gessin*
                                                Jesse Gessin
                                               Deputy Federal Public Defender