HILARY POTASHNER (Bar No. 167060)
Acting Federal Public Defender
JESSE GESSIN (Bar No. 263889)
E-Mail: Jesse_Gessin@fd.org
Deputy Federal Public Defender
ROSE ANGULO (Bar No. 261992)
E-Mail: Rose_Angulo@fd.org
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Petitioner
JOFAMA COLEMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOFAMA COLEMAN,<br><br>Petitioner,<br><br>v.<br><br>RALPH M. DIAZ, Acting Warden,<br><br>Respondent. | CASE NO: CV 10-2343-VBF (RNB)<br><br>**REPLY TO RESPONDENT'S POST-EVIDENTIARY HEARING BRIEF AND RESPONSE TO PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION DATED FEBRUARY 9, 2011** |

Petitioner, Jofama Coleman, hereby submits this Reply to Respondent's Post-Evidentiary Hearing Brief and Response to Petitioner's Objections to Report and Recommendation dated February 9, 2011. Mr. Coleman respectfully requests a hearing regarding his Objections to Report and Recommendation dated February 9, 2011.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: November 25, 2014   By   */s/ Jesse Gessin and Rose Angulo*
JESSE GESSIN
ROSE ANGULO
Deputy Federal Public Defenders

**REPLY**

**A. Procedural Default**

Mr. Coleman can demonstrate cause and prejudice for his procedurally defaulted claims under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because he had no state habeas counsel and/or because the lawyer that purported to assist him was ineffective. Respondent cites *People v. Anderson*, 25 Cal. 4th 543, 568-70 (2001), for the sweeping proposition that *Martinez* does not apply to California cases because ineffective assistance of counsel claims ("IAC") are "routinely made on direct appeal" in California. Resp.'s Br. at 32.

After *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the question is not whether claims are "routinely made on direct appeal," but whether the "it is 'highly unlikely' that an IAC can be raised on direct appeal." *Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013). Indeed in *Nguyen*, the Ninth Circuit applied *Martinez* to a California case that alleged ineffective assistance of appellate counsel.

In California, while IAC may be "routinely made on direct appeal" by litigants, the reality is, as *Anderson* itself recognizes, that it is highly unlikely that an IAC can be raised on direct appeal. *Accord Anderson*, 25 Cal. 4th at 569 ("When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, **the conviction must be affirmed unless there could be no satisfactory explanation**.") (emphasis added); *see also People v. Salcido*, 44 Cal. 4th 93, 152 (Cal. 2008) ("A defendant whose counsel did not object at trial to alleged prosecutorial misconduct can argue on appeal that counsel's inaction violated the defendant's constitutional right to the effective assistance of counsel, but the appellate record rarely demonstrates that the failure to object was the result of counsel's incompetence; **generally, such claims are more appropriately litigated on habeas corpus, which allows for an evidentiary hearing where the reasons for defense counsel's actions or omissions can be explored**.") (emphasis added); *People v. Wilson*, 3 Cal. 4th 926, 936 (Cal. 1992) ("Our past decisions establish, with regard to

ineffective- assistance-of-counsel claims, that if the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, **unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation**, **the claim on appeal must be rejected**.") (emphasis added).

Indeed, as Respondent acknowledges, when the determination of an ineffective assistance of counsel claim requires consideration of matters outside the record, the claim must be raised in state habeas proceedings, hence *Martinez* clearly applies. Resp.'s Br. at 32 *citing Felix v. Cate*, 2012 WL 2874398, *10 (C.D. Cal., May 8, 2012). Mr. Coleman's ineffective assistance claims require extra-record evidence, and therefore are only appropriate on habeas. *See, e.g.*, *People v. Mendoza Tello*, 15 Cal.4th 264, 266–67 (1997); *People v. Wilson*, 3 Cal.4th 926, 936 (1992). For this reason, *Martinez* governs, at a minimum, any procedurally defaulted ineffective assistance of counsel claims, including Claims 12, 14, 15, 16, 17, 18, 19, and 20.

It is quite curious that Respondent chooses to cite *Anderson* as authority against Mr. Coleman's proposition that California's "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal," *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013), because *Anderson* plainly states a systematic process for handling IAC on direct appeal, namely denial with very narrow exception. This is exactly the type of design and operation that precludes meaningful opportunity to raise a claim of ineffective assistance of counsel.

*Martinez* applies and warrants a finding that Mr. Coleman has established cause and prejudice to overcome procedural default.

**B.     Actual Innocence**

Respondent states that Mr. Coleman has "failed to present any evidence proving that he could not have committed the crime for which he was convicted." Resp.'s Br. at p. 14-15. Respondent's arguments continue along this line stating at one point that "[i]n no way does Petitioner's new evidence demonstrate that he is actually innocent."

3

Id. at 14. The standard for the actual innocence exception is less stringent and for the reasons stated in his opening brief Mr. Coleman has met his burden.

## C. Equitable Tolling

Respondent takes aim at Mr. Coleman's allegations of IAC against his PCR counsel by declaring in an opening salvo that "none of PCR counsel's actions were remotely egregious." Resp.'s Br. at p. 27. Once again, Respondent's sweeping characterization misses the mark. PCR counsel never investigated the parking structure video. She lagged on obtaining the Blockbuster Video although the video was an exhibit in the trial record and should have been reviewed by appellate counsel as a matter of due diligence. PCR counsel then advised Mr. Coleman that his California Supreme Court petition would toll the federal statute of limitations period, without checking whether the California Supreme Court petition was properly filed. On this argument Respondent retorts that "[t]he notion that a brief must be 'properly filed' to have any effect is self-evident and is not required to be specifically stated." Id. at 28. Of course, for many years the rule was that any brief, properly filed or not, tolled the statute of limitations. It took a Supreme Court case, *Pace*, to change the rule. But this case cam out years before counsel egregiously misadvised Mr. Coleman. In truth, "properly filed" is a legal term and PCR counsel's advice was erroneous and worked to Mr. Coleman's detriment.

Taking consideration of all of the circumstances, the Court should grant equitable tolling to Mr. Coleman.

//
//

## **CONCLUSION**

Jofama Coleman's claims should be adjudicated on the merits. Respondent's arguments to the contrary are not persuasive.

                                                 Respectfully submitted,

                                                 HILARY POTASHNER
                                                 Acting Federal Public Defender

DATED: November 25, 2014      By  */s/ Jesse Gessin and Rose Angulo*
                                                 JESSE GESSIN
                                                 ROSE ANGULO
                                                 Deputy Federal Public Defenders