KAMALA D. HARRIS
Attorney General of California
GERALD A. ENGLER
Chief Assistant Attorney General
LANCE E. WINTERS
Senior Assistant Attorney General
JAMES WILLIAM BILDERBACK II
Supervising Deputy Attorney General
DAVID E. MADEO
Deputy Attorney General
State Bar No. 180106
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 897-4925
 Fax:  (213) 897-6496
 E-mail:  DocketingLAAWT@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOFAMA COLEMAN,**<br><br>                              Petitioner,<br><br>         v.<br><br>**RALPH M. DIAZ, Acting Warden,**<br><br>                              Respondent. | CV 10-2343-VBF (RNB)<br><br>**RESPONSE TO PETITIONER'S OBJECTIONS TO SUPPLEMENTAL REPORT AND RECOMMENDATION DATED JANUARY 22, 2015; OPPOSITION TO PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY** |

**TABLE OF CONTENTS**

Page

Memorandum of Points and Authorities ................................................................ 1
Introduction ........................................................................................................... 1
Relevant Procedural History ................................................................................. 1
Argument ............................................................................................................... 2
    I.    The Magistrate Judge properly found that Grounds 10, 12-18, and 20 -21 do not relate back to claims in the Original Petition and should therefore denied as untimely ............................................ 2
    II.    The Magistrate Judge properly found that Ground 19 was meritless ................................................................................................ 6
    III.    The Certificate of Appealability must be denied ................................ 9
        A.    The applicable law .................................................................... 9
        B.    Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists would not find this Court's assessment of the constitutional claims debatable or wrong ............................... 10
            1.    Reasonable jurists would not find this Court's assessment of Petitioner's ineffective assistance of counsel claim in Ground 19 debatable or wrong ........... 10
            2.    Reasonable jurists would not find this Court's rejection of Petitioner's remaining claims on procedural grounds debatable or wrong ........................ 10
Conclusion ........................................................................................................... 11

# TABLE OF AUTHORITIES

Page

**CASES**

*Jennings v. Stephens*
    135 S. Ct. 793, 190 L. Ed. 2d 662 (2015) .......................................................... 4, 5

*Mayfield v. Calderon*
    229 F.3d 895 (9th Cir. 2000) ................................................................................ 10

*Miller El v. Cockrell*
    537 U.S. 322 (2003) .............................................................................................. 10

*Mizner v. Grounds*
    591 Fed. Appx. 577 (9th Cir. 2015) ..................................................................... 10

*Pitchess v. Superior Court*
    11 Cal. 3d 531 (1974) ............................................................................................. 3

*Rios v. Rocha*
    299 F.3d 796 (9th Cir. 2002) .................................................................................. 9

*Silva v. Woodford*
    279 F.3d 825 (9th Cir. 2002) ................................................................................ 10

*Slack v. McDaniel*
    529 U.S. 473 (2000) .................................................................................. 9, 10, 11

*Strickland v. Washington*
    466 U.S. 668 (1984) ................................................................................................ 9

*Tennard v. Dretke*
    542 U.S. 274 (2004) .............................................................................................. 10

*Turner v. Calderon*
    281 F.3d 851 (9th Cir. 2002) ................................................................................ 10

**STATUTES**

28 U.S.C. § 2253 ............................................................................................................. 9, 10

1  Pursuant to this Court's March 6, 2015, Order, Respondent submits this
2  Response to Petitioner's Objections to Supplemental Report and Recommendation
3  Dated January 22, 2015. Respondent also hereby opposes Petitioner's request for a
4  Certificate of Appealability.

Dated:  March 18, 2015                    Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
GERALD A. ENGLER
Chief Assistant Attorney General
LANCE E. WINTERS
Senior Assistant Attorney General
JAMES WILLIAM BILDERBACK II
Supervising Deputy Attorney General

*/s/  David E. Madeo*

DAVID E. MADEO
Deputy Attorney General
*Attorneys for Respondent*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

On January 22, 2015, this Court issued a Supplemental Report and Recommendation ("2015 Report") recommending that: (1) Petitioner's Motion to Amend be denied with respect to Grounds 10, 12-18, and 20-21 because amendment would be futile since those claims are time-barred; (2) Petitioner's Motion to Amend be denied with respect to Ground 11 because amendment would be futile since that claim is procedurally defaulted; and (3) Petitioner's Motion to Amend be denied with respect to Ground 19 because would be futile since that claim is devoid of merit. (Doc 171.)

Petitioner's objections to the 2015 Report should be rejected, and the request for a Certificate of Appealability must be denied.

**RELEVANT PROCEDURAL HISTORY**

On March 31, 2010, Petitioner filed a Petition for Writ of Habeas Corpus ("Original Petition"), alleging six claims arising from his conviction for first degree murder. (Doc 1.) Concurrent with this filing, Petitioner filed a motion to stay adjudication of the Original Petition to allow him to exhaust unexhausted claims. (Doc 3.) On October 7, 2010, Petitioner constructively lodged in this Court a Proposed Amended Petition for Writ of Habeas Corpus ("Amended Petition"), containing twelve additional claims, along with a Motion to Amend the Original Petition. (Doc 10, 12, 105.) On December 21, 2010, Respondent filed an Opposition to Petitioner's motion to amend ("Opposition"). (Doc 15.)

On January 20, 2011, Petitioner filed a Reply to Respondent's Opposition ("Reply"), alleging an actual innocence claim based on new forensic analysis of a surveillance tape. (Doc 17.) On February 9, 2011, this Court issued a Report and Recommendation ("2011 Report"), granting Petitioner's motion to amend regarding

///

Grounds 1 through 9, 11, and 19, and denying Grounds 10, 12 through 18, 20, and 21 as untimely.[1] (Doc 21.)

On August 13, 2014, this Court held an evidentiary hearing concerning Petitioner's actual innocence claim, applicable to Grounds 10 through 21 in the Amended Petition. Petitioner filed a post-hearing brief, in which he raised objections to the 2011 Report. (Doc 161.) Respondent responded to those objections in Respondent's Post-Hearing Brief. (Doc 166.) On January 22, 2015, this Court issued the 2015 Report, finding that Petitioner had failed to make a sufficient showing for application of the actual innocence exception to the AEDPA statute of limitations. Accordingly, the Magistrate Judge recommended that: (1) Petitioner's Motion to Amend be denied with respect to Grounds 10, 12-18, and 20-21 because amendment would be futile since those claims are time-barred; (2) Petitioner's Motion to Amend be denied with respect to Ground 11 because amendment would be futile since that claim is procedurally defaulted; and (3) Petitioner's Motion to Amend be denied with respect to Ground 19 because would be futile since that claim is devoid of merit. (Doc 171.)

On March 5, 2015, Petitioner filed objections to the 2015 Report and an application for a Certificate of Appealability ("Objections"). (Doc 174.) On March 6, 2015, this Court ordered Respondent to file an response to the objections.

## ARGUMENT

**I. THE MAGISTRATE JUDGE PROPERLY FOUND THAT GROUNDS 10, 12-18, AND 20 -21 DO NOT RELATE BACK TO CLAIMS IN THE ORIGINAL PETITION AND SHOULD THEREFORE DENIED AS UNTIMELY**

In the 2015 Report, the Magistrate Judge properly found that Grounds 10, 12-18, and 20-21 in the Amended Petition are untimely and do not relate back to the

---

[1] On June 21, 2012, this Court issued a Partial Report and Recommendation ("Partial R&R"), recommending that the District Court deny Grounds 1 through 9 of the Amended Petition. (Doc 63.) On February 12, 2013, the District Court adopted the Partial R&R and denied Grounds 1 through 9. (Doc 91.)

2

claims in the Original Petition. Therefore, Petitioner's Motion to Amend these newly-added claims should be denied.

The Original Petition contains six claims: (1) false evidence was introduced at trial during an eyewitness's testimony; (2) Petitioner received ineffective assistance of counsel when "counsel failed to investigate the fact[s], to present evidence that Renteria was 128 feet away, to present evidence that it is impossible to see the driver under the circumstances Renteria described, [and] to adequately question Renteria and produce impeachment evidence"; (3) the jury received prejudicial information during deliberations about Petitioner's prior criminal history that had not been presented at trial; (4) the prosecutor committed misconduct by placing inadmissible evidence about Petitioner's criminal history before the jury; (5) the jury's inadvertent receipt of information regarding Petitioner's criminal history constitutes jury misconduct; and (6) Petitioner received ineffective assistance of counsel when counsel failed to object to the introduction of Petitioner's criminal history.[2] (Pet. at 5-6a, Attach. at 1-55; *see* 2011 Report at 12-13.)

Petitioner's Amended Petition contained the following additional proposed grounds: (10) the trial court failed to bifurcate the proceedings (Am. Pet. at 6b, Attach. at 66-81); (11) the introduction of Petitioner's bad character evidence was evidentiary error (Am. Pet. at 6b, Attach. at 82-85); (12) Petitioner received ineffective assistance of counsel when counsel failed to investigate a potentially meritorious defense (Am. Pet. at 6c, Attach. at 86-105); (13) the prosecutor committed misconduct by making false statements before the jury (Am. Pet. at 6c, Attach. at 106-11); (14) Petitioner received ineffective assistance of counsel when counsel failed to object to prosecutorial misconduct (Am. Pet. at 6c, Attach. at 112-15); (15) Petitioner received ineffective assistance of counsel when counsel failed to file a motion pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531, 113 Cal.

---

[2] Petitioner's claims in Grounds 1 through 9 of the Amended Petition were substantially identical to the six claims in the Original Petition.

3

1  Rptr. 897 (1974) (Am. Pet. at 6d, Attach. at 116-24); (16) Petitioner received
2  ineffective assistance of counsel when counsel failed to secure the services of a
3  psychologist (Am. Pet. at 6d, Attach. at 124-80); (17) trial counsel deprived
4  Petitioner of a crucial or potentially meritorious defense (Am. Pet. at 6d, Attach. at
5  180-83); (18) Petitioner received ineffective assistance of counsel when counsel
6  failed to move to exclude Lopez's identification evidence (Am. Pet. at 6e, Attach. at
7  184-87); (19) Petitioner received ineffective assistance of counsel when counsel
8  failed to move to exclude Renteria's identification evidence (Am. Pet. at 6e, Attach.
9  at 187-209); (20) the cumulative effect of the errors produced a fundamentally
10 unfair trial (Am. Pet. at 6e, Attach. at 209-13); and (21) the trial court erred in
11 denying post-conviction discovery (Am. Pet. at 6f, Attach. at 213-21).

12 In his objections to the 2015 Report, Petitioner claims that Grounds 12 and 14-
13 18 relate back to Grounds 1 and 2 of the Original Petition "based on the theory that
14 trial counsel's failure to effectively investigate the case is the common core of
15 operative facts between the two sets of grounds."[3] (Objections at 2.) Specifically,
16 Petitioner argues that ineffective assistance of counsel claims should be viewed as a
17 single claim with each allegation of ineffectiveness falling under the single claim,
18 citing *Jennings v. Stephens*, 135 S. Ct. 793, 190 L. Ed. 2d 662 (2015). (Objections
19 at 2.) In that case, the Supreme Court held that a habeas petitioner, as an appellee,
20 was not required to file a cross-appeal or seek a certificate of appealability
21 regarding an ineffective assistance of counsel claim that the district court rejected,
22 in order for the court of appeals to have jurisdiction to consider that issue when the
23 state appealed from the district court's judgment conditionally granting habeas
24 corpus relief based on two other claims of ineffective assistance of counsel.
25 *Jennings*, 135 S. Ct. at 799-800.

---

[3] Petitioner also incorporates by reference his arguments raised in his post-hearing brief (Doc 161). Because these arguments were thoroughly addressed in Respondent's Post-Hearing Brief (Doc 166 at 15-21), Respondent does not address them here.

4

In *Jennings*, the habeas petitioner raised three claims of ineffective assistance of counsel in the district court, relating to the penalty phase of his capital murder trial. The district court conditionally granted relief on two of the claims, which were based on counsel's failure to investigate and present mitigation evidence, but rejected the petitioner's ineffective assistance claim challenging counsel's statement during the penalty-phase closing argument. The Supreme Court found that it was not necessary for the petitioner to file a cross-appeal on the third theory of ineffective assistance of counsel because he was not seeking to enlarge his own rights under the conditional writ of habeas corpus by presenting that argument. *Jennings*, 135 S. Ct. at 802. *Jennings* is inapplicable here. Petitioner seeks to have several untimely ineffective assistance of counsel claims relate back to an unrelated ineffective assistance of counsel claim; he is not seeking to have all properly-filed ineffective assistance of counsel claims heard on federal appellate review.

The 2015 Report properly notes:

> [P]etitioner's argument that "[i]neffective assistance of counsel should be viewed as a single claim or ground with each allegation of ineffectiveness falling under the single claim" flies in the face of case authority from other Circuits and unpublished Ninth Circuit authority holding that, under Mayle's same "time and type" standard, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision." See, e.g., United States v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009), cert. denied, 131 S. Ct. 231 (2010); United States v. Hernandez, 436 F.3d 851, 858 (8th Cir.), cert. denied, 547 U.S. 1172 (2006); United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005), cert. denied, 547 U.S. 1217 (2006); see also United States v. Marulanda, 226 Fed. Appx. 709, 711 (9th Cir. 2007) (claim that trial counsel rendered ineffective assistance by referring to

> the defendant's previous trial on the same charge did not relate back to claims that trial counsel rendered ineffective assistance of counsel by insulting the judge, failing to object to the jury selection process, failing to inform the defendant of his right to testify, and failing to object to the prosecution's use of word "Columbian" at trial).

(2015 Report at 20 (footnote omitted).)

The 2015 Report properly notes that Petitioner's new ineffective assistance of counsel claims (Grounds 12, 14-18) arise out of operative facts that are completely different from Petitioner's initial ineffective assistance of counsel claims in the Original Petition (Grounds 2, 6). (2015 Report at 20-21.) "The Court finds that none of these other new ineffective assistance of counsel claims even arguably is tied to the same common core of operative facts as either the first and second, or the remaining grounds for relief alleged in the original Petition." (2015 Report at 21.)

Since the one-year limitation period has already expired (*see* Doc 166 at 20-22), Grounds 10, 12 through 18, 20, and 21 in the Amended Petition cannot be amended back into the Original Petition. Thus, the Magistrate Judge properly found that these claims should be denied as untimely.[4]

## II.  THE MAGISTRATE JUDGE PROPERLY FOUND THAT GROUND 19 WAS MERITLESS

In the 2015 Report, the Magistrate Judge found that, even if Ground 19 in the Amended Petition was not procedurally defaulted, it was devoid of merit and should be denied accordingly. (2015 Report at 61-67.) In Ground 19, Petitioner

---

[4] Petitioner also claims that the 2015 Report "erred on both theories for tolling." (Objections at 3.) Because Petitioner's timeliness argument has been fully briefed (*see* Doc 166 at 21-29), and the Objections offer no additional analysis, Respondent does not address this allegation here.

Similarly, Petitioner makes no additional argument that he has demonstrated actual innocence sufficient to overcome the untimeliness and procedural bars or that Ground 11 is not procedurally defaulted. (Objections at 6.) Accordingly, Respondent refers this Court to the full briefing on these subjects in the Post-Hearing Brief. (Doc 166 at 4-15, 29-34.)

6

claims that Renteria's identification was "suggestive and/or tainted" because she first identified petitioner in court, three years after the crime, when he was "the only person who sat next to counsel." (Am. Pet., Attach. at 187.) The Magistrate Judge further described this claim:

> Petitioner asserts that Renteria's testimony indicates that her observation of the white van was from such a distance that her identification was impossible and that she falsely claimed that "no big vehicles" were parked in front of her so that she could see the driver of the white van. (Id. at 187, 204-05.) Although petitioner contends that trial counsel was ineffective for failing to move to "exclude the false testimony of Renteria," he argues that "[a]fter petitioner's conviction, it was discovered that Renteria's van was parked behind a large dump working [sic] truck and several other vehicles, which proves her identification was impossible and her statements was [sic] false." (Id. at 188, see also 193-94, 205-06 (citing to exhibits and excerpts from the subsequent trial of Soto (Exhs. A, E-G to the Am. Pet.).) Petitioner further contends that he suffered prejudice because "Renteria's false identification evidence contributed to his conviction and the prosecutor repeatedly emphasized to the jury that four witnesses identified petitioner as the driver and Renteria was one of those witnesses." (Id. at 189-90.) Petitioner argues that, "[h]ad Renteria's identification of petitioner been discredited as her identification of the shooter was discribed [sic] at Soto's trial, there is a reasonable probability that the jury would have reached a more favorable result. (Id. at 192.)

Petitioner fails to demonstrate that any examination of Renteria would have produced evidence that her identification was physically impossible. While there was some testimony that there were other vehicles between Renteria and the victim, and that she might have been further away than she originally estimated, Renteria's

7

credibility was ultimately a matter for the jury to determine. Renteria in fact testified that there were "not a lot of cars" and "not . . . big cars, vehicles" in front of her, so she "could see." (3RT at 1250.) There is no evidence indicating that any vehicles were necessarily blocking Renteria's view of the murder.

As the Court has previously found (2011 Report at 13-14), the record reflects that "counsel conducted extensive cross examination of Renteria that highlighted problems with her testimony in general and with her incourt identification of petitioner in particular." (2015 Report at 66.) Counsel also told the jury during argument that Renteria would not have been able to identify Petitioner under the circumstances, that her description of the shooting was inconsistent with that of the other witnesses, that her in-court identification of Petitioner was unreliable, and that Renteria was biased because she knew the victim. (2015 Report at 66.) Thus, even assuming that further investigation of Renteria's testimony would have undermined her credibility even further, her discredited testimony was not reasonably likely to have carried more weight with the jury than those of the other eyewitnesses, each of whom identified Petitioner by name to the police and also positively identified Petitioner in court.

Trial evidence established that three other witnesses positively identified Petitioner as the driver of the van involved in the shooting. Specifically, Jesse Robles ("Jesse") and Carlos Lopez saw Petitioner drive the van immediately after Jose Robles ("Jose") was shot. On May 12, 2003, less than forty-eight hours after the shooting, Jesse told the police that Petitioner was the driver, and he later identified him as the driver in a six-pack photographic lineup. Jesse and Lopez each identified Petitioner at trial as the driver. Jesse had seen Petitioner more than fifty times before the shooting. (2RT at 942-46, 958-62; 3RT at 1615-16; 4RT at 2146-47.) Albert Segundo saw Petitioner in the driver's seat of the van as it drove up the street, just before the shooting. (3RT at 1536-39.) After the shooting, when Segundo and Andres Sandoval chased the van, Segundo again saw Petitioner

8

driving the van, as a passenger exited and pointed a gun at them. (3RT at 1544-46, 1549, 1570-71.) Segundo positively identified Petitioner at trial as the driver and said he was absolutely certain of his identification. He knew Petitioner as "Illusion" and had seen him "hundreds of times" before the shooting. (3RT at 1536-37, 1550.)

Accordingly, the Court properly found that Petitioner "has failed to meet his burden of showing a reasonable probability that, but for counsel's failure to move to exclude Renteria's testimony, Petitioner would not have been convicted of first degree murder." (2015 Report at 67.) Thus, Ground 19 fails on the merits. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

### III. THE CERTIFICATE OF APPEALABILITY MUST BE DENIED

In his request for a Certificate of Appealability, Petitioner has raised one constitutional claim based on the merits: Petitioner received ineffective assistance of counsel when counsel failed to move to exclude Renteria's "suggestive and/or tainted" identification evidence (Ground 19). (Objections at 6-9, 15; Am. Pet. at 6e, Attach. at 187-209.) Petitioner also claims that the Magistrate Judge's recommendation to deny proposed Grounds 10-18 and 20-21 on procedural grounds requires the issuance of a Certificate of Appealability. (Objections at 14-15.) Respondent disagrees and submits that Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists would not find this Court's assessment of the constitutional claim or the denial of the remaining claims on procedural grounds debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

#### A. The Applicable Law

Pursuant to 28 U.S.C. § 2253(c)(2), a petitioner is not entitled to receive a Certificate of Appealability unless he can make a substantial showing of the denial of a constitutional right. *Slack*, 529 U.S. at 483-84. "Where a district court has

rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484; *see also Tennard v. Dretke*, 542 U.S. 274, 282, 124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004); *Miller El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Mizner v. Grounds*, 591 Fed. Appx. 577 (9th Cir. 2015); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002); *Mayfield v. Calderon*, 229 F.3d 895, 900 (9th Cir. 2000).

    **B.    Petitioner Has Failed to Make a Substantial Showing of the Denial of a Constitutional Right Because Reasonable Jurists Would Not Find This Court's Assessment of the Constitutional Claims Debatable or Wrong**

A court granting a request for Certificate of Appealability must indicate which specific issue or issues satisfy the showing as required in 28 U.S.C. § 2253(c)(2). 28 U.S.C. § 2253(c)(3*); see also Silva v. Woodford*, 279 F.3d 825, 833 (9th Cir. 2002). Petitioner's claims fail to meet the standard as set forth in 28 U.S.C. § 2253(c)(2).

    **1.    Reasonable Jurists Would Not Find This Court's Assessment of Petitioner's Ineffective Assistance of Counsel Claim in Ground 19 Debatable or Wrong**

In Ground 19 of the Amended Petition, Petitioner contends that trial counsel provided ineffective assistance when counsel failed to move to exclude Renteria's "suggestive and/or tainted" identification evidence (Ground 19). (Objections at 6-9, 15; Am. Pet. at 6e, Attach. at 187-209.) For the reasons set forth previously, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Reasonable jurists would not find this Court's assessment of the ineffective assistance of counsel claim debatable or wrong. *Slack*, 529 U.S. at 483-84.

///

///

### 2. Reasonable Jurists Would Not Find This Court's Rejection of Petitioner's Remaining Claims on Procedural Grounds Debatable or Wrong

The Magistrate Judge denied Grounds 10, 12-18, and 20-21 as untimely, and denied Ground 11 as procedurally defaulted. (Doc 171.) For the reasons set forth previously, and in the Post-Hearing Brief (Doc 166), Petitioner has failed to make a substantial showing of the denial of a constitutional right. Reasonable jurists would not find this Court's procedural ruling debatable or wrong. *Slack*, 529 U.S. at 478.

### CONCLUSION

Accordingly, for the reasons stated above, Petitioner's objections to the 2015 Report should be rejected, and the request for a Certificate of Appealability should be denied.

Dated: March 18, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
GERALD A. ENGLER
Chief Assistant Attorney General
LANCE E. WINTERS
Senior Assistant Attorney General
JAMES WILLIAM BILDERBACK II
Supervising Deputy Attorney General

*/s/ David E. Madeo*

DAVID E. MADEO
Deputy Attorney General
*Attorneys for Respondent*

LA2010501376
51725629.doc