

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOFAMA COLEMAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON, Acting Warden,<br><br>　　　　　Respondent. | Case No. LA CV 10-02343-VBF-rnb<br><br>ORDER DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY WITH RESPECT TO GROUNDS 10-21 OF THE PROPOSED AMENDED PETITION |

　　　Concurrently herewith, the Court is issuing an Order overruling petitioner's objections and accepting the Magistrate Judge's findings and recommendations with respect to petitioner's Motion to Amend his original Petition herein to add Grounds 10-21 of his proposed Amended Petition.

　　　The Magistrate Judge previously had granted petitioner's Motion to Amend his original Petition herein to add Grounds 1-9 of his proposed Amended Petition (which corresponded to Grounds 1-6 of petitioner's original Petition). Following briefing, the Magistrate Judge then issued a Partial Report and Recommendation ("PR&R") on June 21, 2012, recommending that Grounds 1-9 of the Amended Petition be denied on the merits. Following petitioner's filing of objections to the PR&R, the previously-assigned District Judge issued an Order on February 12, 2013 accepting the findings and recommendations of the Magistrate Judge with respect to Grounds

Case 2:10-cv-02343-VBF-RNB Document 180 Filed 06/01/15 Page 2 of 4 Page ID #:3145

1-9 of the Amended Petition. In the same Order, the District Judge also denied petitioner's request for a Certificate of Appealability ("COA") with respect to 12 issues relating to the PR&R.

In accordance with the findings and recommendations of the Magistrate Judge in his January 22, 2015 Supplemental Report and Recommendation, the Court is dismissing this action with prejudice after (a) denying petitioner's Motion to Amend with respect to Grounds 10, 12-18, and 20-21 of the proposed Amended Petition because amendment would be futile since those claims are time barred; (b) denying petitioner's Motion to Amend with respect to Ground 11 of the proposed Amended Petition because amendment would be futile since that claim is procedurally defaulted; and (c) denying petitioner's Motion to Amend with respect to Ground 19 of the proposed Amended Petition because amendment would be futile since that claim is devoid of merit. Thus, the Court's denial of petitioner's Motion to Amend with respect to Ground 19 of the proposed Amended Petition has involved the consideration of the merits of that claim. However, the Court's denial of petitioner's Motion to Amend with respect to Grounds 10-18 and 20-21 of the proposed Amended Petition is based strictly on procedural grounds and has not involved the Court's consideration of the merits of those claims.

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts was amended to read as follows:

> (a) **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek

a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Here, the Court notes that petitioner's objections to the Supplemental Report and Recommendation include a request for a COA with respect to Grounds 10-21 of the proposed Amended Petition.[1]

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), the Supreme Court held that, to obtain a COA under § 2253(c), a habeas prisoner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." See Slack, 529 U.S. at 483-84 (internal quotation marks omitted); see also Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003).

The Court finds that petitioner has not made the foregoing showing with respect to Ground 19 of the proposed Amended Petition.

In Slack, 529 U.S. at 484, the Supreme Court further held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the

---

[1] As noted above, petitioner's request for a COA with respect to Grounds 1-9 of the Amended Petition already has been denied.

3

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." As the Supreme Court further explained:

> "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor", Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here. The Court finds that, with respect to Grounds 10-18 and 20-21 of the proposed Amended Petition, petitioner has failed to make the requisite showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling[s]."

Accordingly, petitioner's request for a COA with respect to Grounds 10-21 of the proposed Amended Petition is DENIED.

DATED:     May 28, 2015

*Valerie Baker Fairbank*
_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE